IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> (1) BANK OF AMERICA CORP.; <br> (2) BLAZE MOBILE, INC.; <br> (3) CAPITAL ONE FINANCIAL CORP.; <br> (4) ENABLE HOLDINGS, INC.; <br> (5) GOOGLE, INC.; <br> (6) GREEN DOT CORP.; <br> (7) JAVIEN DIGITAL PAYMENT <br>    SOLUTIONS, INC.; <br> (8) JPMORGAN CHASE & CO.; <br> (9) MASTERCARD INTERNATIONAL, INC.; <br> (10) META FINANCIAL GROUP, INC.; <br> (11) M&T BANK CORP.; <br> (12) OBOPAY, INC.; <br> (13) SONIC SOLUTIONS; <br> (14) VISA, INC.; <br> (15) VIVENDI UNIVERSAL U.S. <br>    HOLDING CO.; <br> (16) VIVENDI UNIVERSAL, S.A.; <br> (17) WAL-MART STORES, INC.; <br> (18) THE WALT DISNEY CO.; <br> (19) THE WESTERN UNION CO.; <br> (20) WILDTANGENT, INC.; <br> (21) AGILECO, <br><br> DEFENDANTS. | CIVIL ACTION NO.: 2:09-CV-102-TJW <br><br> JURY TRIAL DEMANDED |

**DEFENDANT WILDTANGENT, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant WildTangent, Inc. ("WildTangent"), for its answer, affirmative defenses and counterclaims to the First Amended Complaint For Patent Infringement filed by Actus, LLC ("Actus"), avers as follows:

-1- 3687034_1

DEFENDANT WILDTANGENT, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Dockets.Justia.com

1. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1.

**PARTIES**

2. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2.

3. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3.

4. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4.

5. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5.

6. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6.

7. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7.

8. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8.

9. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9.

10. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10.

11. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11.

12. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12.

13. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13.

14. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14.

15. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15.

16. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16.

17. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17.

18. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18.

19. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 19.

20. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20.

21. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 21.

22. WildTangent admits the allegations in paragraph 22.

23. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23.

## JURISDICTION AND VENUE

24. WildTangent admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States and that such a cause of action confers subject matter jurisdiction upon the Court. WildTangent denies the remaining allegations in this paragraph 24 pertaining to WildTangent, if any. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 pertaining to other defendants.

25. WildTangent denies that venue is proper as to WildTangent. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 25 pertaining to other defendants.

26. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26.

27. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27.

28. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28.

29. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29.

30. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30.

31. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31.

32. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32.

33. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33.

34. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 34.

35. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 35.

36. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 36.

37. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 37.

38. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 38.

39. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 39.

40. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 40.

41. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 41.

42. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 42.

43. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 43.

44. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 44.

45. WildTangent admits, only for the purposes of this case and given the circumstances and allegations of this particular case, that the Court has personal jurisdiction over it. WildTangent denies the remaining allegations contained in paragraph 45.

46. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 46.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,328,189

47. WildTangent admits that Exhibit A to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,328,189 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'189 patent"). WildTangent admits that the '189 patent recites on its face an issue date of February 5, 2008. WildTangent lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 47.

48. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 48.

49. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 49.

50. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 50.

51. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 51.

52. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 52.

53. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 53.

54. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 54.

55. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 55.

56. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 56.

57. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 57.

58. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 58.

59. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 59.

60. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 60.

61. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 61.

62. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 62.

63. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 63.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,249,099

64. WildTangent admits that Exhibit B to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,249,099 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'099 patent"). WildTangent admits that the '099 patent recites on its face an issue date of July 24, 2007. WildTangent lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 64.

65. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 65.

66. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 66.

67. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 67.

68. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 68.

69. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 69.

70. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 70.

71. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 71.

72. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 72.

73. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 73.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,177,838

74. WildTangent admits that Exhibit C to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,177,838 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'838 patent"). WildTangent admits that the '838 patent recites on its face an issue date of February 13, 2007. WildTangent lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 74.

75. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 75.

76. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 76.

77. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 77.

78. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 78.

79. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 79.

80. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 80.

81. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 81.

82. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 82.

83. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 83.

84. WildTangent denies the allegations in paragraph 84.

85. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 85.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,376,621

86. WildTangent admits that Exhibit D to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,376,621 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'621 patent"). WildTangent admits that the '838 patent recites on its face an issue date of May 20, 2008. WildTangent lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 86.

87. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 87.

88. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 88.

89. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 89.

90. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 90.

91. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 91.

92. WildTangent lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 92.

93. WildTangent denies the allegations in paragraph 93.

## RESPONSE TO PRAYER FOR RELIEF

WildTangent denies that Actus is entitled to any of the relief it requests as it pertains to WildTangent. WildTangent lacks sufficient knowledge to form a belief as to the truth of the remaining contained in Actus's Prayer for Relief.

