## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC | Civil Action No: 2:09-cv-102 (TJW) |
| Plaintiff, | |
| -versus- | |
| BANK OF AMERICA CORP., et al. | |
| Defendants. | |

## MASTERCARD INTERNATIONAL INCORPORATED'S MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER FED. R. CIV. P. 12(B)(1), 12(B)(6) AND 12(B)(7) AND MEMORANDUM OF LAW IN SUPPORT

## ORAL ARGUMENT REQUESTED

OF COUNSEL:

Robert C. Scheinfeld
robert.scheinfeld@bakerbotts.com
Eliot D. Williams
eliot.williams@bakerbotts.com
Eric J. Faragi
eric.faragi@bakerbotts.com

BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
212/408-2500
212/408-2501 Facsimile

S. Calvin Capshaw
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
ederieux@capshawlaw.com
N. Claire Abernathy
chenry@capshawlaw.com
D. Jeffrey Rambin
jrambin@capshawlaw.com

CAPSHAW DERIEUX, LLP
1127 Judson Rd., Ste 220
P O Box 3999, Longview, TX 75606
Longview, TX 75601
903/236-9800
903/236-8787 Facsimile

ATTORNEYS FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...............................2

THE ASSERTED PATENTS......................................................................................3

ARGUMENT .............................................................................................................5

I.     THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE A PLAUSIBLE
PATENT INFRINGEMENT CAUSE OF ACTION ........................................5

     A.     The First Amended Complaint Fails To State A Plausible Claim Of
Direct Patent Infringement And Should Be Dismissed With Prejudice ................7

          1.     There Is No Allegation That MasterCard Practices All Of The Claim
Limitations ..........................................................................................7

          2.     There Is No Allegation Of Joint Infringement Such That MasterCard
Would Be Vicariously Liable For The Acts Of Other Entities..................9

          3.     Dismissal Should Be With Prejudice As Any Attempt To Amend The
Complaint Would Be Futile ................................................................10

     B.     The First Amended Complaint Fails To State A Plausible Claim Of
Indirect Patent Infringement And Should Be Dismissed With Prejudice ............11

II.    THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE
PLAINTIFF LACKS STANDING AND BECAUSE THE COMPLAINT FAILS
TO NAME AN INDISPENSABLE PARTY UNDER RULE 19...................12

     A.     Plaintiff's First Amended Complaint Should Be Dismissed Under Rule 12(b)(1)
Or 12(b)(6) Because Plaintiff Has Failed To Plead Facts Sufficient To Show It
Has Standing......................................................................................12

     B.     Plaintiff's First Amended Complaint Should Be Dismissed Under Rule 12(b)(7)
Because It Has Failed To Join An Indispensable Party .......................................13

CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*BMC Resources, Inc. v. Paymentech, L.P.,*
  498 F.3d 1373 (Fed. Cir. 2007).................................................................1, 6, 8, 9, 11

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..............................................................................2, 6, 7, 8

*Cross Medical Products v. Medtronic Sofamor Danek,*
  424 F.3d 1293 (Fed. Cir. 2005).................................................................1, 5, 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
  363 F.3d 1263 (Fed. Cir. 2004)...............................................................................11

*Emtel, Inc. v. Lipidlabs, Inc.,*
  583 F. Supp. 2d 811 (S.D. Tex. 2008)...............................................................7, 9

*Friday Group v. Ticketmaster,*
  No. 4:08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008)...........................2, 10

*Fromson v. Advance Offset Plate, Inc.,*
  720 F.2d 1565 (Fed. Cir. 1983).......................................................................................1

*Global Patent Holdings, LLC v. Panthers BRHC LLC,*
  586 F. Supp. 2d 1331 (S.D. Fl. 2008).........................................................2, 9, 10, 11

*Golden Hour Data Sys., Inc. v. emsCharts Inc.,*
  No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009)...................1, 5, 7, 9, 11

