IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC, <br><br>      PLAINTIFF, <br><br>  v. <br><br>(1) BANK OF AMERICA CORP.; <br>(2) BLAZE MOBILE, INC.; <br>(3) CAPITAL ONE FINANCIAL CORP.; <br>(4) ENABLE HOLDINGS, INC.; <br>(5) GOOGLE, INC.; <br>(6) GREEN DOT CORP.; <br>(7) JAVIEN DIGITAL PAYMENT <br>    SOLUTIONS, INC.; <br>(8) JPMORGAN CHASE & CO.; <br>(9) MASTERCARD INTERNATIONAL, INC.; <br>(10) META FINANCIAL GROUP, INC.; <br>(11) M&T BANK CORP.; <br>(12) OBOPAY, INC.; <br>(13) SONIC SOLUTIONS; <br>(14) VISA, INC.; <br>(15) VIVENDI UNIVERSAL U.S. <br>    HOLDING CO.; <br>(16) VIVENDI UNIVERSAL, S.A.; <br>(17) WAL-MART STORES, INC.; <br>(18) THE WALT DISNEY CO.; <br>(19) THE WESTERN UNION CO.; <br>(20) WILDTANGENT, INC.; <br>(21) AGILECO, <br><br>      DEFENDANTS. | CIVIL ACTION NO.: 2:09-CV-102-TJW <br><br>JURY TRIAL DEMANDED |

## DEFENDANT OBOPAY, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Obopay, Inc. ("Obopay"), for its answer, affirmative defenses and counterclaims to the First Amended Complaint For Patent Infringement filed by Actus, LLC ("Actus"), avers as follows:

1. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1.

## PARTIES

2. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2.

3. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3.

4. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4.

5. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5.

6. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6.

7. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7.

8. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8.

9. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9.

10. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10.

11. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11.

12. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12.

13. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13.

14. Obopay denies the allegations contained in paragraph 14 with respect to its state of incorporation and principal place of business, and admits the remaining allegations contained in paragraph 14.

15. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15.

16. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16.

17. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17.

18. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18.

19. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 19.

20. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20.

21. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 21.

22. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 22.

23. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23.

## JURISDICTION AND VENUE

24. Obopay admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States and that such a cause of action confers subject matter jurisdiction upon the Court. Obopay denies the remaining allegations in this paragraph 24 pertaining to Obopay, if any. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 pertaining to other defendants.

25. Obopay denies that venue is proper as to Obopay. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 25 pertaining to other defendants.

26. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26.

27. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27.

28. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28.

29. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29.

30. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30.

31. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31.

32. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32.

33. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33.

34. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 34.

35. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 35.

36. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 36.

37. Obopay admits, only for the purposes of this case and given the circumstances and allegations of this particular case, that the Court has personal jurisdiction over it. Obopay denies the remaining allegations contained in paragraph 37.

38. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 38.

39. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 39.

40. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 40.

41. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 41.

42. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 42.

43. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 43.

44. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 44.

45. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 45.

46. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 46.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,328,189

47. Obopay admits that Exhibit A to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,328,189 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'189 patent"). Obopay admits that the

'189 patent recites on its face an issue date of February 5, 2008. Obopay lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 47.

48. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 48.

49. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 49.

50. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 50.

51. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 51.

52. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 52.

53. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 53.

54. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 54.

55. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 55.

56. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 56.

57. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 57.

58. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 58.

59. Obopay denies the allegations contained in paragraph 59.

60. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 60.

61. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 61.

62. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 62.

63. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 63.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,249,099

64. Obopay admits that Exhibit B to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,249,099 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'099 patent"). Obopay admits that the '099 patent recites on its face an issue date of July 24, 2007. Obopay lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 64.

65. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 65.

66. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 66.

67. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 67.

68. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 68.

69. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 69.

70. Obopay denies the allegations contained in paragraph 70.

71. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 71.

72. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 72.

73. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 73.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,177,838

74. Obopay admits that Exhibit C to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,177,838 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'838 patent"). Obopay admits that the '838 patent recites on its face an issue date of February 13, 2007. Obopay lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 74.

75. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 75.

76. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 76.

77. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 77.

78. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 78.

79. Obopay denies the allegations contained in paragraph 79.

80. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 80.

81. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 81.

82. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 82.

83. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 83.

84. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 84.

85. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 85.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,376,621

86. Obopay admits that Exhibit D to the First Amended Complaint purports to be a copy of U.S. Patent No. 7,376,621 entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." (the "'621 patent"). Obopay admits that the '838 patent recites on its face an issue date of May 20, 2008. Obopay lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 86.

87. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 87.

88. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 88.

89. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 89.

90. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 90.

91. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 91.

92. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 92.

93. Obopay lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 93.

## RESPONSE TO PRAYER FOR RELIEF

Obopay denies that Actus is entitled to any of the relief it requests as it pertains to Obopay. Obopay lacks sufficient knowledge to form a belief as to the truth of the remaining contained in Actus's Prayer for Relief.

## AFFIRMATIVE DEFENSES

94. Obopay alleges the following defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

95. Obopay does not infringe, induce infringement, or contribute to the infringement of the '189 patent.

96. The claims of the '189 patent are invalid for failure to meet the requirements of U.S. patent laws, 35 of the United States Code, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

97. By reason of the proceedings in the USPTO during the prosecution of the application which resulted in the '189 patent, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '189 patent, plaintiff is estopped from construing the claims of the '189 patent to cover and/or include any actions of Obopay.

