**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ACTUS, LLC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:09-CV-102 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| (1) BANK OF AMERICA CORPORATION; | § | |
| (2) BLAZE MOBILE, INC.; | § | |
| (3) CAPITAL ONE FINANCIAL CORPORATION; | § | |
| (4) ENABLE HOLDINGS, INC.; | § | |
| (5) GOOGLE, INC.; | § | |
| (6) GREEN DOT CORPORATION; | § | |
| (7) JAVIEN DIGITAL PAYMENT SOLUTIONS, INC.; | § | |
| (8) JPMORGAN CHASE & CO.; | § | |
| (9) MASTERCARD INTERNATIONAL, INC.; | § | |
| (10) META FINANCIAL GROUP, INC.; | § | |
| (11) M&T BANK CORPORATION; | § | |
| (12) OBOPAY, INC.; | § | |
| (13) SONIC SOLUTIONS; | § | |
| (14) VISA, INC.; | § | |
| (15) VIVENDI UNIVERSAL U.S. HOLDING CO.; | § | |
| (16) VIVENDI UNIVERSAL, SA; | § | |
| (17) WAL-MART STORES, INC.; | § | |
| (18) THE WALT DISNEY CO.; | § | |
| (19) THE WESTERN UNION CO.; | § | |
| (20) WILDTANGENT, INC.; | § | |
| (21) AGILECO, | | |
| Defendants. | | |

**DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1
STATEMENT OF ISSUES ....................................................................................................... 3
FACTS ........................................................................................................................................ 3
ARGUMENT .............................................................................................................................. 5
I. THE RELEVANT LEGAL STANDARDS................................................................... 5
    A. Plaintiff Must Plead a Plausible Claim of Infringement ........................................ 5
    B. "Joint Infringement" Is the Only Plausible Claim Plaintiff Can Make .................. 6
II. PLAINTIFF'S COMPLAINT FALLS WOEFULLY SHORT OF PLEADING A PLAUSIBLE INFRINGEMENT THEORY..................................................................... 7
    A. The Vague Allegations of the First Amended Complaint Apparently Attempt to Assert Joint Infringement............................................................................................ 7
    B. Plaintiff's Joint Infringement Allegations Are Defective .................................... 10
    C. Dismissal Should be With Prejudice As Any Attempt to Amend the Complaint Would Be Futile .................................................................................................. 12
    D. The First Amended Complaint Fails To State A Plausible Claim of Indirect Infringement........................................................................................................ 14
CONCLUSION ......................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*,
   459 U.S. 519 (1983)..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................1, 5, 6, 7, 8, 11

*BMC Resources, Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007).......................................................1, 6, 8, 10, 11, 14

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)................................................................................14

*Emtel, Inc. v. Lipidlabs, Inc.*,
   583 F. Supp. 2d 811 (S.D. Tex. 2008) ...............................................................10, 11

*Friday Group v. Ticketmaster*,
   No. 4:08cv01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008).........................2, 7, 10, 11, 12

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
   586 F. Supp. 2d 1331 (S.D. Fl. 2008) ...................................................2, 7, 10, 12, 13, 14, 15

*Golden Hour Data Sys., Inc. v. emsCharts Inc.*,
   No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009) (Ward, J.) ...................7, 10, 14

*Jones v. Greninger*,
   188 F.3d 322 (5th Cir.1999) ....................................................................................12

*Lovelace v. Software Spectrum, Inc.*,
   78 F.3d 1015 (5th Cir. 1996) .....................................................................................8

*MuniAuction, Inc. v. Thompson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008).............................................................1, 2, 6, 7, 10

*Papasan v. Allain*,
   478 U.S. 265 (1986)..................................................................................................6

*Sage Prods. Inc. v. Devon Indus., Inc.*,
   126 F.3d 1420 (Fed. Cir. 1997)................................................................................14

*Taubenfeld v. Hotels.com*,
   385 F. Supp. 2d 587 (N.D. Tex. 2004) ....................................................................12

*Wahpeton Canvas Co., Inc. v. Frontier, Inc.*,
 870 F.2d 1546 (Fed. Cir. 1989) ...................................................................................6

## STATUTES AND RULES

Fed. R. Civ. P. 8 .............................................................................................................5

