# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC, | CIVIL ACTION NO.: 2:09-CV-102-TJW |
|       PLAINTIFF, | |
| (1) BANK OF AMERICA CORPORATION; | JURY TRIAL DEMANDED |
| (2) BLAZE MOBILE, INC.; | |
| (3) CAPITAL ONE FINANCIAL CORP.; | **DEFENDANT VISA INC.'S MOTION** |
| (4) ENABLE HOLDINGS, INC.; | **TO DISMISS PLAINTIFF'S CLAIMS** |
| (5) GOOGLE, INC.; | **UNDER FED. R. CIV. P. 12(B)(1),** |
| (6) GREEN DOT CORPORATION; | **12(B)(6) AND 12(B)(7).** |
| (7) JAVIEN DIGITAL PAYMENT SOLUTIONS, INC.; | **ORAL ARGUMENT REQUESTED** |
| (8) JPMORGAN CHASE & CO.; | |
| (9) MASTERCARD INTERNATIONAL, INC.; | |
| (10) META FINANCIAL GROUP, INC.; | |
| (11) M&T BANK CORPORATION; | |
| (12) OBOPAY, INC.; | |
| (13) SONIC SOLUTIONS; | |
| (14) VISA, INC.; | |
| (15) VIVENDI UNIVERSAL U.S. HOLDING CO.; | |
| (16) VIVENDI UNIVERSAL, S.A.; | |
| (17) WAL-MART STORES, INC.; | |
| (18) THE WALT DISNEY CO.; | |
| (19) THE WESTERN UNION CO.; | |
| (20) WILDTANGENT, INC.; | |
| (21) AGILECO, | |
|       DEFENDANTS. | |

## TABLE OF CONTENTS

Page

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

ARGUMENT ........................................................................................................................ 2

I. THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE A PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION ............................................. 2

II. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE ACTUS LACKS STANDING AND BECAUSE THE FIRST AMENDED COMPLAINT FAILS TO NAME AN INDISPENSABLE PARTY ..................... 3

CONCLUSION .................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................................. 2

*BMC Res., Inc. v. Paymentech, L.P.,*
  498 F.3d 1373 (Fed. Cir. 2007) ............................................................................................ 2

*Golden Hour Data Sys., Inc. v. emsCharts Inc.,*
  No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009) .......................................... 2

*Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.,*
  117 F. Supp. 2d 508 (E.D. Va. 2000) ................................................................................... 3

*InternetAd Sys., LLC v. Opodo Ltd.,*
  481 F. Supp. 2d 596 (N.D. Tex. 2007) ................................................................................. 3

*MuniAuction, Inc. v. Thompson Corp.,*
  532 F.3d 1318 (Fed. Cir. 2008) ....................................................................................... 1, 2

*Prima Tek II, LLC, v. A-Roo Co.,*
  222 F.3d 1372 (Fed. Cir. 2000) ............................................................................................ 3

*Rite-Hite Corp. v. Kelley Co., Inc,*
  56 F.3d 1538 (Fed. Cir. 1995) .............................................................................................. 3

*Textile Prods., Inc. v. Mead Corp.,*
  134 F.3d 1481 (Fed. Cir. 1998) ............................................................................................ 3

**STATUTES**

35 U.S.C. § 281 ........................................................................................................................... 3

**OTHER AUTHORITIES**

Civil Rule 7(a)(1) ........................................................................................................................ 1

Fed. R. Civ. P. 12(b)(1) .............................................................................................................. 3

Fed. R. Civ. P. 12(b)(7) .............................................................................................................. 3

Fed. R. Civ. P. 19(c) ................................................................................................................... 3

Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7) ......................................... 1, 2

Rule 19 of the Federal Rules of Civil Procedure ........................................................................3

Rule 12(b)(6) ................................................................................................................... 1, 2, 3

U.S. Patent No. 7,249,099 ...........................................................................................................2

U.S. Patent No. 7,328,189 ...........................................................................................................2

Defendant Visa Inc. ("Visa") hereby moves to dismiss Plaintiff Actus, LLC's ("Actus") First Amended Complaint for Patent Infringement ("First Amended Complaint") insofar as it alleges infringement by Visa pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7). Visa's Motion is based on the same arguments advanced by Defendants MasterCard International Incorporated ("MasterCard) and Bank of America Corporation ("Bank of America") in their motions to dismiss filed on June 3, 2009 and June 4, 2009, respectively. Specifically, Actus has failed to sufficiently allege a theory of "joint infringement" under *MuniAuction, Inc. v. Thompson Corp.,* 532 F.3d 1318, 1329-30 (Fed. Cir. 2008), which is the only plausible basis on which Visa could be held liable for infringement of the patents asserted against Visa. Actus has also failed to sufficiently allege standing to sue, and to join an indispensable party, the patent owner. Accordingly, for the reasons stated herein and in the motions of MasterCard and Bank of America, Visa respectfully requests that the First Amended Complaint be dismissed.[1]

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Pursuant to Local Civil Rule 7(a)(1), the issues to be decided by the Court in connection with this motion are as follows:

1. Whether the complaint against Visa should be dismissed with prejudice under Rule 12(b)(6) for failure to state an actionable claim of infringement, where the patent claims at issue require the combined action of several parties, and Actus has not pleaded that Visa is a "mastermind" exercising "control or direction" over other parties sufficient to render Visa vicariously liable for the conduct of those parties.

