IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ACTUS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No: 2:09-cv-102 (TJW) |
| | § | |
| BANK OF AMERICA CORP., et al. | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

**DEFENDANTS VIVENDI UNIVERSAL U.S. HOLDING CO. AND VIVENDI
UNIVERSAL, SA's MOTION TO DISMISS PLAINTIFF'S CLAIMS
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................. 1

    A. The Nature of the Litigation ................................................................................ 1

    B. The Vivendi Defendants are Holding Companies ............................................... 2

    C. The Plaintiff, Actus, Is Admittedly Not the Owner of the Patents-In-Suit ............ 2

II. PERSONAL JURISDICTION OVER VIVENDI U.S. OR VIVENDI SA DOES NOT EXIST .................................................................................................................................. 3

    A. There Is No Specific Personal Jurisdiction Over Vivendi U.S. and Vivendi SA. ...................................................................................................................... 4

    B. There Is No General Personal Jurisdiction Over Vivendi U.S. and Vivendi SA ....................................................................................................................... 5

III. ACTUS DID NOT MEET ITS BURDEN OF PLEADING PROPER STANDING. ......... 6

IV. ACTUS FAILED TO JOIN AN INDISPENSIBLE PARTY ............................................. 7

V. CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ................................................................................................. 3

*Animal Legal Defense Fund v. Quigg*,
   932 F.2d 920, 18 U.S.P.Q.2D (BNA) 1677, 1681 (Fed. Cir. 1991)) ...................................... 6

*Dainippon Screen Mfg. Co. v. CFMT, Inc.*,
   142 F.3d 1266 (Fed. Cir. 1998) .............................................................................................. 4

*Genetic Implant Sys., Inc. v. Core-Vent Corp.*,
   123 F.3d 1455 (Fed. Cir. 1997) .............................................................................................. 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ............................................................................................................ 4, 5

*Independent Wireless Telegraph Co. v. Radio Corp. of Am.*,
   269 U.S. 459 (1926) ................................................................................................................ 8

*LSI Indus. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2000) .............................................................................................. 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) ................................................ 6, 7

*MHL TEK, LLC v. GMC*,
   2009 U.S. Dist. LEXIS 26868 (E.D. Tex. Mar. 31, 2009) ..................................................... 6

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) .............................................................................................. 7

*Norplant Contraceptive Prods. Liability Litig., In re*,
   886 F. Supp. 586 (E.D. Tex. 1995) ........................................................................................ 4

*Ortho Pharmaceutical Corp. v. Genetics Inst.*,
   52 F.3d 1026 (Fed. Cir. 1995) ................................................................................................ 6

*Prima Tek II, L.L.C. v. A-Roo Co.*,
   222 F.3d 1372 (Fed. Cir. 2000) .............................................................................................. 8

*Rite-Hite Corp. v. Kelley Co. Inc.*,
   45 F.3d 1538 (Fed. Cir. 1995) ................................................................................................ 7

*Silent Drive, Inc. v. Strong Indus.*,
   326 F.3d 1194 (Fed. Cir. 2003) .............................................................................................. 3

*Walk Haydel & Assocs. v. Coastal Power Prod. Co.*,
   517 F.3d 235 (5th Cir. 2008) .................................................................................................. 3

*Whitmore v. Arkansas*,
   495 U.S. 149 L. Ed. 2d 135, 110 S. Ct. 1717 (1990) ............................................................. 6

**Statutes**

35 U.S.C. § 281 ............................................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b) .................................................................................................. 1, 6, 7, 8

Defendants Vivendi Universal U.S. Holding Company ("Vivendi U.S.") and Vivendi Universal SA ("Vivendi SA") hereby move the Court under Federal Rules of Civil Procedure 12(b)(1), (2) and (7) to dismiss Plaintiff Actus, LLC's ("Actus's") Amended Complaint for Patent Infringement (the "Amended Complaint") against Vivendi U.S. and Vivendi SA on three independent grounds.

*First*, the Court should dismiss Actus's Amended Complaint because neither Vivendi U.S. nor Vivendi SA are subject to personal jurisdiction in the State of Texas or this District. *Second*, the Court should dismiss Actus's Amended Complaint because Actus failed to plead sufficient facts to support its standing to bring this lawsuit. And *third*, the Court should dismiss Actus's Amended Complaint because it failed to join an indispensable party required by law, the owner of the asserted patents.

Wherefore, Defendants Vivendi U.S. and Vivendi SA now request that, pursuant to Fed. R. Civ. P. 12(b)(1), (2) and/or (7), the Court dismiss Actus's Amended Complaint. In support of their motion, Defendants Vivendi U.S. and Vivendi SA set forth the following.

