## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Actus, LLC | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | Civil Action No. 2:09-cv-102 (TJW) |
| | ) | |
| (1) Bank of America Corp.; | ) | |
| (2) Blaze Mobile, Inc.; | ) | |
| (3) Capital One Financial Corp.; | ) | JURY TRIAL DEMANDED |
| (4) Enable Holdings, Inc.; | ) | |
| (5) Google, Inc.; | ) | |
| (6) Green Dot Corp.; | ) | |
| (7) Javien Digital Payment Solutions, Inc.; | ) | |
| (8) JPMorgan Chase & Co.; | ) | |
| (9) Mastercard International, Inc.; | ) | |
| (10) Meta Financial Group, Inc.; | ) | |
| (11) M&T Bank Corp.; | ) | |
| (12) Obopay, Inc.; | ) | |
| (13) Sonic Solutions; | ) | |
| (14) Visa, Inc.; | ) | |
| (15) Vivendi Universal U.S. Holding Co.; | ) | |
| (16) Vivendi Universal, SA; | ) | |
| (17) Wal-Mart Stores, Inc.; | ) | |
| (18) The Walt Disney Co.; | ) | |
| (19) The Western Union Co.; | ) | |
| (20) WildTangent, Inc.; | ) | |
| (21) AgileCo; | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(6), AND 12(b)(7)**

**ORAL ARGUMENT REQUESTED**

Defendant Capital One Financial Corporation ("Capital One") hereby moves to dismiss Plaintiff Actus, LLC's ("Actus") First Amended Complaint for Patent Infringement ("First Amended Complaint") insofar as it alleges infringement by Capital One pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7).

Capital One's motion is based on the same arguments advanced in the motions to dismiss filed by Defendants MasterCard International, Inc. ("MasterCard") (Docket No. 58), Bank of America Corp. ("Bank of America") (Docket No. 77), and Visa, Inc. ("Visa") (Docket No. 101). Rather than burden the Court with more briefing, Capital One joins and adopts the previous motions to dismiss and incorporates the arguments made therein by reference.

**STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Pursuant to Local Civil Rule 7(a)(1), the issues to be decided by the Court in connection with this motion are as follows:

> 1. Whether the complaint against Capital One should be dismissed with prejudice under Rule 12(b)(6) for failure to state an actionable claim of infringement, where the patent claims at issue require the combined action of several parties, and Actus has not pleaded that Capital One is a "mastermind" exercising "control or direction" over other parties sufficient to render Capital One vicariously liable for the conduct of those parties.
>
> 2. Whether this case should be dismissed under Rule 12(b)(1), 12(b)(6), and 12(b)(7) where Actus has failed to plead that it has "all substantial rights" in the asserted patent and the patent owner is not named as a party.

**ARGUMENT**

As set forth in the motions to dismiss filed by MasterCard, Bank of America, and Visa, the First Amended Complaint should be dismissed with prejudice on the following grounds.

*First*, the First Amended Complaint fails to allege a plausible patent infringement cause of action. The sole patent asserted against Capital One, U.S. Patent No. 7,328,189 (the "'189 Patent"), claims a method of conducting electronic commerce which requires the actions of three

parties: a first vendor, a second vendor, and a user making a purchase. Therefore, the only theory of infringement that Actus can plausibly assert is joint infringement. The First Amended Complaint, however, fails to allege any facts that could support a conclusion that Capital One is a "mastermind" exercising "control or direction" over other parties. *See Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-81 (Fed. Cir. 2007). Like the allegations against the other defendants, Actus makes only vague and conclusory statements about Capital One "products and/or services" that allegedly infringe the claimed method. *See* First Amended Complaint ¶ 50; Bank of America Br. at 7-12. Actus thus fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Actus' claims against Capital One should be dismissed for failure to state a claim of patent infringement under Rule 12(b)(6). Further, because Actus cannot plausibly assert any joint infringement theory against Capital One, particularly because some steps of the recited method must be performed by an independent user, any amendment would be futile and the First Amended Complaint should be dismissed *with prejudice*. *See, e.g.*, *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335-36 (S.D. Fla. 2008).

*Second*, the First Amended Complaint should be dismissed because Actus lacks standing and because the Complaint fails to name an indispensable party under Federal Rule of Civil Procedure 19. Actus alleges only that it is the "exclusive licensee" of the '189 Patent. *See* First Amended Complaint ¶ 47. Actus does not allege that it is the patent owner, nor does Actus allege that it is the holder of "all substantial rights" in the '189 Patent. *See Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998). The First Amended Complaint therefore fails to allege facts sufficient to support Actus' standing to sue and should be dismissed for lack

of jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6).  Likewise, because the patent owner is necessary to create standing, the First Amended Complaint should be dismissed for failure to join an indispensable party under Rule 12(b)(7).

For the reasons set forth above and in the motions to dismiss filed by MasterCard, Bank of America, and Visa, Capital One respectfully requests that the Court grant its motion and dismiss Plaintiff's claims against Capital One with prejudice.

Dated:  July 13, 2009

Respectfully Submitted,

**SMITH & GILSTRAP**
P.O. Drawer A
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 938-8331

**By:**      /s/ J. Rodney Gilstrap
J. Rodney Gilstrap
Texas Bar No. 07964200
gilstrap1957@yahoo.com

**Brian M. Buroker** (admitted *pro hac vice*)
**Justin T. Arbes** (admitted *pro hac vice*)
**Hunton & Williams LLP**
1900 K Street NW
Washington, DC 20006
Telephone: (202) 955-1894
Facsimile: (202) 778-2201

**ATTORNEYS FOR DEFENDANT CAPITAL ONE FINANCIAL CORPORATION**

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 13th day of July, 2009.

                                                                                           /s/ J. Rodney Gilstrap