**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ACTUS, LLC,** | |
| **Plaintiff,** | |
| **v.** | |
| **(1) BANK OF AMERICA CORP.;** | |
| **(2) BLAZE MOBILE, INC.;** | |
| **(3) CAPITAL ONE FINANCIAL CORP.;** | |
| **(4) ENABLE HOLDINGS, INC.;** | **CIVIL ACTION NO. 2:09-cv-102** |
| **(5) GOOGLE, INC.;** | |
| **(6) GREEN DOT CORP.;** | |
| **(7) JAVIEN DIGITAL PAYMENT** | **JURY TRIAL DEMANDED** |
| **SOLUTIONS, INC.;** | |
| **(8) JPMORGAN CHASE & CO.;** | |
| **(9) MASTERCARD INTERNATIONAL,** | |
| **INC.;** | |
| **(10) META FINANCIAL GROUP, INC.;** | |
| **(11) M&T BANK CORP.;** | |
| **(12) OBOPAY, INC.;** | |
| **(13) SONIC SOLUTIONS;** | |
| **(14) VISA, INC.;** | |
| **(15) VIVENDI UNIVERSAL U.S.** | |
| **HOLDING CO.;** | |
| **(16) VIVENDI UNIVERSAL, SA;** | |
| **(17) WAL-MART STORES, INC.;** | |
| **(18) DISNEY GIFT CARD SERVICES,** | |
| **INC.;** | |
| **(19) WESTERN UNION, FINANCIAL** | |
| **SERVICES, INC.;** | |
| **Defendants.** | |

**<u>SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

COMES NOW Plaintiff, Actus, LLC, and files its Second Amended Complaint for Patent Infringment and shows the Court as follows:

1.   This is an action for patent infringement in which Actus, LLC makes the following allegations against: Bank of America Corp.; Blaze Mobile, Inc.; Capital One Financial Corp.; Enable Holdings, Inc.; Google, Inc.; Green Dot Corp.; Javien Digital Payment Solutions, Inc.; JPMorgan Chase & Co.; MasterCard International, Inc.; Meta Financial Group, Inc.; M&T Bank Corp.; Obopay, Inc.; Sonic Solutions; Visa, Inc.; Vivendi Universal U.S. Holding Co.; Vivendi Universal, SA; Wal-Mart Stores, Inc.; Disney Gift Card Services, Inc.; and Western Union Financial Services, Inc. (collectively the "Defendants").

## PARTIES

2.   Plaintiff Actus, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 201 W. Houston, Marshall, Texas  75670.  Daniel F. Perez is the Manager and Owner of Actus.  Plaintiff Actus' registered agent in Texas is Daniel F. Perez, 201 W. Houston, Marshall, Texas  75670.

3.   On information and belief, Defendant Bank of America Corp. ("Bank of America"), is a Delaware corporation with its principal place of business at 100 N. Tryon Street, Charlotte, North Carolina, 28255. Defendant Bank of America's registered agent in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

4.   On information and belief, Defendant Blaze Mobile, Inc. ("Blaze"), is a California corporation with its principal place of business at 1851 Harbor Bay Parkway, Suite 2500, Alameda, California 94502.

5.   On information and belief, Defendant Capital One Financial Corp. ("Capital One"), is a Delaware corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

6.   On information and belief, Defendant Enable Holdings, Inc. ("Enable"), is a Delaware corporation with its principal place of business at 8725 W. Higgins Road, Suite 900, Chicago, Illinois 60631.

7.   On information and belief, Defendant Google, Inc. ("Google"), is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

8.    On information and belief, Defendant Green Dot Corp. ("Green Dot"), is a California corporation with its principal place of business at 605 E. Huntington Drive, Suite 205, Monrovia, California 91016.

9.    On information and belief, Defendant Javien Digital Payment Solutions, Inc. ("Javien"), is a Delaware corporation with its principal place of business at Teqcorner Building, 1616 Anderson Road, Suite 206, McLean, Virginia 22102.

10.   On information and belief, Defendant JPMorgan Chase & Co. ("JPMorgan"), is a Delaware corporation with its principal place of business at 270 Park Avenue, New York, New York 10017.

11.   On information and belief, Defendant MasterCard International, Inc. ("MasterCard"), is a Delaware corporation with its principal place of business at 2000 Purchase Street, Purchase, New York, 10577.  Defendant MasterCard's registered agent in Texas is CT Corporation System, 1601 Elm Street, Dallas, Texas 75201.

