# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORP.; <br> BLAZE MOBILE, INC.; <br> CAPITAL ONE FINANCIAL CORP.; <br> ENABLE HOLDINGS, INC.; <br> GOOGLE, INC.; <br> GREEN DOT CORP.; <br> JAVIEN DIGITAL PAYMENT <br>    SOLUTIONS, INC.; <br> JPMORGAN CHASE & CO.; <br> MASTERCARD INTERNATIONAL INC.; <br> META FINANCIAL GROUP, INC.; <br> M&T BANK CORP.; <br> SONIC SOLUTIONS; <br> VISA, INC.; <br> VIVENDI UNIVERSAL U.S. HOLDING <br>    CO.; <br> VIVENDI UNIVERSAL S.A.; <br> WAL-MART STORES, INC.; <br> DISNEY GIFT CARD SERVICES, INC.; <br> WESTERN UNION FINANCIAL <br>    SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 2:09-cv-102-TJW <br><br> JURY TRIAL DEMANDED |

**DEFENDANT DISNEY GIFT CARD SERVICES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Disney Gift Card Services, Inc. ("DGCS") hereby files its answer, affirmative defenses, and counterclaims to the Second Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Actus, LLC ("Plaintiff"). Except as expressly admitted below, DGCS denies each and every allegation contained in Plaintiff's Second Amended Complaint for Patent Infringement. Specifically, DGCS responds as follows:

1. DGCS admits that the Complaint purports to set forth an action for patent infringement. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 1 of the Complaint.

## PARTIES

2. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. DGCS denies the allegations contained in paragraph 20 of the Complaint.

21. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

**JURISDICTION AND VENUE**

22. DGCS admits that the Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, and that subject matter jurisdiction for such a cause of action is provided for under 28 U.S.C. §§ 1331 and 1338(a). DGCS denies any remaining allegations of paragraph 22 of the Complaint.

23. DGCS denies the allegations contained in paragraph 23 of the Complaint.

24. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. DGCS denies the allegations contained in paragraph 41 of the Complaint.

42. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,328,189

43. DGCS admits that, on its face, U.S. Patent No. 7,328,189 ("the '189 patent") bears an issue date of February 5, 2008, and is entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." DGCS admits that a purported copy of the '189 patent is attached to the Complaint as Exhibit A. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint.

44. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. DGCS denies the allegations contained in paragraph 57 of the Complaint.

58. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,249,099

59. DGCS admits that, on its face, U.S. Patent No. 7,249,099 ("the '099 patent") bears an issue date of July 24, 2007, and is entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." DGCS admits that a purported copy of the '099 patent is attached to the Complaint as Exhibit B. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Complaint.

60. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. DGCS denies the allegations contained in paragraph 76 of the Complaint.

77. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,177,838

78. DGCS admits that, on its face, U.S. Patent No. 7,177,838 ("the '838 patent") bears an issue date of February 13, 2007, and is entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." DGCS admits that a purported copy of the '838 patent is attached to the Complaint as Exhibit C. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Complaint.

79. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. DGCS denies the allegations contained in paragraph 80 of the Complaint.

81. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,376,621

88. DGCS admits that, on its face, U.S. Patent No. 7,376,621 ("the '621 patent") bears an issue date of May 20, 2008, and is entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." DGCS admits that a purported copy of the '621 patent is attached to the Complaint as Exhibit D. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Complaint.

89. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94. DGCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

## 95. PRAYER FOR RELIEF

Paragraphs 1-15 of the Prayer for Relief are a request for relief, and as such, do not require an admission or denial. Nevertheless, DGCS denies that Plaintiff is entitled to the requested relief with respect to DGCS. DGCS lacks knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to the request relief with respect to the other defendants. DGCS denies the remaining allegations, if any, contained in paragraphs 1-15 of the Prayer for Relief.

## DEFENSES

In addition to the defenses alleged herein, DGCS reserves the right to allege additional defenses as they become known during the course of discovery.

## FIRST DEFENSE
### (Noninfringement)

96. DGCS has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '099 patent, either literally or under the doctrine of equivalents.

97. DGCS has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

98. DGCS has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '838 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

99. One or more claims of the '099 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

100. One or more claims of the '189 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

101. One or more claims of the '838 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE
### (Estoppel/Laches/Waiver)

102. One or more of Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

## FOURTH DEFENSE
### (Lack of Joinder)

103. One or more of Plaintiff's claims is barred, in whole or in part, by its failure to join one or more necessary and/or indispensable parties.

## FIFTH DEFENSE
### (Limitation on Remedies)

104. Upon information and belief, Plaintiff is precluded under 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '099 patent that occurred prior to Plaintiff providing DGCS with actual and specific notice of alleged infringement.

105. Upon information and belief, Plaintiff is precluded under 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '189 patent that occurred prior to Plaintiff providing DGCS with actual and specific notice of alleged infringement.

106. Upon information and belief, Plaintiff is precluded under 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '838 patent that occurred prior to Plaintiff providing DGCS with actual and specific notice of alleged infringement.

107. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## SIXTH DEFENSE
### (Standing)

108. Upon information and belief, Plaintiff lacks standing to bring a cause of action for patent infringement as to the asserted patents.