## AFFIRMATIVE DEFENSES

94. WildTangent alleges the following defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

95. WildTangent does not infringe, induce infringement, or contribute to the infringement of the '838 patent.

96. The claims of the '838 patent are invalid for failure to meet the requirements of U.S. patent laws, 35 of the United States Code, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

97. By reason of the proceedings in the USPTO during the prosecution of the application which resulted in the '838 patent, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '838 patent, plaintiff is estopped from construing the claims of the '838 patent to cover and/or include any actions of WildTangent.

98. Upon information and belief, Actus's claim for damages prior to Actus providing WildTangent with actual notice of infringement of the '838 patent is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

99. WildTangent does not infringe, induce infringement, or contribute to the infringement of the '621 patent.

100. The claims of the '621 patent are invalid for failure to meet the requirements of U.S. patent laws, 35 of the United States Code, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

101. By reason of the proceedings in the USPTO during the prosecution of the application which resulted in the '621 patent, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '621 patent, plaintiff is estopped from construing the claims of the '621 patent to cover and/or include any actions of WildTangent.

102. Upon information and belief, Actus's claim for damages prior to Actus providing WildTangent with actual notice of infringement of the '621 patent is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

103. Actus is not entitled to injunctive relief because any injury to Actus is not immediate or irreparable, and Actus has an adequate remedy at law.

104. Some or all of the defendants have been improperly joined in a single action, and WildTangent asserts its right to a separate trial.

## COUNTERCLAIMS

For its counterclaims, WildTangent alleges as follows:

### THE PARTIES

1. Counterclaimant WildTangent, Inc. ("WildTangent") is an entity organized and existing under the laws of Delaware, with its corporate headquarters in Redmond, Washington.

2. On information and belief, Counterdefendant Actus, LLC ("Actus") is an entity organized and existing under the laws of Texas, with its corporate headquarters in Marshall, Texas.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these compulsory counterclaims under at least 28 U.S.C. §§ 1331, 1338(a) and 1367, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. This Court has personal jurisdiction over Actus because, for example, Actus brought its affirmative case in this Court.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

## FIRST CLAIM FOR RELIEF: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,177,838

5. WildTangent restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

6. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of WildTangent's products or services infringe any claims of U.S. Patent No. 7,177,838 ("the '838 patent").

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., WildTangent requests a declaration from the Court that WildTangent has not infringed any valid claim of the '838 patent, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,376,621

8. WildTangent restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

9. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of WildTangent's products or services infringe any claims of U.S. Patent No. 7,376,621 ("the '621 patent").

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., WildTangent requests a declaration from the Court that WildTangent has not infringed any valid claim of the '621 patent, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents.

# THIRD CLAIM FOR RELIEF: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,177,838

11. WildTangent restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

12. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '838 patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., WildTangent requests a declaration from the Court that the claims of the '838 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103, and/or 112.

# FOURTH CLAIM FOR RELIEF: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,376,621

14. WildTangent restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

15. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '621 patent.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., WildTangent requests a declaration from the Court that the claims of the '621 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103, and/or 112.

# EXCEPTIONAL CASE

17. To the extent this is an exceptional case under 35 U.S.C. § 285, WildTangent is entitled to recover from Actus attorneys' fees and costs incurred in connection with this action.

# PRAYER FOR RELIEF

WHEREFORE, WildTangent prays for a judgment that:

a. Dismisses the First Amended Complaint with prejudice with Actus recovering nothing;

b. Judgment be entered in favor of WildTangent declaring that WildTangent has not directly or indirectly infringed any claim of the '838 patent either literally or under the doctrine of equivalents;

c. Judgment be entered in favor of WildTangent declaring that WildTangent has not directly or indirectly infringed any claim of the '621 patent either literally or under the doctrine of equivalents;

d. Judgment be entered in favor of WildTangent declaring that each of the claims of the '838 patent is invalid;

e. Judgment be entered in favor of WildTangent declaring that each of the claims of the '621 patent is invalid;

f. Declares that this is an exceptional case under 35 U.S.C. § 285;

g. Awards WildTangent its costs and attorneys' fees; and

h. Awards WildTangent such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, WildTangent demands a trial by jury of this action.

Dated: May 29, 2009

Respectfully submitted,

WILSON, SONSINI, GOODRICH & ROSATI
Professional Corporation

By: ___/s/ Jose C. Villarreal___
    Jose C. Villarreal (Lead Attorney)
    jvillarreal@wsgr.com
    State Bar No. 24003113
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone: 512.338.5400
Facsimile: 512.338.5499

ATTORNEYS FOR DEFENDANT
WILDTANGENT, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing via email on this 29th day of May, 2009.

/s/ Jose C. Villarreal
Jose C. Villarreal