*Independent Wireless Telegraph Co. v. Radio Corp. of America,*
  269 U.S. 459, 468 (1926).....................................................................................13, 14

*InternetAd Sys., LLC v. Opodo Ltd.,*
  481 F. Supp. 2d 596 (N.D. Tex. 2007) .......................................................................13

*Jones v. Greninger,*
  188 F.3d 322 (5th Cir. 1999)........................................................................................10

*Joy Techs., Inc. v. Flakt, Inc.,*
  6 F.3d 770 (Fed. Cir. 1993)....................................................................................6, 8, 9

*Lovelace v. Software Spectrum, Inc.,*
  78 F.3d 1015 (5th Cir. 1996)...........................................................................................9

*MuniAuction, Inc. v. Thompson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008).................................................................1, 7, 9

*Papasan v. Allain*,
    478 U.S. 265 (1986) .................................................................................6

*Prima Tek II, LLC v. A-Roo Co.*,
    222 F.3d 1372 (Fed. Cir. 2000).............................................................14

*Rite-Hite Corp. v. Kelley Co. Inc.*,
    56 F.3d 1538 (Fed. Cir. 1995)........................................................12, 13

*Sage Prods. Inc. v. Devon Indus., Inc.*,
    126 F.3d 1420 (Fed. Cir. 1997).............................................................11

*Taubenfeld v. Hotels.com*,
    385 F. Supp. 2d 587 (N.D. Tex. 2004) ................................................10

*Textile Productions, Inc. v. Mead Corp.*,
    134 F.3d 1481 (Fed. Cir. 1998).............................................................13

*Wahpeton Canvas Co., Inc. v. Frontier, Inc.*,
    870 F.2d 1546 (Fed. Cir. 1989)..............................................................4

*Ward v. Santa Fe Independent School Dist.*,
    393 F.3d 599 (5th Cir. 2004).................................................................12

*Warth v. Seldon*,
    422 U.S. 490 (1975) ..............................................................................12

## STATUTES AND RULES

35 U.S.C. § 281.............................................................................................12

Fed. R. Civ. P. 8............................................................................................5

Fed. R. Civ. P. 8(a)(2)...................................................................................5

Fed. R. Civ. P. 12...................................................................................2, 8, 9

Fed. R. Civ. P. 12(b)(1)....................................................................1, 3, 12, 13

Fed. R. Civ. P. 12(b)(6)....................................................................1, 3, 12, 13

Fed. R. Civ. P. 12(b)(7)....................................................................1, 3, 13, 14

Fed. R. Civ. P. 19................................................................................................12, 13

Fed. R. Civ. P. 19(a)(1) ...............................................................................................14

Fed. R. Civ. P. 19(c)....................................................................................................14

Local Civil Rule 7(a)(1) ............................................................................................2, 3

## SECONDARY MATERIALS

7 Fed. Prac. & Proc. Civ. 3d § 1609 ...........................................................................14

Defendant MasterCard International Incorporated ("MasterCard") submits this memorandum in support of its motion to dismiss the First Amended Complaint For Patent Infringement ("FAC") of Plaintiff Actus, LLC ("Actus") pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The First Amended Complaint fails to state an actionable claim of patent infringement against MasterCard. The patents at issue involve a method of conducting e-commerce using "tokens" generated and exchanged among multiple entities, and therefore necessarily entail the combined action of several parties.[1] In such a case, no party can be liable for infringement, because no single party can perform all of the steps of the claim, or form the completed apparatus. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007) (citing *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1568 (Fed. Cir. 1983) and *Cross Medical Products v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005)). There is an exception – known as "joint infringement." *Id.* Such a claim requires allegations that a single "mastermind" defendant exercised such "control or direction" over the other participants that the mastermind can be found vicariously liable for the conduct of the other entities. *MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008); *Golden Hour Data Sys., Inc. v. emsCharts Inc.*, No. 2:06-CV-381, 2009 WL 943273, at *3 (E.D. Tex. April 3, 2009). Therefore, to state a proper claim in this case, Actus must allege that a single mastermind is vicariously liable for the conduct of each of the entities involved in carrying out the claimed invention. The First Amended Complaint does not satisfy this standard.