98. Upon information and belief, Actus's claim for damages prior to Actus providing Obopay with actual notice of infringement of the '189 patent is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

99. Obopay does not infringe, induce infringement, or contribute to the infringement of the '099 patent.

100. The claims of the '099 patent are invalid for failure to meet the requirements of U.S. patent laws, 35 of the United States Code, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

101. By reason of the proceedings in the USPTO during the prosecution of the application which resulted in the '099 patent, and by reason of the admissions and

representations made therein by or on behalf of the applicants for the '099 patent, plaintiff is estopped from construing the claims of the '099 patent to cover and/or include any actions of Obopay.

102. Upon information and belief, Actus's claim for damages prior to Actus providing Obopay with actual notice of infringement of the '099 patent is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

103. Obopay does not infringe, induce infringement, or contribute to the infringement of the '838 patent.

104. The claims of the '838 patent are invalid for failure to meet the requirements of U.S. patent laws, 35 of the United States Code, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

105. By reason of the proceedings in the USPTO during the prosecution of the application which resulted in the '838 patent, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '838 patent, plaintiff is estopped from construing the claims of the '838 patent to cover and/or include any actions of Obopay.

106. Upon information and belief, Actus's claim for damages prior to Actus providing Obopay with actual notice of infringement of the '838 patent is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

107. Actus is not entitled to injunctive relief because any injury to Actus is not immediate or irreparable, and Actus has an adequate remedy at law.

108. Some or all of the defendants have been improperly joined in a single action, and Obopay asserts its right to a separate trial.

## COUNTERCLAIMS

For its counterclaims, Obopay alleges as follows:

### THE PARTIES

1. Counterclaimant Obopay, Inc. ("Obopay") is an entity organized and existing under the laws of Delaware, with its corporate headquarters in Redwood City, California.

2. On information and belief, Counterdefendant Actus, LLC ("Actus") is an entity organized and existing under the laws of Texas, with its corporate headquarters in Marshall, Texas.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these compulsory counterclaims under at least 28 U.S.C. §§ 1331, 1338(a) and 1367, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. This Court has personal jurisdiction over Actus because, for example, Actus brought its affirmative case in this Court.

### COUNTERCLAIMS FOR DECLARATORY RELIEF

### FIRST CLAIM FOR RELIEF: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,328,189

5. Obopay restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

6. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Obopay's products or services infringe any claims of U.S. Patent No. 7,328,189 ("the '189 patent").

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Obopay requests a declaration from the Court that Obopay has not infringed any valid claim of the '189 patent, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,249,099

8. Obopay restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

9. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Obopay's products or services infringe any claims of U.S. Patent No. 7,249,099 ("the '099 patent").

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Obopay requests a declaration from the Court that Obopay has not infringed any valid claim of the '099 patent, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents.

## THIRD CLAIM FOR RELIEF: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,177,838

11. Obopay restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

12. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Obopay's products or services infringe any claims of U.S. Patent No. 7,177,838 ("the '838 patent").

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Obopay requests a declaration from the Court that Obopay has not infringed any valid claim of the '838 patent, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents.

## FOURTH CLAIM FOR RELIEF: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,328,189

14. Obopay restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

15. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '189 patent.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Obopay requests a declaration from the Court that the claims of the '189 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103, and/or 112.

**FIFTH CLAIM FOR RELIEF: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,249,099**

17. Obopay restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

18. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '099 patent.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Obopay requests a declaration from the Court that the claims of the '099 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103, and/or 112.

**SIXTH CLAIM FOR RELIEF: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,177,838**

20. Obopay restates and incorporates by reference each of the allegations of paragraphs 1-4 of the Counterclaims above, as if fully set forth herein.

21. Based on Actus's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '838 patent.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Obopay requests a declaration from the Court that the claims of the '838 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103, and/or 112.

## EXCEPTIONAL CASE

23. To the extent this is an exceptional case under 35 U.S.C. § 285, Obopay is entitled to recover from Actus attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Obopay prays for a judgment that:

a. Dismisses the First Amended Complaint with prejudice with Actus recovering nothing;

b. Judgment be entered in favor of Obopay declaring that Obopay has not directly or indirectly infringed any claim of the '189 patent either literally or under the doctrine of equivalents;

c. Judgment be entered in favor of Obopay declaring that Obopay has not directly or indirectly infringed any claim of the '099 patent either literally or under the doctrine of equivalents;

d. Judgment be entered in favor of Obopay declaring that Obopay has not directly or indirectly infringed any claim of the '838 patent either literally or under the doctrine of equivalents;

e. Judgment be entered in favor of Obopay declaring that each of the claims of the '189 patent is invalid;

f. Judgment be entered in favor of Obopay declaring that each of the claims of the '099 patent is invalid;

g. Judgment be entered in favor of Obopay declaring that each of the claims of the '838 patent is invalid;

h. Declares that this is an exceptional case under 35 U.S.C. § 285;

i. Awards Obopay its costs and attorneys' fees; and

j. Awards Obopay such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Obopay demands a trial by jury of this action.


Dated: June 4, 2009

Respectfully submitted,

WILSON, SONSINI, GOODRICH & ROSATI
Professional Corporation

By:    /s/ Jose C. Villarreal
     Jose C. Villarreal (Lead Attorney)
     jvillarreal@wsgr.com
     State Bar No. 24003113
M. Craig Tyler
ctyler@wsgr.com
State Bar No. 00794762

900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone: 512.338.5400
Facsimile: 512.338.5499


ATTORNEYS FOR DEFENDANT
OBOPAY, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing via email on this 4th day of June, 2009.

/s/ Jose C. Villarreal
Jose C. Villarreal