Fed. R. Civ. P. 11 ....................................................................................................12, 13

Fed. R. Civ. P. 12 .............................................................................................................7

Fed. R. Civ. P. 12(b)(6) ..........................................................................................1, 3, 11

35 U.S.C. § 271(b)(c) ....................................................................................................14

Civil Rule 7(a)(1) .............................................................................................................3

**PRELIMINARY STATEMENT**

Defendant Bank of America Corporation ("Bank of America") hereby moves to dismiss Plaintiff Actus, LLC's ("Actus") First Amended Complaint For Patent Infringement ("First Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The First Amended Complaint fails to state a claim upon which relief can be granted because it fails to plead the necessary elements of a claim for "joint infringement"—the only plausible infringement theory under the only patent asserted against Bank of America.

The sole patent asserted against Bank of America in this case involves a system of electronic commerce. The only independent claim of that patent, a method claim, requires the actions of three parties—two merchants (called "vendors" in the claim) who do business electronically and a customer (called a "user" in the claim) of the merchants. One of the actions required to infringe the claim is that the customer must purchase or rent products or services through one of the merchants. Quite obviously, Bank of America cannot simultaneously perform the roles of two merchants and a customer. Without a plausible liability theory, a complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because the claims require the actions of three separate parties, Bank of America cannot be liable under any plausible theory of direct infringement because direct infringement requires that a <u>single party</u> perform all actions required by the claims. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

The only exception to the single party rule of direct infringement is a claim for "joint infringement." However, to make out a claim for joint infringement, a plaintiff must show that there is a single "mastermind" that exercised such "control or direction" over others that the mastermind can be found <u>vicariously liable</u> for the conduct of the other entities. *MuniAuction,*

*Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008). Despite an apparent attempt to plead joint infringement in the First Amended Complaint, Plaintiff failed to make any allegations that either (a) identify what persons or entities correspond to the two merchants and the customer who perform actions in the claim or (b) that set forth a plausible theory that Bank of America is somehow vicariously liable for their conduct.

The failure to plead facts that set forth a plausible theory of vicarious liability of Bank of America for the acts of its customers or the acts of third party merchants means that the complaint should be dismissed. Two other district courts have dismissed patent infringement complaints for failure to plead facts that would establish vicarious liability. *See Friday Group v. Ticketmaster*, No. 4:08cv01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331 (S.D. Fl. 2008). A mere pleading of direction and control is not enough—there must be a plausible allegation of facts sufficient to support a claim of vicarious liability. *Friday Group,* 2008 WL 5233078 at *3.

Dismissal should be with prejudice as any attempt to amend would be futile. *See Global Patent Holdings*, 586 F. Supp. 2d at 1336. Plaintiff cannot plausibly contend that Bank of America is somehow vicariously liable for the decisions of its customers to purchase products or services. Even more implausible would be a claim that Bank of America is vicariously liable for the decisions of its customers to purchase products or services from Internet merchants who choose to advertise their prices in units of "electronic tokens" rather than in dollars (as the claims of the patent requires). Bank of America does not control where its customers shop. Just as the auction service in *MuniAuction* could not be found vicariously liable for the acts of its customers who took part in an electronic auction, Bank of America cannot be held vicariously liable for the choices of its customers as to what to buy and from whom to buy it. *See* 532 F.3d at 1329-30.

## STATEMENT OF ISSUES

Pursuant to Local Civil Rule 7(a)(1), the issue to be decided by the Court in connection with this motion is as follows:

1. Whether the complaint against Bank of America should be dismissed with prejudice under Rule 12(b)(6) for failure to state an actionable claim of infringement, especially where the patent claims at issue require the combined action of several entities, and plaintiff has not pled the existence of a single "mastermind" that exercised the necessary "control or direction" over the entities allegedly involved in practicing the claim limitations.

## FACTS

Plaintiff filed its First Amended Complaint on April 14, 2009. Plaintiff makes patent infringement allegations against a number of Defendants for infringing four separate patents. Not all patents are asserted against all Defendants, however. Plaintiff asserts only U.S. Patent No. 7,328,189 (hereinafter the "'189 Patent") against Bank of America. Ex. 1, First Amended Complaint ¶ 48. The '189 Patent has 13 claims, but method Claim 1 is the only independent claim. Ex. 2, '189 Patent, cols. 34-36. The '189 Patent is attached to the Complaint as Exhibit A and, as discussed below, may thus be considered in the context of this Motion to Dismiss.