---

[1] The motions of MasterCard and Bank of America more than adequately raise the issues to be decided by Visa's motion and Visa has no desire to create redundant reading for the Court. In the interest of judicial economy, Visa therefore incorporates by reference the facts and arguments advanced by MasterCard and Bank of America in their respective motions.

2. Whether this case should be dismissed under Rule 12(b)(1), 12(b)(6) and 12(b)(7) where Actus has failed to plead that it has "all substantial rights" in the asserted patents and the patent owner is not named as a party.

**ARGUMENT**

**I. THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE A PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION**

As demonstrated in the moving papers of both MasterCard and Bank of America, joint infringement is the only plausible theory under which Visa could be held liable for the infringement of U.S. Patent No. 7,249,099 and U.S. Patent No. 7,328,189, the only patents asserted here against Visa and the same two patents asserted against MasterCard. MasterCard Br. 3, 9–10; Bank of America Br. 6–7; First Amended Complaint ¶¶ 60, 71. Plaintiff, however, advances no such theory against Visa in its First Amended Complaint, and fails to allege any facts that could support a conclusion that Visa is a "mastermind" exercising "control or direction" over other parties sufficient to render Visa vicariously liable for the conduct of those parties. First Amended Complaint ¶¶ 60, 71; *MuniAuction, Inc. v. Thompson Corp.,* 532 F.3d 1318, 1329-30 (Fed. Cir. 2008); *Golden Hour Data Sys., Inc. v. emsCharts Inc.,* No. 2:06-CV-381, 2009 WL 943273, at *3 (E.D. Tex. April 3, 2009). Plaintiff has therefore failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Accordingly, for the reasons stated herein and in the motions of MasterCard and Bank of America, Visa respectfully requests that the First Amended Complaint be dismissed with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.[2]

---

[2] The dismissal should be with prejudice, as it is evident from the claims of the patents asserted against Visa that any theory of infringement advanced by Plaintiff would be insufficient because the various parties who would be necessary to satisfy all the elements of the claims —such as Visa, vendors and customers—may enter into, and indeed have entered into, "arms-length agreements" that avoid infringement. *BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1381 (Fed. Cir. 2007).

## II. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE ACTUS LACKS STANDING AND BECAUSE THE FIRST AMENDED COMPLAINT FAILS TO NAME AN INDISPENSABLE PARTY

The right to sue for patent infringement is created by statute, and standing to bring such a claim is granted only to the "patentee," which includes the original patentee, and any successors in title. *See* 35 U.S.C. § 281; *Rite-Hite Corp. v. Kelley Co., Inc,* 56 F.3d 1538, 1551 (Fed. Cir. 1995). An "exclusive licensee," such as Plaintiff here, may have a right to sue in its own name, provided it previously received "all substantial rights" in the patent at the time of the alleged infringement. *Textile Prods., Inc. v. Mead Corp.,* 134 F.3d 1481, 1484 (Fed. Cir. 1998); *InternetAd Sys., LLC v. Opodo Ltd.,* 481 F. Supp. 2d 596, 604 (N.D. Tex. 2007). Plaintiff, however, alleges only that it is an "exclusive licensee," and makes no allegation that it is the holder in all substantial rights of the asserted patents. *See, e.g.,* First Amended Complaint ¶¶ 47, 64. Because the First Amended Complaint fails to allege facts sufficient to support Actus's standing to sue, it should be dismissed for lack of jurisdiction and for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) and 12(b)(6); MasterCard Br. 12–13.

The First Amended Complaint should also be dismissed for failure to join the patent owner, an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(7) (permitting a motion to dismiss before pleading based on "failure to join a party under Rule 19"). Joining the patent owner here is necessary to create standing. *See, e.g.*, *Prima Tek II, LLC, v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000); *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F. Supp. 2d 508, 511 (E.D. Va. 2000) ("[A]n exclusive licensee has been given sufficient rights in a patent to obtain standing, but only if the patent owner is joined in the lawsuit") (emphasis added). Actus, however, has failed to do so, or to offer any explanation in its First Amended Complaint regarding its failure to comply with Fed.

R. Civ. P. 19(c). Accordingly, the case should be dismissed on this basis as well. MasterCard Br. 13–14.

## CONCLUSION

For reasons set forth above, Visa respectfully moves the Court to dismiss the First Amended Complaint with prejudice, insofar as it alleges infringement by Visa.

Dated: June 11, 2009
Respectfully submitted,

/s/ Joseph A. Micallef
Joseph A. Micallef (admitted *Pro Hac Vice*)
David P. Gersch (admitted *Pro Hac Vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel. (202) 942-5721
Fax (202) 942-5999
E-mail: Joseph.Micallef@aporter.com
David.Gersch@aporter.com

Michael P. Lynn
LYNN TILLOTSON PINKER & COX LLP
2100 Ross Avenue
Suite 2700
Dallas, TX 75201
Tel. (214) 981-3801
Fax (214) 981-3829
Email: mlynn@lynnllp.com

ATTORNEYS FOR DEFENDANT
VISA INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing via email on this 11th day of June, 2009.

/s/ Joseph A. Micallef
Joseph A. Micallef