## I.   BACKGROUND

### A.   The Nature of the Litigation

Actus instigated the current lawsuit on April 4, 2009 by filing the Original Complaint for Patent Infringement against twenty defendants including Vivendi SA. (D.I. 1) The original complaint did not include Vivendi U.S. (D.I. 1.) Before any defendant answered the original complaint, Actus filed the Amended Complaint that added allegations of patent infringement against Vivendi U.S. (D.I. 4.) The Amended Complaint alleges infringement of four U.S. Patents: U.S. Patent No. 7,328,189 (the "'189 patent"), U.S. Patent No. 7,249,099 (the "'099 patent"), U.S. Patent No. 7,177,838 (the "'838 patent"), and U.S. Patent No. 7,376,621 (the "'621 patent") (collectively, the "patents-in-suit"). (*Id.*) These patents appear to relate to modified methods for

1

conducting commerce over the internet.  (*Id.* at Exs. A-D.)  The patents are based on applications filed in 2000.  *Id.*

In the Amended Complaint, Actus alleges that Vivendi U.S. and Vivendi SA only infringe two of the four patents, the ʹ838 patent and the ʹ621 patent.  (D.I. 4.)  The allegations are that the Vivendi Defendants use Plaintiff's claimed methods for conducting commerce over the internet in connection with song and film files that Vivendi allegedly sells over the internet. (*Id.*)

On May 6, 2009, the Court granted Vivendi U.S. and Vivendi SA's Unopposed First Application of Time to Answer Complaint extending the deadline to answer or otherwise plead to June 17, 2009.

### B. The Vivendi Defendants are Holding Companies

Neither Vivendi S.A. nor Vivendi U.S. is engaged in traditional commerce. (Declaration of George E. Bushnell III ("Bushnell Decl." ¶¶ 4-6, 8-10.)  Vivendi SA is a French holding company that does not buy or sell merchandise over the internet.  (Bushnell Decl. ¶¶ 8-10.)  In fact, Vivendi U.S. no longer exists, but was merged into Vivendi Holding I Corp. ("Vivendi Holding") in 2006. (Bushnell Decl. ¶ 4.)  When Vivendi U.S. did exist, it was simply a corporation for processing payroll and did not engage in buying or selling songs or videos over the internet or in any other form of traditional commerce. (Bushnell Decl. ¶ 5.)  None of these companies are registered to do business in Texas and none of them have an agent for service or process in Texas.  (Bushnell Decl. ¶¶ 6, 7, 10.)

### C. The Plaintiff, Actus, Is Admittedly Not the Owner of the Patents-In-Suit

Plaintiff Actus alleges in its complaint that it is merely "the exclusive licensee" of the patents-in-suit. (D.I. 4 at 24, 32.)  Actus implies in this allegation that it is not the owner of the patents-in-suit.  In fact, the Patent Office records show that the patents are owned by either Paybyclick Corporation or "Paybyclick Corporation -- Texas" both of which list addresses in

Arizona. (D.I. 4, Exs. A-D.) The patents-in-suit list the residence of the inventor, Marin T. Ling, as Scottsdale, Arizona. *Id.* The address for Paybyclick Corporation -- Texas is also in Scottsdale, Arizona. *Id.*

Vivendi U.S. and Vivendi SA now file the instant Motion to Dismiss because personal jurisdiction over Vivendi U.S. and Vivendi SA does not exist, the Amended Complaint fails to properly allege facts to support Actus's standing to bring this lawsuit, and Actus failed to join an indispensable party, the patent owner.

## II. PERSONAL JURISDICTION OVER VIVENDI U.S. OR VIVENDI SA DOES NOT EXIST

Actus's complaint for patent infringement against Vivendi U.S. and Vivendi SA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over Vivendi U.S. and Vivendi SA. Once Vivendi U.S. and Vivendi SA have challenged personal jurisdiction, Actus bears the burden of establishing with reasonable particularity that this Court has personal jurisdiction over Vivendi U.S. and Vivendi SA. *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) ("the plaintiff must show by a preponderance of the evidence that jurisdiction is proper.")

Federal Circuit law governs personal jurisdiction in patent infringement actions. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). For an out-of-state defendant, personal jurisdiction exists if: (1) a forum state's long-arm statute permits service of process and (2) the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). The Texas long-arm statute extends to the limits of due process. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Therefore, the two inquires collapse into a single inquiry of whether the exercise of personal

jurisdiction comports with due process. *See Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

Thus, Actus must prove that either (1) its cause of action arose out of Vivendi U.S. and Vivendi SA's activities in the forum state (otherwise known as "specific jurisdiction") or (2) that Vivendi U.S. and Vivendi SA's contacts with the forum state are continuous and systematic (otherwise known as "general jurisdiction"). *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984). As explained below, Actus cannot satisfy its burden on either account.