12.   On information and belief, Defendant Meta Financial Group, Inc. ("Meta"), is a Delaware corporation with its principal place of business at 121 East Fifth Street, Storm Lake, Iowa 50588.

13.   On information and belief, Defendant M&T Bank Corp. ("M&T"), is a New York corporation with its principal place of business at One M&T Plaza, Buffalo, New York, 14203.

14.   On information and belief, Defendant Obopay, Inc. ("Obopay"), is a California corporation with its principal place of business at 2741 Middlefield Road, Suite 200, Palo Alto, California 94306.  Defendant Obopay's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

15.   On information and belief, Defendant Sonic Solutions ("Sonic"), is a California corporation with its principal place of business at 101 Rowland Way, Suite 110, Novato, California 94945.

16.   On information and belief, Defendant Visa, Inc. ("Visa"), is a Delaware corporation with its principal place of business at P.O. Box 8999, San Francisco, California 94128-8999.

17.   On information and belief, Defendant Vivendi Universal U.S. Holding Co. ("Vivendi U.S."), is a Delaware corporation with its principal place of business at 800 3rd Avenue, New York, NY 10022-7604.

18. On information and belief, Defendant Vivendi Universal, SA ("Vivendi"), is a French corporation with its principal place of business at 42 avenue de Friedland, 75380 Paris Cedex 08, France.

19. On information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), is a Delaware corporation with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas, 72716. Defendant Wal-Mart's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

20. On information and belief, Defendant The Disney Gift Card Services, Inc. ("Disney"), is a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

21. On information and belief, Defendant Western Union Financial Services, Inc. ("Western Union"), is a Colorado corporation with its principal place of business at 12500 East Belford Avenue, Englewood, Colorado 80112. Defendant Western Union's registered agent in Texas is Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

22. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

24. On information and belief, Defendant Bank of America is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

25. On information and belief, Defendant Blaze is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

26. On information and belief, Defendant Capital One is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27. On information and belief, Defendant Enable is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28. On information and belief, Defendant Google is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29. On information and belief, Defendant Green Dot is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30. On information and belief, Defendant Javien is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31. On information and belief, Defendant JPMorgan is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32. On information and belief, Defendant MasterCard is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33. On information and belief, Defendant Meta is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34. On information and belief, Defendant M&T is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35. On information and belief, Defendant Obopay is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36. On information and belief, Defendant Sonic is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37. On information and belief, Defendant Visa is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38. On information and belief, Defendant Vivendi U.S. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39. On information and belief, Defendant Vivendi is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40. On information and belief, Defendant Wal-Mart is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

41. On information and belief, Defendant Disney is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

42. On information and belief, Defendant Western Union is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,328,189**

43. Plaintiff is the exclusive licensee of United States Patent No. Pat. No. 7,328,189 ("the '189 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." Plaintiff exclusively holds all enforceable rights in the '189 patent, including the right to sue for past infringement. The '189 Patent issued on February 5, 2008. A true and correct copy of the '189 Patent is attached as Exhibit A.

44. Upon information and belief, Defendant Bank of America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a

second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Bank of America exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Bank of America is marketing, distributing, using, selling, or offering to sell the following products and/or services: Bank of America Cashpay Visa Payroll Cards; Bank of America Visa Gift Cards; and Bank of America Commercial Prepaid Cards. Defendant Bank of America is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

45. Upon information and belief, Defendant Blaze has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Blaze exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent

products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Blaze is marketing, distributing, using, selling, or offering to sell its Blaze Mobile Wallet products and/or services. Defendant Blaze is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

46. Upon information and belief, Defendant Capital One has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Capital One exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Capital One is marketing, distributing, using, selling, or offering to sell the following products and/or services: Capital One Gift Card; and Capital One Loyalty Card. Defendant Capital One is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

47. Upon information and belief, Defendant Enable has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or

services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Enable exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Enable is marketing, distributing, using, selling, or offering to sell its uBID online auction products and/or services. Defendant Enable is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48. Upon information and belief, Defendant Google has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second

vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Google exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Google is marketing, distributing, using, selling, or offering to sell its Google Checkout products and/or services. Defendant Google is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49. Upon information and belief, Defendant Green Dot has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Green Dot exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Green Dot is marketing, distributing, using, selling, or offering to sell the following products and/or services: Green Dot Prepaid Visa; and Green Dot Prepaid MasterCard. Defendant Green Dot is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50. Upon information and belief, Defendant Javien has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Javien exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Javien is marketing, distributing, using, selling, or offering to sell its Javien Micropay products and/or services. Defendant Javien is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51. Upon information and belief, Defendant JPMorgan has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a