## COUNTERCLAIMS

For its counterclaims against Plaintiff Actus, LLC ("Actus"), Counterclaimant Disney Gift Card Services, Inc. alleges as follows:

## PARTIES

1. Counterclaimant Disney Gift Card Services, Inc. ("DGCS") is a Florida corporation with its principal place of business at 1675 Buena Vista Drive, Suite 505, Lake Buena Vista, Florida 32830.

2. Upon information and belief, counterclaimant-defendant Actus is a Texas limited liability company with its principal place of business at 201 W. Houston, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Actus and venue is proper in this Court because this is the Court in which Actus instituted this action.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,249,099)

5. DGCS incorporates by reference each and every allegation contained in the preceding paragraphs of DGCS's counterclaims.

6. In its Complaint, Actus alleges that DGCS infringes the '099 patent. DGCS has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '099 patent, either literally or under the doctrine of equivalents.

7. An actual and justiciable controversy requiring declaratory relief exists between Actus and DGCS as evidenced by Actus' filing of the Complaint alleging infringement of the '099 patent by DGCS.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,328,189)**

8. DGCS incorporates by reference each and every allegation contained in the preceding paragraphs of DGCS's counterclaims.

9. In its Complaint, Actus alleges that DGCS infringes the '189 patent. DGCS has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

10. An actual and justiciable controversy requiring declaratory relief exists between Actus and DGCS as evidenced by Actus' filing of the Complaint alleging infringement of the '189 patent by DGCS.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,177,838)**

11. DGCS incorporates by reference each and every allegation contained in the preceding paragraphs of DGCS's counterclaims.

12. In its Complaint, Actus alleges that DGCS infringes the '838 patent. DGCS has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any

valid and enforceable claim of the '838 patent, either literally or under the doctrine of equivalents.

13. An actual and justiciable controversy requiring declaratory relief exists between Actus and DGCS as evidenced by Actus' filing of the Complaint alleging infringement of the '838 patent by DGCS.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,249,099)

14. DGCS incorporates by reference each and every allegation contained in the preceding paragraphs of DGCS's counterclaims.

15. By its allegations of infringement, Actus has asserted that the '099 patent is valid.

16. One or more claims of the '099 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

17. An actual and justiciable controversy requiring declaratory relief exists between Actus and DGCS as evidenced by Actus' filing of the Complaint alleging infringement of the '099 patent by DGCS.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,328,189)

18. DGCS incorporates by reference each and every allegation contained in the preceding paragraphs of DGCS's counterclaims.

19. By its allegations of infringement, Actus has asserted that the '189 patent is valid.

20. One or more claims of the '189 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

21. An actual and justiciable controversy requiring declaratory relief exists between Actus and DGCS as evidenced by Actus' filing of the Complaint alleging infringement of the '189 patent by DGCS.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,177,838)

22. DGCS incorporates by reference each and every allegation contained in the preceding paragraphs of DGCS's counterclaims.

23. By its allegations of infringement, Actus has asserted that the '838 patent is valid.

24. One or more claims of the '838 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

25. An actual and justiciable controversy requiring declaratory relief exists between Actus and DGCS as evidenced by Actus' filing of the Complaint alleging infringement of the '838 patent by DGCS.

## PRAYER FOR RELIEF

WHEREFORE, DGCS prays for an order entering judgment as follows:

A. Denying all claims for relief set forth in the Complaint and entering judgment in favor of DGCS and against Actus on all claims;

B. Declaring that DGCS has not infringed directly, jointly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '099 patent;

C. Declaring that DGCS has not infringed directly, jointly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '189 patent;

D. Declaring that DGCS has not infringed directly, jointly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '838 patent;

E. Declaring each claim of the '099 patent to be invalid;

F. Declaring each claim of the '189 patent to be invalid;

G. Declaring each claim of the '838 patent to be invalid;

H. Awarding DGCS its costs in this matter;

I. Awarding DGCS its attorneys' fees pursuant to 35 USC § 285; and

J. Awarding such other and further relief as the Court deems proper and just.

## JURY TRIAL DEMANDED

DGCS hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | Respectfully submitted, |
| DATE: September 8, 2009 | By: */s/ Robert Christopher Bunt* <br> Robert Christopher Bunt <br> State Bar No. 00787165 <br> Parker, Bunt & Ainsworth, PC <br> 100 East Ferguson, Suite 1114 <br> Tyler, Texas 75702 <br> (903) 531-3535 <br> (903) 533-9687 (fax) <br> rcbunt@pbatyler.com |
| OF COUNSEL: | ATTORNEYS FOR DEFENDANT <br> DISNEY GIFT CARD SERVICES, INC. |
| David E. Sipiora (Lead Attorney) <br>   CO Bar No. 29759 <br> Ryan D. Phillips <br>   CO Bar No. 38234 <br> TOWNSEND AND TOWNSEND AND CREW LLP <br> 1400 Wewatta St., Suite 600 <br> Denver, CO 80202 <br> (303) 571-4000 <br> (303) 571-4321 (fax) <br> desipiora@townsend.com <br> rdphillips@townsend.com | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing pursuant to Local Rule CV-5(d) via email or facsimile transmission, or by first class mail this 8th day of September 2009.

>  */s/ Robert Christopher Bunt*
> ROBERT CHRISTOPHER BUNT

62202661 v2