---

[1] *See* FAC, Ex. A (U.S. Patent No. 7,328,189 (hereinafter the "'189 Patent")), claim 1 (reciting the activities of at least a "user," a "first member vendor," and a "second member vendor"); FAC, Ex. B (U.S. Patent No. 7,249,099 (hereinafter the "'099 Patent")), claim 1 (reciting activities of at least a "user," a "first vendor," and a "second vendor").

Instead, the First Amended Complaint makes vague, conclusory allegations of infringement by MasterCard, but recites no facts supporting a plausible infringement theory. *See* FAC ¶¶ 56, 69. Nowhere does Actus identify a single mastermind, or explain how that mastermind could be vicariously liable for the acts of the other participants. Actus's vague and conclusory allegations of infringement are insufficient to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). When faced with nearly identical deficient allegations of joint infringement, other courts have dismissed the complaint under Rule 12 for failure to state an actionable claim. *See Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331 (S.D. Fl. 2008); *Friday Group v. Ticketmaster*, No. 4:08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008). Accordingly, dismissal of the complaint against MasterCard is proper.

Additionally, the First Amended Complaint must be dismissed because Actus has failed to allege ownership over the patents-in-suit, or that it has the necessary rights to support its standing to bring this action. *See* FAC ¶¶ 47, 64 (stating that Actus is merely the "exclusive licensee" of the asserted patents). By failing to plead ownership of the patents, or otherwise pleading facts that would support a plausible basis for standing (*e.g.*, exclusive licensee with all substantial rights under the patent-in-suit, including the right to collect for past and future damages), the First Amended Complaint fails to state a claim and must be dismissed. In the alternative, principles of prudential standing make the patent owner an indispensable party to this action. Therefore, at the very least, Actus must add the current owner of the patents as a party, to ensure that MasterCard is not subject to multiple suits, or inconsistent judgments.

### STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Pursuant to Local Civil Rule 7(a)(1), the issues to be decided by the Court in connection with this motion are as follows:

1. Whether the complaint against MasterCard should be dismissed with prejudice under Rule 12(b)(6) for failure to state an actionable claim of infringement, especially where the patent claims at issue require the combined action of several entities, and plaintiff has not pled the existence of a single "mastermind" that exercised the necessary "control or direction" over the entities allegedly involved in practicing the claim limitations.

2. Whether the case should be dismissed under Rule 12(b)(1), 12(b)(6) and 12(b)(7) where the patent owner is not named as a party, and the plaintiff has pled only that it is an exclusive licensee and has failed to plead that it has "all substantial rights" in the asserted patents.

## THE ASSERTED PATENTS

Actus asserts two patents against MasterCard: the '189 Patent and the '099 Patent. The '099 Patent is a continuation of the '189 Patent, and both are entitled "Method and Apparatus for Conducting Electronic Commerce Using Electronic Tokens." (FAC Ex. A; FAC Ex. B). The patents relate to electronic currency systems. According to the patents, prior art electronic cash was issued by a central organization to a user, and the electronic cash was redeemable at various merchants. *See* FAC Ex. A ('189 Patent), col. 2, lns. 39-67. A central bank was required to "convert between real currency and electronic currency" to complete a transaction with a merchant. *Id.* The asserted patents are directed to purported deficiencies in these prior art systems, including those described in the "numerous patents on electronic currency" that predate the asserted patents' filing date. *Id.* at col. 3, lns. 34-35. One notable characteristic of prior art systems that the asserted patents sought to overcome was the problem of having to rely on "a central organization, such as a bank." *Id.* at col. 3, lns. 44-55. Thus, the patents discuss giving the merchant/vendor "complete control over the sale and distribution of electronic currency or tokens that may be used to purchase products and services from that vendor." *Id.* at col. 4, lns. 1-4. Additionally, the patents discuss permitting a user registered at a first vendor the ability to purchase goods or services from a second vendor "seamlessly, without requiring the same user to re-register with other vendors." *Id.* at col. 4, lns. 5-9.