The '189 Patent relates to a method for conducting electronic commerce that uses "electronic tokens" instead of money. The '189 Patent begins by describing deficiencies with prior art payment systems—such as credit card systems and electronic currency systems. One disadvantage is the cost of credit card transaction fees. Ex. 2, '189 Patent, col. 2, ll. 30-35. Another supposed disadvantage is that prior systems require accounts to be established and payment obtained from a central organization such as a bank. Ex. 2, '189 Patent, col. 3., ll. 7-10,

19-21, 40-43 & 44-48. To address these disadvantages, the '189 Patent proposes the use of electronic tokens in lieu of real money.[1]

The '189 Patent claims that the invention has several advantages over prior art systems that used a central organization such as a bank. These advantages are apparently supposed to benefit "vendors"—which include entities that offer products or services on World Wide Web sites. Ex. 2, '189 Patent, col. 1, ll. 29-31. Electronic tokens "do not require on-line communication with a bank or other organization to issue or use the tokens." Ex. 2, '189 Patent, col. 4, ll. 18-22. As a result, the '189 Patent claims that the "vendor" has "complete control over the sale and distribution of electronic currency or tokens that may be used to purchase products and services from that vendor." Ex. 2, '189 Patent, col. 4, ll. 1-4; *see also* col. 7, ll. 34-44 ("Additionally, since the electronic tokens are issued directly by the vendor of the software or other products and services on which the tokens may be spent, rather than by a bank or other centralized organization, the vendor retains control over issuing and redeeming the tokens."); col. 24, ll. 15-21. These advantages are allegedly achieved because the vendor issues the electronic tokens directly and maintains user accounts. Ex. 2, '189 Patent, col. 4, ll. 44-48. Vendors then list their prices in units of tokens rather than money, and users purchase or rent goods or services using tokens. Ex. 2, '189 Patent, col. 4, ll. 44-50.

The claims of the '189 Patent focus on a method that allows a customer (a "user") to have tokens in an account with one electronic merchant (a "vendor") that has one type of token but also purchase goods and services from a second electronic merchant (a "vendor) that has a second type of token. Tokens of the first type are exchanged for tokens of a second type. Claim 1, the only independent claim of the '189 Patent is reproduced below with emphasis added:

---

[1] In fact, the patent draws a dichotomy between "electronic tokens" and "real money." Ex. 2, '189 Patent, col. 17, l. 67, to col. 18, l. 3. Electronic tokens may be "converted back to real money" at least on the web sites of some vendors.

1. A method of conducting electronic commerce, the method comprising:

   opening a user account with **a first member vendor**;

   issuing electronic tokens of a first type to **a user**, and adding the electronic tokens to a user account maintained by the first member vendor:

   exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by **a second member vendor**;

   **purchasing or renting products or services through the second member vendor** using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens the second type; and

   transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type.

This claim thus requires actions of three parties. The first merchant (vendor) maintains a user account of electronic tokens of a first type that are issued to a customer (user). Those tokens are exchanged for tokens of a second type. A second merchant (vendor) issues the second type of tokens. The customer purchases or rents products or services through the second merchant. The first merchant then transfers compensation from itself to the second merchant in an amount equal to the value of the electronic tokens of the second type. Because Bank of America cannot simultaneously be the first merchant, second merchant, and the customer, Plaintiff's infringement claim is fatally flawed, as will be discussed below.

## ARGUMENT

### I. THE RELEVANT LEGAL STANDARDS

#### A. Plaintiff Must Plead a Plausible Claim of Infringement

Federal Rule of Civil Procedure 8 requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the standard is not high, the rule obligates the plaintiff to provide sufficient detail to establish the "grounds" for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Compliance requires "more than labels and conclusions," and a district court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Nor is it proper for a district court to "'assume that [the plaintiff] can prove facts that it has not alleged.'" *Id.* at 563 n.8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)) (alteration in original). Accordingly, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As discussed below, Actus has failed to meet that standard in its First Amended Complaint, and dismissal is therefore proper.