### A. There Is No Specific Personal Jurisdiction Over Vivendi U.S. and Vivendi SA.

For a court "to exercise specific jurisdiction over a defendant, the cause of action must arise out of the defendant's contacts with the forum." *In re Norplant Contraceptive Prods. Liability Litig.*, 886 F. Supp. 586, 590 (E.D. Tex. 1995). Actus alleges in the Amended Complaint that both Vivendi U.S. and Vivendi SA are subject to specific personal jurisdiction before this court based on "at least [] its substantial business in this forum, including (i) at least a portion of the infringement alleged herein." (D.I. 4 at 7.) Actus further alleges that Vivendi U.S. and Vivendi SA infringe the ‑838 patent by "making, using, selling, and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments" in the State of Texas. (D.I. 4 at 29-30.) And, Actus alleges that Vivendi U.S. and Vivendi SA infringe the ‑621 patent by "making, using, selling and offering to sell products and/or services for conducting electronic commerce with the vendor" in the State of Texas. (D.I. 4 at 34-35.)

However, Actus's allegations are incorrect and have no factual support. Indeed, Vivendi U.S. ceased operation in 2006 when it merged with Vivendi Holding. (Bushnell Decl. ¶ 4.) And, Vivendi SA is a French company that does not conduct any business in Texas. (Bushnell Decl. ¶ 8.) Vivendi Holding also does no business in Texas. (Bushnell Decl. ¶ 7.)

Further, neither Vivendi U.S., Vivendi Holding, nor Vivendi SA conduct electronic commerce over the internet in the State of Texas or conduct electronic commerce with a vendor in Texas. (Bushnell Decl. ¶¶ 5, 6 and 10.) Thus, it is impossible for any claims of infringement of the '838 patent or the '621 patent to arise from either Vivendi U.S. or Vivendi SA's contacts with the State of Texas, because neither has any contacts with Texas. Therefore, there is no specific personal jurisdiction over Vivendi U.S. and Vivendi SA.

### B. There Is No General Personal Jurisdiction Over Vivendi U.S. and Vivendi SA

General personal jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros*, 466 U.S. at 414-16. Neither the Supreme Court nor the Federal Circuit has outlined a specific test to follow when analyzing whether a defendant's activities within a state are "continuous and systematic." Instead, a court "must look at the facts of each case to make such a determination." *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

Actus's allegations to establish general personal jurisdiction against Vivendi U.S. and Vivendi SA include its allegations to establish specific personal jurisdiction cited above. In addition, Actus alleges that both Vivendi U.S. and Vivendi SA are subject to general personal jurisdiction because they are "regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District." (D.I. 4 at 7.) However, as set forth above, those allegations are factually incorrect. Further, neither Vivendi U.S. nor Vivendi SA own any real or personal property, purposefully availed themselves of the Texas courts, nor have an agent to receive service of process in Texas. (Bushnell Decl. ¶¶ 4-10.) Therefore, the courts in Texas lack general personal jurisdiction over either Vivendi U.S. or Vivendi SA.

\*   \*   \*

Because Actus has failed to meet its burden of establishing personal jurisdiction over Vivendi U.S. and Vivendi SA by a preponderance of the evidence, the Court should grant this motion to dismiss Actus's Amended Complaint against Vivendi U.S. and Vivendi SA for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

### III. ACTUS DID NOT MEET ITS BURDEN OF PLEADING PROPER STANDING.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Amended Complaint should be dismissed because Plaintiff failed to plead facts sufficient to support subject matter jurisdiction because, as pleaded, Actus lacks standing to bring its infringement claims against Vivendi U.S. and Vivendi SA. The burden to establish standing falls on Actus. *Ortho Pharmaceutical Corp. v. Genetics Inst.*, 52 F.3d 1026, 1033 (Fed. Cir. 1995) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 154, 109 L. Ed. 2d 135, 110 S. Ct. 1717 (1990); accord *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); *Animal Legal Defense Fund v. Quigg*, 932 F.2d 920, 925, 18 U.S.P.Q.2D (BNA) 1677, 1681 (Fed. Cir. 1991)).

When determining if a plaintiff has established subject matter jurisdiction via standing, "the court is empowered to consider matters of fact which may be in dispute. Conversely, undisputed facts present in the record are accepted as true. When jurisdiction rests on a disputed factual issue, however, the court reviews the parties' submitted evidentiary materials, and the plaintiff must prove that the facts supporting subject matter jurisdiction are true by a preponderance of the evidence." *MHL TEK, LLC v. GMC*, 2009 U.S. Dist. LEXIS 26868, at *8 (E.D. Tex. Mar. 31, 2009) (citing *Whitmore* 495 U.S. at 161).