second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  Alternatively, upon information and belief, Defendant JPMorgan exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users.  For example, without limitation, Defendant JPMorgan is marketing, distributing, using, selling, or offering to sell the following products and/or services: Chase Gift Card; Chase Payroll Card; Chase Employee Incentive Card; Chase Rebate Card; Chase University Card; and Chase Claim Payment Card.  Defendant JPMorgan is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52. Upon information and belief, Defendant MasterCard has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  Alternatively, upon information and belief, Defendant MasterCard exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase

or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant MasterCard is marketing, distributing, using, selling, or offering to sell the following products and/or services: MasterCard Prepaid Cards (e.g., Achieve Card; All-Access Card, CashPass Card); MasterCard Gift Cards; and MasterCard Payroll Card. Defendant MasterCard is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53. Upon information and belief, Defendant Meta has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Meta exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Meta is marketing, distributing, using, selling, or offering to sell the following products and/or services: Facecard prepaid MasterCard; All Access prepaid MasterCard; All Access prepaid Visa; READYdebit Card; SilverCard prepaid MasterCard; The BuyRIGHT prepaid MasterCard; and Upside Visa prepaid Card. Defendant Meta is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54. Upon information and belief, Defendant M&T has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant M&T exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant M&T is marketing, distributing, using, selling, or offering to sell the following products and/or services: Prepaid Visa RushCard; Baby Phat Prepaid Visa RushCard; and Hilary Duff Visa Gift Card. Defendant M&T is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55. Upon information and belief, Defendant Obopay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account

for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Obopay exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users. For example, without limitation, Defendant Obopay is marketing, distributing, using, selling, or offering to sell the following products and/or services: Obopay; and Obopay prepaid MasterCard. Defendant Obopay is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

56. Upon information and belief, Defendant Visa has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. Alternatively, upon information and belief, Defendant Visa exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent

products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users.  For example, without limitation, Defendant Visa is marketing, distributing, using, selling, or offering to sell the following products and/or services: Visa Buxx, Visa TravelMoney, Visa Payroll, Visa Healthcare, and Visa Reloadable Prepaid. Defendant Visa is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57.  Upon information and belief, Defendant Disney has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  Alternatively, upon information and belief, Defendant Disney exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users.  For example, without limitation, Defendant Disney is marketing, distributing, using, selling, or offering to sell the following products and/or services: ESPN Shop GiftCard; ESPN Shop Gift Certificate; and Disney Online Gift Card.  Defendant Disney is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58.  Upon information and belief, Defendant Western Union has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  Alternatively, upon information and belief, Defendant Western Union exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users.  For example, without limitation, Defendant Western Union is marketing, distributing, using, selling, and offering to sell the following products and/or services: MasterCard and Visa Prepaid reloadable cards; and Western Union's QuickPay products/services.  Defendant Western Union is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,249,099

59.  Plaintiff is the exclusive licensee of United States Patent No. 7,249,099 ("the '099 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  The '099 Patent issued on July 24, 2007. Plaintiff exclusively holds all enforceable rights in the '099 patent, including the right to sue for past infringement.  A true and correct copy of the '099 Patent is attached as Exhibit B.

60.  Upon information and belief, Defendant Bank of America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Bank of America is marketing, distributing, using, selling, or offering to sell the following products and/or services: Bank of America Cashpay Visa Payroll Cards; Bank of America Visa Gift Cards; and Bank of America Commercial Prepaid Cards. Defendant Bank of America is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

61. Upon information and belief, Defendant Blaze has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either

the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Blaze is marketing, distributing, using, selling, or offering to sell its Blaze Mobile Wallet products and/or services.  Defendant Blaze is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62.  Upon information and belief, Defendant Capital One has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server.  The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Capital One is marketing, distributing, using, selling, or offering to sell the following products and/or services: Capital One Gift Card; and Capital One Loyalty Card.  Defendant Capital One is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63. Upon information and belief, Defendant Enable has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Enable is marketing, distributing, using, selling, or offering to sell its uBID online auction products and/or services. Defendant Enable is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

64. Upon information and belief, Defendant Google has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either

the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Google is marketing, distributing, using, selling, or offering to sell its Google Checkout products and/or services. Defendant Google is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

65. Upon information and belief, Defendant Green Dot has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Green Dot is marketing, distributing, using, selling, or offering to sell the following products and/or services: Green Dot Prepaid Visa; and Green Dot Prepaid MasterCard. Defendant Green Dot is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