Seemingly to accomplish the objectives of the patents, the claims are directed to techniques involving (1) the issuance of tokens of a "first type" by a "first member vendor" to a "user;" (2) exchanging tokens of the first type for tokens of a "second type," issued by a "second member vendor;" (3) the purchase of products by the user from the "second member vendor," the prices therefor listed in "units of electronic tokens of the second type;" and (4) transferring compensation from the first member vendor to the second member vendor. Therefore, the claims involve at least three entities: (1) the "user"; (2) the first vendor; and (3) the second vendor. The relevant independent claims are set out below.

The '189 Patent contains one independent claim[2], which is a method claim reciting:

1.     A method of conducting electronic commerce, the method comprising:

opening a user account with **a first member vendor**;

issuing electronic tokens of a first type to **a user**, and adding the electronic tokens to a user account maintained by the first member vendor:

exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by **a second member vendor**;

**purchasing or renting products or services through the second member vendor** using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens the second type; and

transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type.

(emphasis supplied).

The '099 Patent contains two independent claims. Claim 1 recites:

1.     A method for conducting electronic commerce comprising:

---

[2]     The remaining claims are dependent claims, and therefore cannot be infringed if claim 1 is not infringed. *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552, 1553 & n.9 (Fed. Cir. 1989).

providing a first web server **at a first vendor** that accepts electronic tokens of a first type;

providing a second web server **at a second vendor** accepts electronic tokens of a second type;

providing a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween;

issuing a plurality of electronic tokens of the first type from the mall service provider server to the first web server, the electronic tokens adapted for use in electronic transactions for purchase or rental of products or services from the first web server or the second web server;

issuing a subset of the plurality of tokens of the first type **to a user**;

maintaining a first database in the mall service provider server, the first database including account information for the first web server; and

for electronic transactions conducted the second web server of the second vendor **using electronic tokens of the first type to purchase products or services**, transferring compensation from the first web server to the second web server of the second vendor in an amount equal to the value of the electronic tokens of the second type.

(emphasis supplied).

   Claim 16 is an independent claim directed to a server operated by a "mall service provider," which issues tokens to a first vendor and a user, and transfers compensation to a second vendor when those tokens are used by the user to make a purchase at the second vendor's web server. Accordingly, Claim 16 raises similar joint infringement issues as are raised in claim 1. *See Cross Med. Prods.*, 424 F.3d at 1311; *Golden Hour Data Sys., Inc.*, 2009 WL 943273, at *2-*3 (applying the joint infringement doctrine to a system claim).

## ARGUMENT

## I. THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE A PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION

   Federal Rule of Civil Procedure 8 requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the standard is not high, the rule obligates plaintiff to provide sufficient detail

to establish the "grounds" for relief. *Bell Atlantic Corp.*, 550 U.S. at 555. Compliance requires "more than labels and conclusions" and a district court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Nor is it proper for a district court to "assume that the plaintiff can prove facts that it has not alleged." *Id.* at 563 n.8. Accordingly, to survive a motion to dismiss on the pleadings, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As discussed below, Actus has failed to meet that standard in its First Amended Complaint, and dismissal is therefore proper.