### B. "Joint Infringement" Is the Only Plausible Claim Plaintiff Can Make

As discussed above, Claim 1 is a method claim.[2] As a general rule, direct infringement cannot occur unless a <u>single</u> party performs each and every step of a claimed method. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). Here, there can be no such single party because, as discussed in the Facts section above, Claim 1 requires steps to be performed by two merchants and a customer. Thus, there is no plausible theory of direct infringement by Bank of America acting alone under the general rule.

There is one exception to the general rule where, as here, steps of a method claim might be performed by multiple parties. In such a case, Plaintiff can still prove direct infringement if it can make out a claim of "joint infringement." *See MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008). A claim of joint infringement, however, is a limited exception which imposes additional burdens of proof on Plaintiff. To make out a claim for joint

---

[2] The remaining claims are dependent claims, and therefore cannot be infringed if Claim 1 is not infringed. *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552, 1553 & n.9 (Fed. Cir. 1989). Because a dependent claim contains all the limitations of the claim upon which it depends, all of the dependent claims would also require the actions of three parties.

6

infringement, Plaintiff must prove that Bank of America is a single "mastermind" that exercises such "control or direction" over the other participants that the mastermind can be found vicariously liable for the conduct of the other entities. *Id.*; *Golden Hour Data Sys., Inc. v. emsCharts Inc.*, No. 2:06-CV-381, 2009 WL 943273, at *3 (E.D. Tex. April 3, 2009) (Ward, J.).

## II. PLAINTIFF'S COMPLAINT FALLS WOEFULLY SHORT OF PLEADING A PLAUSIBLE INFRINGEMENT THEORY.

The First Amended Complaint does not meet the requirements of the Rules of Civil Procedure under the Federal Circuit's joint infringement case law and must be dismissed. There is no plausible theory of direct infringement other than joint infringement, and Plaintiff's pleading is fatally defective in its attempt to plead such a claim. Plaintiff makes vague, conclusory allegations of infringement that refer to a user, a first vendor, and a second vendor, but makes no allegations that either (a) identify who each of these three parties are or (b) allege that Bank of America is vicariously liable for their conduct. *See* Ex. 1, First Amended Complaint ¶ 48. Plaintiff's conclusory and implausible allegations of infringement are insufficient to survive a motion to dismiss. *See Bell Atl.*, 550 U.S. at 555, 570. When faced with deficient allegations of joint infringement, other courts have dismissed the complaint under Rule 12 for failure to state an actionable claim even though the relevant pleadings in those cases went far beyond what Plaintiff has alleged here. *See Friday Group v. Ticketmaster*, No. 4:08cv01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331 (S.D. Fl. 2008). This Court should similarly dismiss the more deficient complaint in this case.

### A. The Vague Allegations of the First Amended Complaint Apparently Attempt to Assert Joint Infringement

### 1. There Is No Allegation That Bank of America Directly Infringes the '189 Patent

Unquestionably, the First Amended Complaint is not a model of clarity. Given the plain language of Claim 1, however, Paragraph 48 of the First Amended Complaint cannot possibly be interpreted to be a claim of direct infringement by Bank of America sufficient to meet the requirements of *Bell Atlantic.* 550 U.S. at 570 (requiring that a claim be "plausible" to avoid dismissal). A claim of direct infringement requires a single party to perform all steps of the method. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). But under any reasonable reading of Claim 1, multiple parties must perform the recited method.[3] The First Amended Complaint fails to state a plausible claim for direct patent infringement because it does not allege any plausible way that Bank of America practices each and every step of the claimed process. Bank of America cannot simultaneously be the first vendor, the second vendor, and the user and obviously cannot itself perform all of the steps of the claim. There is no allegation that Bank of America does perform the role of all three entities recited in the claim.

Because Plaintiff has not alleged that Bank of America itself performs each and every one of these roles in the claimed invention, the court should not assume the existence of such allegations, nor should it assume that such allegations could be made. *See Bell Atl. Corp.*, 550 U.S. at 563 n.8. As there is no plausible basis to allege that Bank of America simultaneously plays the role of all three of these entities and there is no specific allegation that it does, the only reasonable reading of Paragraph 48 is that it is a weak attempt to make out a claim for joint infringement.