By statute, a patent infringement lawsuit must be brought by the "patentee." See 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent"); *See also*, *Ortho Pharm.*, 52 F.3d at 1033 ("a contract cannot change the statutory requirement for suit to be brought by the 'patentee'"). A plaintiff seeking damages for infringement of a patent must hold

6

legal title to that patent at the inception of the lawsuit. *Lujan*, 504 U.S. at 570; *Rite-Hite Corp. v. Kelley Co. Inc.*, 45 F.3d 1538, 1551 (Fed. Cir. 1995). A party only has standing to sue for infringement when it "holds all rights or all substantial rights" in the patent. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).

If a party has "exclusionary rights and interests created by the patent statutes, but not all substantial rights to the patent," then the patentee who transferred these rights must be joined to avoid the "potential for multiple litigations and multiple liabilities and recoveries against the same alleged infringer." *Id.* "Parties that hold the exclusionary rights are often identified as exclusive licensees, because the grant of an exclusive license to make, use, or sell the patented invention carries with it the right to prevent others from practicing the invention." *Id.* However, there is no standing where a party has "less than all substantial rights to the patent and lack exclusionary rights under the patent statutes." *Id.*

Here, the Amended Complaint should be dismissed because it fails to set forth sufficient allegations to support standing. Actus only alleges that it is the "exclusive licensee" of the -838 and -621 patents. (D.I. 4 at 24, 32.) Actus fails to allege that it is the owner or that it has been assigned substantially all of the necessary rights in the -838 or -621 patents such that it is effectively an owner of the patents. In fact, by alleging that it is merely the exclusive licensee, Actus implies that it does not hold sufficient rights in either the -838 or -621 patents to have standing. Therefore, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because it fails to allege facts sufficient to support Actus's standing to sue Vivendi U.S. and Vivendi SA for infringement.

## IV. ACTUS FAILED TO JOIN AN INDISPENSIBLE PARTY

Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, the Amended Complaint should be dismissed because Actus failed to join an indispensable party under Rule 19 of the

7

Federal Rules of Civil Procedure. Rule 12(b)(7) provides that a motion to dismiss is proper for "failure to join a party under Rule 19." In *Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, the Supreme Court held that, in a patent infringement case initiated by an exclusive licensee, the patent owner is an indispensable party under Rule 19 and required to be joined, either voluntarily as a plaintiff or involuntarily (by process) as a defendant, in order to satisfy the requirements of standing. 269 U.S. 459, 468 (1926); *See also*, *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). The Federal Circuit continues to adhere to the principle set forth in *Independent Wireless*. *Prima Tek II*, 22 F.3d at 1377. Thus, where a patent infringement suit is brought by an exclusive licensee and the patent owner is not joined, it is proper for the Court to dismiss the claims. *Id*.

Actus does not claim to own the -838 or -621 patents, nor does it claim that it has all substantial rights in either patent. (D.I. 4 at 24, 32). Instead, Actus has only alleged that it is an "exclusive licensee" of the -838 and -621 patents. *Id*. Thus, Actus was required to join the patent owner as an indispensable party and failed to do so. Hence, its claims against Vivendi U.S. and Vivendi SA should be dismissed under Fed. R. Civ. P. 12(b)(7).

Allowing Actus to proceed against Vivendi U.S. and Vivendi SA without naming the patent owner as a party exposes Vivendi U.S. and Vivendi SA to the risk of multiple suits related to the same activities. For example, Actus may collect for damages occurring after the exclusive license for the -838 and -621 patents, while the patent owner may still have the right to collect for damages prior to that license. However, speculating at the prejudice that Vivendi U.S. and Vivendi SA could suffer if this case is allowed to proceed without the patent holder is unnecessary. In circumstances as these, it is proper to dismiss Actus's claims pursuant to Fed. R. Civ. P. 12(b)(7) or require Actus to name the patent owner as a party to this action to prevent multiple or inconsistent judgments. *See Prima Tek II*, 22 F.3d at 1377.

## V. CONCLUSION

For the foregoing reasons, Vivendi U.S. and Vivendi SA request that the Court dismiss Actus's claim against them for lack of personal jurisdiction, lack of subject matter jurisdiction and failure to join an indispensable party.


Dated: June 17, 2009

Respectfully Submitted,

s/ J. Thad Heartfield
J. Thad Heartfield
Texas Bar No. 09346800
E-mail: thad@jth-law.com
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789

Attorney for Defendants Vivendi Universal U.S. Holding Company and Vivendi Universal SA


OF COUNSEL:
Aaron A. Barlow
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

# CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of June, 2009. Any other counsel of record will be served by first class mail.

                                           /s/ J. Thad Heartfield
                                           J. Thad Heartfield