66. Upon information and belief, Defendant Javien has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Javien is marketing, distributing, using, selling, or offering to sell its Javien Micropay products and/or services. Defendant Javien is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

67. Upon information and belief, Defendant JPMorgan has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either

the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant JPMorgan is marketing, distributing, using, selling, or offering to sell the following products and/or services: Chase Gift Card; Chase Payroll Card; Chase Employee Incentive Card; Chase Rebate Card; Chase University Card; and Chase Claim Payment Card. Defendant JPMorgan is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

68. Upon information and belief, Defendant MasterCard has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant MasterCard is marketing, distributing, using, selling, or offering to sell the following products and/or services: MasterCard Prepaid Cards (e.g., Achieve Card; All-Access Card, CashPass Card); MasterCard Gift Cards; and MasterCard Payroll Card. Defendant

MasterCard is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

69. Upon information and belief, Defendant Meta has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Meta is marketing, distributing, using, selling, or offering to sell the following products and/or services: Facecard prepaid MasterCard; All Access prepaid MasterCard; All Access prepaid Visa; READYdebit Card; SilverCard prepaid MasterCard; The BuyRIGHT prepaid MasterCard; and Upside Visa prepaid Card. Defendant Meta is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

70. Upon information and belief, Defendant M&T has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service

provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant M&T is marketing, distributing, using, selling, or offering to sell the following products and/or services: Prepaid Visa RushCard; Baby Phat Prepaid Visa RushCard; and Hilary Duff Visa Gift Card. Defendant M&T is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

71. Upon information and belief, Defendant Obopay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example,

without limitation, Defendant Obopay is marketing, distributing, using, selling, or offering to sell the following products and/or services: Obopay; and Obopay prepaid MasterCard. Defendant Obopay is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

72. Upon information and belief, Defendant Sonic has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Sonic is marketing, distributing, using, selling, or offering to sell its CinemaNow products and/or services. Defendant Sonic is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

73. Upon information and belief, Defendant Visa has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service

provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Visa is marketing, distributing, using, selling, or offering to sell the following products and/or services: Visa Buxx, Visa TravelMoney, Visa Payroll, Visa Healthcare, and Visa Reloadable Prepaid. Defendant Visa is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

74. Upon information and belief, Defendant Vivendi has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example,

without limitation, Defendant Vivendi is marketing, distributing, using, selling, or offering to sell the following products and/or services: Vivendi music download (Universal Music Group); and Vivendi video download (Activision Blizzard). Defendant Vivendi is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

75. Upon information and belief, Defendant Wal-Mart has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Wal-Mart is marketing, distributing, using, selling, or offering to sell is Wal-Mart MP3 Music Download products and/or services. Defendant Wal-Mart is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

76. Upon information and belief, Defendant Disney has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service

provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Disney is marketing, distributing, using, selling, or offering to sell the following products and/or services: ESPN Shop GiftCard; ESPN Shop Gift Certificate; and Disney Online Gift Card. Defendant Disney is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

77. Upon information and belief, Defendant Western Union has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example,

without limitation, Defendant Western Union is marketing, distributing, using, selling, and offering to sell the following products and/or services: MasterCard and Visa Prepaid reloadable cards; and Western Union's QuickPay products/services. Defendant Western Union is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 7,177,838**

78. Plaintiff is the exclusive licensee of United States Patent No. 7,177,838 ("the '838 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." The '838 Patent issued on February 13, 2007. Plaintiff exclusively holds all enforceable rights in the '838 patent, including the right to sue for past infringement. A true and correct copy of the '838 Patent is attached as Exhibit C.

79. Upon information and belief, Defendant Blaze has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Blaze is marketing, distributing, using, selling, or offering to sell the following products and/or services: Blaze Mobile Wallet; and Blaze Movies.