In order to state a claim for patent infringement, the patentee must allege that the accused infringer has practiced every element of at least one claim of the asserted patent. *See BMC Resources, Inc.*, 498 F.3d at 1380 ("Infringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention."). To allege a proper claim of direct infringement of a method claim, plaintiff must state that the accused defendant performs each and every step of the claimed method. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993). To allege direct infringement of an system claim, plaintiff must state that the accused defendant formed the completed system. *See BMC Resources*, 498 F.3d at 1380 (relying on *Cross Med. Prods.*, 424 F.3d at 1311 and describing it as a case "rejecting patentee's efforts to combine the acts of surgeons with those of a medical device manufacturer to find direct infringement of an apparatus claim"). Thus, regardless of the type of patent claim at issue, in order to state an actionable claim, the plaintiff must state that "some party amongst the accused actors has committed the entire act of direct infringement." *BMC Resources, Inc.*, 498 F.3d at 1379.

This standard can cause some "difficulty" to a patentee where, as here, the patents recite that "different parties perform different acts within one claim." *Id.* at 1381 (referring to such patent claims as "ill-conceived"). It is sometimes possible to bring such a claim, where the plaintiff alleges that a single "mastermind" defendant exercised such "control or direction" over the other participants involved in carrying out the claimed invention, that the mastermind can be found vicariously liable for the conduct of the other entities. *MuniAuction, Inc.*, 532 F.3d at 1329-30; *Golden Hour Data Sys., Inc. v. emsCharts Inc.*, No. 2:06-CV-381, 2009 WL 943273, at *3 (E.D. Tex. April 3, 2009); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 827-40 (S.D. Tex. 2008) ("for liability to attach, the 'mastermind' must so control the third party in its performance of the infringing steps that the third party does so as the defendant's agent."). The First Amended Complaint does not, and cannot state a plausible claim under this test.

### A. The First Amended Complaint Fails To State A Plausible Claim Of Direct Patent Infringement And Should Be Dismissed With Prejudice

The First Amended Complaint fails to state a claim for direct patent infringement because it does not allege a plausible claim that MasterCard practices each and every step of the claimed process, nor does it allege any basis on which MasterCard could be vicariously liable for the actions of the other participants in the allegedly infringing activities. Although the First Amended Complaint alleges that MasterCard infringes each of the asserted patents (*see* FAC ¶¶ 56, 69), those allegations are conclusory, unsupported by any sufficient factual allegations, and are therefore insufficient to survive a motion to dismiss. *See Bell Atlantic Corp.*, 550 U.S. at 555.

### 1. There Is No Allegation That MasterCard Practices All Of The Claim Limitations

Plaintiff alleges that MasterCard infringes by marketing, distributing, using, selling, or offering to sell MasterCard Prepaid Cards and other payment card offerings. FAC

¶¶ 56, 69.[3]  Nowhere, however, in the First Amended Complaint is there any allegation (nor could there be) that MasterCard is somehow simultaneously playing the role of the three entities recited in the claims (*i.e.* the user, the first vendor, and the second vendor).  For instance, as to the '189 Patent, the First Amended Complaint does not describe how MasterCard could plausibly be practicing the steps of (1) listing "prices for the goods or services" being purchased or rented by the user, where the prices are provided "in relation to the electronic tokens of the second type," or (2) "purchasing or renting" goods or services "through the second member vendor" – a step that could only be performed by a user, not MasterCard's accused payment card offerings.  FAC ¶ 56; FAC Ex. A ('189 Claim 1).  Similarly, as to the '099 Patent, the First Amended Complaint does not describe how MasterCard's alleged payment card activities could plausibly be directly practicing the steps of: providing a first web server at a first vendor, providing a second web server at a second vendor, ***and*** providing a mall service provider server in communication with the first and second web servers for performing electronic commerce.  FAC ¶ 69; FAC Ex. B ('099 Claim 1).