---

[3] It is proper for this Court to consider Claim 1 and the remainder of the text of the '189 Patent in deciding this motion to dismiss because Plaintiff made the patent an exhibit to its complaint. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### 2. The First Amended Complaint Attempts to Make a Claim Under a Theory of Joint Infringement

The First Amended Complaint, as well as the asserted patent itself, reveals that the only plausible direct infringement theory in this case is under the "joint infringement" doctrine. Paragraph 48 of the complaint attempts to make out an infringement claim as to Claim 1 of the '189 Patent by referring to at least three parties: a user, a first member vendor, and a second member vendor. It is an attempt to plead joint infringement, but an attempt that failed. Although Paragraph 48 makes some vague assertions about infringing products and services (as opposed to a party) taking various actions required by Claim 1 of the '189 Patent, a closer reading of these allegations reveals an attempt to assert joint infringement.

For example, Paragraph 48 alleges: "The infringing products or services provide purchasing or renting of goods or services . . . ." This must be an attempt to plead joint infringement because it is not a sufficient allegation to be an allegation of direct infringement. The claim requires "purchasing or renting products or services through the second member vendor." There are multiple flaws in Plaintiff's allegation. First, the accused "products and services" obviously cannot purchase or rent products—only a person or legal entity can do so. Second, the claim requires that products or services be actually purchased or rented, not that such purchasing or renting be "provide[d] for." Third, the awkward language in the pleading is a result of the reality that obviously it is the <u>user</u> that purchases or rents the products or services. There is never an allegation that Bank of America purchases or rents products—only that they have products or services that "provide for purchasing or renting." Providing for purchasing or renting is not what the claim requires—the claim requires actual purchasing or renting. It is customers (the user) who do the purchasing or renting and there is no allegation that Bank of America qualifies as the customer.

9

In addition, Paragraph 48 also alleges: "The electronic tokens of the second type issue from a second vendor." There is no allegation that Bank of America is either the second vendor or causes the second type of electronic tokens to issue. Thus, this is an allegation about another unidentified entity—making clear that Paragraph 48 is an attempt to make out a claim for joint infringement. Similarly, the allegation that "[p]rices for the goods or services are listed in relation to the electronic tokens for the second type" is also an attempt to recite a claim for joint infringement, as there is no allegation that Bank of America lists prices in such a manner or that the accused products or services do so.

### B. Plaintiff's Joint Infringement Allegations Are Defective

To properly allege a joint infringement claim, the First Amended Complaint must "allege facts identifying which single party practices each and every step, or alternatively which single party is the 'mastermind' that directs or controls the performance of each and every step of the claimed method." *Friday Group v. Ticketmaster*, No. 4:08cv01203, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008); *see also Golden Hour Data Sys.*, 2009 WL 943273, at *3 (citing *BMC Resources, Inc.,* 498 F.3d 1373; *MuniAuction, Inc.*, 532 F.3d 1318); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 827-34 (S.D. Tex. 2008) (finding, as a matter of law, that the asserted patent requires several entities, and therefore applying the vicarious liability test for joint direct infringement). In addition, the mastermind allegation must be one that makes an allegation that a third party performs the steps of the method by virtue of a contractual obligation or other relationship that makes Bank of America vicariously liable for the acts of the third party. *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fl. 2008)**.**[4]

---

[4] "Giving instructions or prompts to the third party in its performance of the steps necessary to complete infringement or facilitating or arranging for the third-party's involvement in the alleged infringement are not sufficient." *Friday Group*, 2008 WL 5233078, at *3 (citing *Emtel, Inc.*, 583 F. Supp. 2d 811, 2008 U.S. Dist. LEXIS 77597, at *65-66).

The First Amended Complaint does not allege a complete claim of joint infringement under the test outlined above. The claims of the asserted patents unambiguously require the combined activity of multiple entities (*i.e.*, a first member vendor, a second member vendor, and a user making a purchase). The First Amended Complaint does not allege that Bank of America is a mastermind that is somehow vicariously liable for the actions of the first member vendor, the second member vendor, and/or the user making a purchase. Without such an allegation the complaint must be dismissed.