Defendant Blaze is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

80. Upon information and belief, Defendant Disney has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Disney is marketing, distributing, using, selling, or offering to sell the following products and/or services: ESPN Shop Gift Certificate; and Disney Online Gift Card. Defendant Disney is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

81. Upon information and belief, Defendant Google has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical

manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Google is marketing, distributing, using, selling, or offering to sell the following products and/or services: Google Checkout; and Google Android Mobile. Defendant Google is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

82.     Upon information and belief, Defendant Javien has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without

requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Javien is marketing, distributing, using, selling, or offering to sell its Javien Micropay products and/or services. Defendant Javien is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

83.     Upon information and belief, Defendant Obopay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Obopay is marketing, distributing, using, selling, or offering to sell its Obopay products and/or services. Defendant Obopay is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

84.     Upon information and belief, Defendant Sonic has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The

infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Sonic is marketing, distributing, using, selling, or offering to sell its CinemaNow products and/or services. Defendant Sonic is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

85.    Upon information and belief, Defendant Vivendi U.S. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the

total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.  For example, without limitation, Defendant Vivendi U.S. is marketing, distributing, using, selling, or offering to sell the following products and/or services: Vivendi music download (Universal Music Group); and Vivendi video download (Activision Blizzard).  Defendant Vivendi U.S. is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

86.    Upon information and belief, Defendant Vivendi has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.  The infringing products or services are utilized to open a user account with a vendor for the user.  One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.  Each electronic token is associated with monetary value of at least a fraction of a dollar.  The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels.  The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.  The vendor web site computes a total price for the selected subset of products or services.  The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.  For example, without limitation, Defendant Vivendi is marketing, distributing, using, selling, or offering to sell the following products and/or services: Vivendi music download (Universal Music Group); and Vivendi video download (Activision Blizzard).  Defendant Vivendi is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

87.     Upon information and belief, Defendant Wal-Mart has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Wal-Mart is marketing, distributing, using, selling, or offering to sell is Wal-Mart MP3 Music Download products and/or services. Defendant Wal-Mart is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,376,621

88.     Plaintiff is the exclusive licensee of United States Patent No. 7,376,621 ("the '621 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." The '621 Patent issued on May 20, 2008. Plaintiff exclusively holds all enforceable rights in the '621 patent, including the right to sue for past infringement. A true and correct copy of the '621 Patent is attached as Exhibit D.

89.     Upon information and belief, Defendant Blaze has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant. The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor. The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value. The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens. The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user. For example, without limitation, Defendant Blaze is marketing, distributing, using, selling, or offering to sell its Blaze Movies products and/or services. Defendant Blaze is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

90. Upon information and belief, Defendant Google has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant. The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor. The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one

of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value. The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens. The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user. For example, without limitation, Defendant Google is marketing, distributing, using, selling, or offering to sell its Google Android Mobile products and/or services. Defendant Google is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

91.     Upon information and belief, Defendant Sonic has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant. The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor. The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value. The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens. The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user. For example, without limitation, Defendant Sonic is marketing, distributing, using, selling, or offering to sell its CinemaNow products and/or services. Defendant Sonic is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

92.   Upon information and belief, Defendant Vivendi U.S. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.   The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.   The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.   The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.   The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.   For example, without limitation, Defendant Vivendi U.S. is marketing, distributing, using, selling, or offering to sell the following products and/or services: Vivendi music download (Universal Music Group); and Vivendi video (Activision) download.   Defendant Vivendi U.S. is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

93.   Upon information and belief, Defendant Vivendi has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.   The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.   The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The

infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.  The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.  The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.  For example, without limitation, Defendant Vivendi is marketing, distributing, using, selling, or offering to sell the following products and/or services: Vivendi music download (Universal Music Group); and Vivendi video (Activision) download.  Defendant Vivendi is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

94.    Upon information and belief, Defendant Wal-Mart has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.  The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.  The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.  The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.  The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.  For example, without limitation,

Defendant Wal-Mart is marketing, distributing, using, selling, or offering to sell is Wal-Mart MP3 Music Download products and/or services. Defendant Wal-Mart is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

95. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '189 Patent;

2. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '099 Patent;

3. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '838 Patent;

4. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '621 Patent;

5. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '189 Patent;

6. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '099 Patent;

7. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '838 Patent;

8. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '621 Patent;

9. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '189 Patent as provided under 35 U.S.C. § 284;

10. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '099 Patent as provided under 35 U.S.C. § 284;

11. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '838 Patent as provided under 35 U.S.C. § 284;

12. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '621 Patent as provided under 35 U.S.C. § 284;

13. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this lawsuit, and that the Court award treble damages for the period of such willful infringement as provided under 35 U.S.C. § 284;

14. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

15. Any and all other relief to which Plaintiff may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 17, 2009

Respectfully Submitted,

**ACTUS, LLC**

By: /s/ William E. "Bo" Davis, III

William E. "Bo" Davis III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Phone: 903-230-9090
Fax: 903-230-9661

**ATTORNEY FOR PLAINTIFF
ACTUS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email or process server.

/s/ William E. Davis, III
William E. Davis, III