Because Actus has not alleged that MasterCard itself performs each and every one of these roles in the claimed invention, the court should not assume the existence of such allegations, nor should it assume that such allegations could be made.  *See Bell Atlantic Corp.*, 550 U.S. at 563 n.8.  Therefore, the factual allegations in the First Amended Complaint regarding MasterCard's offering of payment card programs are facially insufficient to state a claim for direct infringement of the asserted patents.  *BMC Resources, Inc.*, 498 F.3d at 1379.  *Cf. Joy*

---

[3]    MasterCard denies any allegation that it issues, sells or otherwise is involved in the distribution of the accused payment card products.  However, for the limited purpose of this motion to dismiss under Rule 12, MasterCard has assumed those allegations are true.

*Techs.*, 6 F.3d at 773 ("sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)").

### 2. There Is No Allegation Of Joint Infringement Such That MasterCard Would Be Vicariously Liable For The Acts Of Other Entities

The asserted patents themselves[4] reveal that the only plausible direct infringement theory in this case is under the "joint infringement" doctrine. This, however, would require plaintiff to allege sufficient direction or control by a single entity such that the entity can be found vicariously liable for the acts of the other entities. *See Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 827-34 (S.D. Tex. 2008) (finding, as a matter of law, that the asserted patent requires several entities, and therefore applying the vicarious liability test for joint direct infringement); *Golden Hour Data Sys., Inc.*, 2009 WL 943273 at *3 ("to prove joint infringement, the patent holder must prove that 'one party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.* the mastermind'") (Ward, J.) (citing *BMC Resources, Inc.*, 498 F.3d 1373 and *MuniAuction, Inc.*, 532 F.3d 1318).

The claims of the asserted patents unambiguously require the combined activity of multiple entities (*i.e.*, a first vendor, a second vendor, and a user making a purchase). *See supra* at 4-5. Indeed, the purpose of the purported invention, as stated in the patents, is to remove the need in prior art techniques to rely on a "central organization." FAC Ex. A, '189 Patent, col. 3, lns. 44-55. Accordingly, the only theory of infringement that plaintiff could even plausibly assert in this case is a theory of joint infringement.

To properly allege a joint infringement claim, the First Amended Complaint must "allege facts identifying which single party practices each and every step, or alternatively which

---

[4] The patents are both attached as exhibits to the complaint, and therefore can be considered by the court in deciding this motion under Rule 12. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

single party is the 'mastermind' that directs or controls the performance of each and every step of the claimed method." *Friday Group*, 2008 WL 5233078, at *3. Absent such an allegation the complaint "fails to state a claim for direct infringement" and should be dismissed. *Id.*; *see also Global Patent Holdings, LLC*, 586 F. Supp. 2d at 1335 (dismissing amended complaint with prejudice where plaintiff failed to allege that a third party performed the claimed steps "by virtue of a contractual obligation or other relationship that gives rise to vicarious liability").

As in the *Friday Group* and *Global Patent Holdings* cases, the First Amended Complaint fails to plausibly allege that a single entity practices each and every step of the claims, and fails to allege that a single entity is the "mastermind" vicariously liable for the actions of the other participants in the claimed invention. Accordingly, the First Amended Complaint should be dismissed for failure to state a claim. *See Global Patent Holdings, LLC*, 586 F. Supp. 2d 1331; *Friday Group*, 2008 WL 5233078.

### 3. Dismissal Should Be With Prejudice As Any Attempt To Amend The Complaint Would Be Futile

The dismissal of the First Amended Complaint sought by this motion should be with prejudice, because any attempt to re-plead would be futile. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (dismissing complaint with prejudice where any amendment would be futile in view of plaintiff's theory). The asserted patents purport to cover electronic commerce involving at least a consumer and two vendors. *See supra* at 4-5. Therefore, to state an actionable claim, plaintiff would have to plead that the consumers were somehow contractually bound or otherwise required to visit the vendors' websites to conduct the electronic commerce at issue. *Cf. Global Patent Holdings, LLC*, 586 F. Supp. 2d at 1335 (dismissing similar claim because plaintiff "has, in no way, alleged that remote users are contractually bound to visit the website . . . nor has it

alleged any facts which would render Defendant otherwise vicariously liable for the acts of the remote user").  Such an allegation is simply implausible here, where Actus's infringement theory is based on the use of universally available prepaid payment cards in e-commerce by members of the general public.