When considering other joint infringement pleadings by a patent holder with more detail than the present complaint, other courts have dismissed those pleadings under Rule 12(b)(6) for failure to state a claim on which relief could be granted. For example, in *Friday Group v. Ticketmaster*, the claims-in-suit required the combined activity of multiple entities, including a ticket agency, a concert promoter, a manufacturer, and a distributor.[5] The plaintiff's complaint failed to allege "that any single defendant performed all of the steps of the method or that any defendant was the 'mastermind' behind the operation." *Friday Group*, 2008 WL 5233078, at *3 (citing *Emtel, Inc.*, 583 F. Supp. 2d 811, 2008 U.S. Dist. LEXIS 77597, at *65-66). Going further than Plaintiff here, however, the complaint in *Friday Group* at least "summarily alleged" that each defendant was "'practicing all steps of one or more claims . . . directly and/or exercising direction or control over the practice of all steps of one or more claims.'" *Id.* However, the Court dismissed the complaint because "[s]uch an indefinite and nebulous pleading does not meet the standard defined in *Bell Atl. Corp. v. Twombly* or the requirements as set forth in *BMC Resources, Inc.*" *Id.* at 4.

---

[5] The court summarized the claims as performing the following steps: "1. Providing an opportunity to purchase a recording of a live event at a point-of-sale of tickets before the event occurs. 2. Conducting the live event. 3. Recording at least a portion of the live event. 4. Manufacturing copies of the recording. 5. Distributing the manufactured copies to those who preordered the recording." *Friday Group*, 2008 WL 5233078, at *1 (E.D. Mo., Dec. 12, 2008)

In *Global Patent Holdings v. Panthers BRHC LLC*, the claims-in-suit required the combined activity of a website provider and a remote computer user. *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fl. 2008). According to the claims-in-suit, "the patented process cannot start until the remote user visits Defendant's website." *Id.* Because the plaintiff did not, and could not, allege that the remote users were under the "direction or control" of the defendant, the "Plaintiff's claim for direct patent infringement must be dismissed as inadequate." *Id.* Thus, the court held that the plaintiff failed to properly allege joint infringement and dismissed the complaint with prejudice for failure to state a claim. *Id.* at 1336.

As in the *Friday Group* and *Global Patent Holdings* cases, the First Amended Complaint fails to plausibly allege that a single entity practices each and every step of the claims or that a single entity is the "mastermind" controlling the actions of the other participants in the claimed invention. Accordingly the First Amended Complaint must be dismissed for failure to state a claim. *See Friday Group*, 2008 WL 5233078 (E.D. Mo., Dec. 12, 2008); *Global Patent Holdings, LLC*, 586 F. Supp. 2D 1331.

### C. Dismissal Should be With Prejudice As Any Attempt to Amend the Complaint Would Be Futile

The dismissal sought by this motion should be with prejudice because any attempt to re-plead would be futile. *See Jones v. Greninger*, 188 F.3d 322 (5th Cir.1999); *Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (dismissing complaint with prejudice where any amendment would be futile in view of plaintiff's theory). Plaintiff cannot make an allegation of joint infringement that meets the requirements of Rule 11 of the Federal Rules of Civil Procedure. For example, Claim 1 requires "purchasing or renting products or services through the second member vendor using the electronic tokens of the second type." To show

vicarious liability for performance of this limitation, Plaintiff would have to show that Bank of America's customers are making purchases on its behalf and that Bank of America somehow forces its customers to purchase things from vendors who use electronic tokens rather than real currency. Such a contention would obviously be absurd. Plaintiff cannot properly allege that Bank of America is vicariously liable for the actions of its customers in making a purchase, so amendment would be futile. *See Global Patent Holdings*, 586 F. Supp. 2d at 1335 (dismissing a similar claim with prejudice because plaintiff "has, in no way, alleged that remote users are contractually bound to visit the website . . . nor has it alleged any facts which would render Defendant otherwise vicariously liable for the acts of the remote user").

Similarly absurd would be any claim that Bank of America is somehow vicariously liable for the choice of the second member vendor to list "prices for the products or services" in "units of electronic tokens of the second type" rather than in values of real money. Bank of America obviously has no control over how a vendor chooses to list its prices. Also, Claim 1 requires that "electronic tokens of the second type" be "issued by a second member vendor." Plaintiffs cannot plausibly make an allegation that Bank of America somehow forces a vendor to issue electronic tokens.