More importantly, the structure of the asserted patents and their stated purpose of avoiding a "central organization" to control the exchange of electronic currency (tokens) to real currency makes it impossible for Actus to plead an actionable infringement claim.  This is a case where the patents are simply fatally defective for failure to properly claim the purported invention.  *See BMC Resources, Inc.*, 498 F.3d at 1381 ("this court will not unilaterally restructure the claim or the standards for joint infringement to remedy these ill-conceived claims"); *Golden Hour Data Sys., Inc.*, 2009 WL 943273 at *3 (noting that potential loopholes in infringement liability "can usually be offset by proper claim drafting"); *Sage Prods. Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1425 (Fed. Cir. 1997) ("[A]s between the patentee who had a clear opportunity to negotiate broader claims . . . and the public . . . it is the patentee who must bear the cost of its failure.").

Thus, any attempt to re-plead would be futile and the First Amended Complaint should be dismissed with prejudice.

### B.      The First Amended Complaint Fails To State A Plausible Claim Of Indirect Patent Infringement And Should Be Dismissed With Prejudice

To state a claim for indirect infringement, the plaintiff must first properly allege direct infringement.  *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement . . . can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement."); *Global Patent Holdings, LLC*, 586 F. Supp. 2d at 1335-36 ("Plaintiff has not

sufficiently alleged a predicate finding of direct infringement. Accordingly, all allegations of indirect patent infringement must also be dismissed."). As discussed above, the First Amended Complaint fails to allege (and cannot allege) a plausible theory of direct infringement; therefore, it necessarily fails to state a claim for indirect infringement.

## II. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING AND BECAUSE THE COMPLAINT FAILS TO NAME AN INDISPENSABLE PARTY UNDER RULE 19

### A. Plaintiff's First Amended Complaint Should Be Dismissed Under Rule 12(b)(1) Or 12(b)(6) Because Plaintiff Has Failed To Plead Facts Sufficient To Show It Has Standing

"The question of standing to sue is a jurisdictional one." *Rite-Hite Corp. v. Kelley Co. Inc.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995). Accordingly, the plaintiff bears the burden of alleging sufficient facts to support standing in its complaint. *See Ward v. Santa Fe Independent School Dist.*, 393 F.3d 599, 607 (5th Cir. 2004); *Warth v. Seldon*, 422 U.S. 490, 508 (1975). The failure to allege standing properly may be challenged by a motion at the pleading stage. *See Ward*, 393 F.3d at 607. Because Actus is the sole named plaintiff, but has not pled that it possesses sufficient rights to bring this claim in its own name, it lacks standing to bring this action, and the First Amended Complaint should therefore be dismissed pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

The right to sue for patent infringement is created by statute, and standing to bring such a claim is granted only to the "patentee," which includes the original patentee, and any successors in title. *See* 35 U.S.C. § 281 ("A *patentee* shall have remedy by civil action for infringement of his patent."); *Rite-Hite Corp.*, 56 F.3d at 1551. Thus, a party bringing a claim for patent infringement must establish that it "held legal title to the patent at the time of the infringement." *Id.* A holder of fewer than "all substantial rights" in the Patent does not have legal title, but instead is a mere "licensee," who has "no right to sue for infringement at law in

the licensee's own name." *Id.* at 1551-52. An "exclusive licensee" may have a right to sue in its own name, provided it received previously "all substantial rights" under the patent and left the patentee without the ability to grant licenses to others. *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998); *InternetAd Sys., LLC v. Opodo Ltd.*, 481 F. Supp. 2d 596, 604 (N.D. Tex. 2007).