That Plaintiff could not simultaneously satisfy Rule 11 and satisfy the pleading requirements for joint infringement in this case is not surprising. After all, Bank of America is a bank—the very type of "central organization" that the invention seeks to avoid. Ex. 2, '189 Patent, col. 3, ll. 40-43; col. 4, ll. 18-22. The very purpose of the invention is to avoid control by any central organization. In other words, Actus cannot assert that a single party acts as the "mastermind" because the '189 Patent vests control in the individual vendors, not a bank or central organization. *See, e.g.*, Ex. 2, '189 Patent, col. 24, ll. 15-21 ("The vendor has the total

control of the distribution of the tokens and can set the value of the tokens completely free from control by a bank or other organization to issue the tokens.").

This is a case where the patent is simply fatally defective for failure to properly claim the purported invention. *See BMC Resources, Inc.*, 498 F.3d at 1381 ("[T]his court will not unilaterally restructure the claim or the standards for joint infringement to remedy these ill-conceived claims."); *Sage Prods. Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1425 (Fed. Cir. 1997) ("[A]s between the patentee who had a clear opportunity to negotiate broader claims . . . and the public . . . it is the patentee who must bear the cost of its failure"); *Golden Hour Data Sys.*, 2009 WL 943273, at *3 (Ward, J.) (noting that potential loopholes in infringement liability "can usually be offset by proper claim drafting").

In *Global Patent Holdings,* the Court dismissed a claim for patent infringement <u>with prejudice</u> where it would have been futile for the plaintiff to amend the complaint because there was no plausible theory of vicarious liability for the patentee to assert. *Global Patent Holdings*, 586 F. Supp. 2d at 1335-36. The same is true here, as set forth above. Any attempt to re-plead would be futile and the First Amended Complaint should be dismissed with prejudice.

**D.     The First Amended Complaint Fails To State A Plausible Claim of Indirect Infringement**

Paragraph 48 of the complaint also attempts to make claims for indirect infringement under 35 U.S.C. § 271(b) and (c). However, to state a claim for indirect infringement, the plaintiff must first properly allege direct infringement. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement . . . can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement."). Here, the only plausible theory of direct infringement is a joint infringement theory. Because, however, the pleading does not properly

plead the elements of joint infringement or otherwise lay out a plausible theory of direct infringement by a single party, the complaint must be dismissed. In *Global Patent Holdings,* the result of the failure to properly plead joint infringement resulted in a 12(b)(6) dismissal of the indirect infringement claims and the same result should follow here. *Global Patent Holdings*, 586 F. Supp. 2d at 1335-36 ("Plaintiff has not sufficiently alleged a predicate finding of direct infringement. Accordingly, all allegations of indirect patent infringement must also be dismissed.").

## CONCLUSION

The First Amended Complaint fails to state an actionable claim of patent infringement against Bank of America because Plaintiff has not, and cannot, plead a plausible joint infringement theory or any other plausible theory of infringement. For these, and other reasons set forth above, the Court should dismiss the First Amended Complaint with prejudice, insofar as it alleges infringement by Bank of America.

Dated: June 4, 2009          Respectfully submitted,

By: /s/ *David G. Wille*
   David G. Wille
     Texas State Bar No. 00785250
     Email: david.wille@bakerbotts.com
   Samir A. Bhavsar
     Texas State Bar No. 00798065
     Email: samir.bhavsar@bakerbotts.com
   Christopher S. Storm
     Texas State Bar No. 24066154
     Email: chris.storm@bakerbotts.com
   **BAKER BOTTS L.L.P.**
   2001 Ross Avenue
   Dallas, Texas 75201
   Telephone: (214) 953–6500
   Facsimile: (214) 661–4791

   **ATTORNEYS FOR DEFENDANT BANK OF AMERICA CORPORATION**

**CERTIFICATE OF SERVICE**
**PURSUANT TO LOCAL RULE CV-5(D)**

I certify that on June 4, 2009, all counsel are being served with a copy of this document either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A), if they have consented to electronic service, or (2) by electronic mail, pursuant to Local Rule CV-5(d), if they have not so consented.

*/s/ David G. Wille*
David G. Wille