In this case, Actus has alleged only that it is the "exclusive licensee" of the patents in suit. *See* FAC ¶¶ 47, 64. It does not allege that it is the patent owner, nor does it allege that it otherwise held all substantial rights in the patent at the time of the alleged infringement to confer standing to sue. *Cf. Rite-Hite Corp.*, 56 F.3d at 1551. The unnamed patent owner may have plausibly retained, for instance, the right to sue for past damages or the ability to license others in different geographical or field-of-use markets. Because the First Amended Complaint fails to allege facts sufficient to support Actus's standing to sue, the complaint should be dismissed for lack of jurisdiction and/or for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).

### B. Plaintiff's First Amended Complaint Should Be Dismissed Under Rule 12(b)(7) Because It Has Failed To Join An Indispensable Party

Similarly, the First Amended Complaint should be dismissed for failure join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(7) (permitting a motion to dismiss before pleading based on "failure to join a party under Rule 19"). It is black letter law that the patent owner should be joined as a party in a patent infringement action. As the Supreme Court stated in *Independent Wireless Telegraph Co. v. Radio Corp. of America*:

> The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for

> his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions.

269 U.S. 459, 468 (1926). This remains the law. *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) ("As a general rule, this court continues to adhere to the principle set forth in *Independent Wireless*").

Actus is not the patent owner, but instead alleges only that it is an exclusive licensee. *See* FAC ¶¶ 47, 64. This is insufficient since Actus does not plead that it possesses "all substantial rights" in the patents. Accordingly, Actus has failed to name an indispensable party, and the case should be dismissed. *See* Fed. R. Civ. P. 12(b)(7); 7 Fed. Prac. & Proc. Civ. 3d § 1609.

Notably, the risks of proceeding without the patent owner as a party, as alluded to in the *Independent Wireless* case, are equally applicable in this case. Allowing Actus to bring suit as the sole plaintiff poses a substantial risk of multiple suits against MasterCard related to the same or similar activities. For instance, Actus may only have the right to collect for damages accruing after it became the "exclusive licensee" of the patent, leaving MasterCard exposed to a later lawsuit by the patent owner for alleged infringement pre-dating the Actus license. Alternatively, Actus may only have the exclusive right in a geographically limited area – leaving MasterCard exposed to a later lawsuit by the patent for activities outside the area of Actus's exclusive rights.

Despite an obligation to do so (*see* Fed. R. Civ. P. 19(c)), Actus has failed to explain in its First Amended Complaint the reasons for not joining the patent owner. Accordingly the case should be dismissed. In the alternative, and at the very least, Actus should be required to name the patent owner as a party to this action to avoid the possibility of multiple, or inconsistent judgments. *See* Fed. R. Civ. P. 19(a)(1).

## CONCLUSION

The First Amended Complaint fails to state an actionable claim of patent infringement against MasterCard because Actus has not (and cannot) plead a plausible joint infringement theory. Further, the First Amended Complaint fails to plead an adequate basis to support Actus's standing to bring this claim. For these, and other reasons set forth above, the court should dismiss the First Amended Complaint with prejudice, insofar as it alleges infringement by MasterCard.

June 3, 2009

Respectfully submitted,

/s/ N. Claire Abernathy
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
D. Jeffrey Rambin
State Bar No. 00791478

CAPSHAW DERIEUX, LLP
1127 Judson Rd., Suite 220
Longview, TX 75601
P O Box 3999, Longview, TX 75606
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: chenry@capshawlaw.com
E-mail: jrambin@capshawlaw.com

*Of Counsel:*

Robert C. Scheinfeld
robert.scheinfeld@bakerbotts.com
Eliot D. Williams
eliot.williams@bakerbotts.com
Eric J. Faragi

eric.faragi@bakerbotts.com

BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
212/408-2500
212/408-2501 Facsimile

*Attorneys for Defendant*
MasterCard International Incorporated

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of June, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served via First Class Mail on this same date.

/s/ N. Claire Abernathy
N. Claire Abernathy