IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ACTUS, LLC

                             Plaintiff,

         -versus-

BANK OF AMERICA CORP., et al.

                            Defendants.

**Civil Action No: 2:09-cv-102 (TJW)**

**JURY TRIAL DEMANDED**

**JOINT MOTION OF DEFENDANTS BANK OF AMERICA, CAPITAL ONE, ENABLE HOLDINGS, GREEN DOT, JPMORGAN, MASTERCARD, META, M&T BANK, AND VISA TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6), AND <u>MEMORANDUM OF LAW IN SUPPORT</u>**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ............................... 4

THE ASSERTED PATENTS ................................................................................ 4

ARGUMENT ......................................................................................................... 7

I.      LEGAL STANDARDS ................................................................................ 7

II.     COUNT I OF THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED
        AS TO THE MOVING DEFENDANTS BECAUSE IT FAILS TO ALLEGE A
        PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION ................................. 9

        A.      There Is No Allegation That Each Defendant Practices All Of The Claim
                Limitations ....................................................................................... 9

        B.      The Single Sentence Added To Count I For Each Defendant Is Insufficient To
                State A Claim Of Joint Infringement ................................................... 10

        C.      There Can Be No Indirect Infringement Because There Is No Direct Infringer .. 13

III.    COUNT II OF THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED
        AS TO THE MOVING DEFENDANTS BECAUSE IT FAILS TO ALLEGE A
        PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION ............................... 14

        A.      There Is No Allegation That Each Defendant Practices All Of The Claim
                Limitations ....................................................................................... 14

        B.      Count II Includes No Allegations Of Joint Infringement ..................................... 15

        C.      There Can Be No Indirect Infringement Because There Is No Direct Infringer .. 16

CONCLUSION ...................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

Page

*Ashcroft v. Iqbal,*
    __ U.S. __, 129 S. Ct. 1937 (2009)......................................................2, 3, 7, 10, 11, 12

*Acco Brands, Inc. v. ABA Locks Mfg. Co.,*
    501 F.3d 1307 (Fed. Cir. 2007)......................................................................13

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.,*
    No. C-09-1360, 2009 WL 1974602 (N.D. Cal. July 8, 2009) ...........................10

*BMC Resources, Inc. v. Paymentech, L.P.,*
    498 F.3d 1373 (Fed. Cir. 2007)..............................................1, 8, 10, 12, 13, 14

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................2, 3, 4, 7, 8, 10, 11, 12

*Cross Med. Prods. v. Medtronic Sofamor Danek,*
    424 F.3d 1293 (Fed. Cir. 2005)...........................................................2, 7, 14

*Desenberg v. Google, Inc.,*
    No. 09-Civ-10121, 2009 WL 2337122 (S.D.N.Y. July 30, 2009)....................12

*Emtel, Inc. v. Lipidlabs, Inc.,*
    583 F. Supp. 2d 811 (S.D. Tex. 2008) .............................................................9

*Friday Group v. Ticketmaster,*
    No. 08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) ..................4, 11, 12, 15

*Fromson v. Advance Offset Plate, Inc.,*
    720 F.2d 1565 (Fed. Cir. 1983)......................................................................2

*Global Patent Holdings, LLC v. Panthers BRHC LLC,*
    586 F. Supp. 2d 1331 (S.D. Fl. 2008)......................................4, 12, 13, 15, 16

*Golden Hour Data Sys., Inc. v. emsCharts Inc.,*
    No. 06-CV-381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009)..................2, 7, 8, 12

*Jones v. Greninger,*
    188 F.3d 322 (5th Cir. 1999) .........................................................................13

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ......................................................8

*Lovelace v. Software Spectrum, Inc.*,
   78 F.3d 1015 (5th Cir. 1996) ....................................................1

*MuniAuction, Inc. v. Thompson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008)...........................................2, 8, 12

*Taubenfeld v. Hotels.com*,
   385 F. Supp. 2d 587 (N.D. Tex. 2004) .........................................13

*Wahpeton Canvas Co., Inc. v. Frontier, Inc.*,
   870 F.2d 1546 (Fed. Cir. 1989).................................................6

## STATUTES AND RULES

Fed. R. Civ. P. 8 ...............................................................2, 7, 10

Fed. R. Civ. P. 12 ..........................................................1, 4, 9, 13, 16

Local Civil Rule 7(a)(1).........................................................4

Defendants Bank of America Corporation ("Bank of America"), Capital One Financial Corporation ("Capital One"), Enable Holdings, Inc. ("Enable Holdings"), Green Dot Corp. ("Green Dot"), JPMorgan Chase & Co. ("JPMorgan"), MasterCard International Incorporated ("MasterCard"), Meta Financial Group, Inc. ("Meta"), M&T Bank Corp. ("M&T"), and Visa Inc. ("Visa") (the "Moving Defendants") submit this memorandum in support of their joint motion to dismiss Counts I and II of the Second Amended Complaint for Patent Infringement ("SAC") of Plaintiff Actus, LLC ("Actus") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Several Defendants previously moved to dismiss Actus's First Amended Complaint as defective for failing to make any allegations regarding joint infringement. *See* Docket Nos. 58, 77, 101, 104, 114, 128, 142. The parties then stipulated that Actus could amend its complaint (the SAC at issue in this motion), and that Defendants could withdraw their motions without prejudice to assert them in view of the amendments. *See* Docket No. 170. Now given a second opportunity, Actus has again failed to plead facts supporting a plausible theory of joint infringement, and the Moving Defendants therefore respectfully move to dismiss.

## PRELIMINARY STATEMENT

The patents at issue in this motion involve methods of conducting e-commerce using "tokens" generated and exchanged among multiple entities, and claimed inventions require the combined action of several parties.[1] Generally, where no single party performs all of the steps of the claim or forms the completed apparatus, there can be no direct infringement. *See BMC*

---

[1] *See* SAC, Ex. A (U.S. Patent No. 7,328,189 (hereinafter the "'189 Patent")), claim 1 (reciting the activities of at least a "user," a "first member vendor," and a "second member vendor"); SAC, Ex. B (U.S. Patent No. 7,249,099 (hereinafter the "'099 Patent")), claim 1 (reciting the activities of at least a "user," a "first vendor," a "second vendor," and a "mall service provider server"). The patents are both attached as exhibits to the Second Amended Complaint, and therefore can be considered by the Court in deciding this motion under Rule 12. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

*Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007) (citing *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1568 (Fed. Cir. 1983), and *Cross Med. Prods. v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005)). There is a narrow exception, however, sometimes referred to as "joint infringement." *Id.* A claim based on joint infringement requires proof that a single "mastermind" defendant exercised such "control or direction" over the other participants that the mastermind can be found vicariously liable for the conduct of the other entities. *MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008); *Golden Hour Data Sys., Inc. v. emsCharts Inc.*, No. 06-CV-381, 2009 WL 943273, at *3 (E.D. Tex. Apr. 3, 2009).

To survive the Moving Defendants' motion to dismiss, the complaint must satisfy the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure, as recently construed by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937 (2009). The *Twombly/Iqbal* analysis is applicable to "all civil actions," regardless of the subject matter. *Iqbal*, 129 S. Ct. at 1953. Under the "two-pronged approach" of this analysis, the complaint is first reviewed to identify allegations "that are not entitled to the assumption of truth" because they are "labels and conclusions" or are "naked assertions devoid of further factual enhancement." *Id.* at 1940, 1949-50. After disregarding those conclusory allegations, the remaining allegations are reviewed to determine whether they "plausibly suggest an entitlement to relief." *Id.* at 1951. In carrying out this analysis, the Supreme Court has said "where the[se] well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has ***alleged*** – but it has not "***show[n]***" – "that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)) (emphasis supplied). Importantly, in performing the plausibility analysis, the factual allegations must be

reviewed to determine whether they "plausibly establish" an entitlement to relief in view of "more likely explanations" for the facts as alleged. *Id*. at 1951.

Here, Actus has failed to allege *any* facts supporting its theory of joint infringement, instead improperly reciting labels and conclusions of "direction and control." Accordingly, Counts I and II of the Second Amended Complaint must therefore be dismissed.

With respect to Count I alleging infringement of the '189 Patent, Actus adds a new sentence to the allegations in its earlier (deficient) First Amended Complaint, alleging that each Defendant "exercises direction and control over the user and vendors of its products and services." *See, e.g.*, SAC ¶¶ 46 (Capital One), 52 (MasterCard). These conclusory allegations are made "upon information and belief," are unsupported by any factual allegations, and are insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949-50. Even if these allegations were deemed to be factual in nature, rather than improper legal conclusions, they do not support a "plausible" theory of joint infringement because there is no basis to conclude, for example, that the Moving Defendants direct or control individual users in "purchasing or renting products or services." The suggestion that individual users do not independently decide whether to purchase goods or services using their payment cards is simply not plausible. *See* '189 Patent, claim 1. Accordingly, dismissal of Count I against the Moving Defendants is proper.

Count II alleges infringement of the '099 Patent by the Moving Defendants, but similarly recites no facts supporting a plausible infringement theory. *See, e.g.*, SAC ¶¶ 62 (Capital One), 68 (MasterCard). Indeed, this Count lacks even the conclusory allegations of direction or control of Count I. Instead, the allegations of Count II methodically track the steps of method claim 1, which require the combined actions of multiple entities, such as a user and two vendors; but,

nowhere does Actus identify or state that each Defendant is a "mastermind" or explain how each

Defendant could be vicariously liable for the acts of the other participants. Again, Actus's

conclusory allegations of infringement are insufficient to survive a motion to dismiss. *See*

*Twombly*, 550 U.S. at 555.

When faced with nearly identical deficient allegations of joint infringement, other courts

have dismissed the complaint under Rule 12 for failure to state an actionable claim. *See Global*

*Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335-36 (S.D. Fl. 2008);

*Friday Group v. Ticketmaster*, No. 08-CV-01203, 2008 WL 5233078, at *3-4 (E.D. Mo. Dec. 12,

2008).

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Pursuant to Local Civil Rule 7(a)(1), the issues to be decided by the Court in connection

with this motion are as follows:

1.  Whether Count I of the SAC against the Moving Defendants should be dismissed
    with prejudice under Rule 12(b)(6) for failure to state an actionable claim of
    infringement, especially where the patent claims at issue require the combined
    action of several entities, and Plaintiff pleads only conclusory, implausible
    allegations of "control or direction" over unidentified vendors and Internet users
    allegedly involved in practicing the claim limitations.

2.  Whether Count II of the SAC against the Moving Defendants should be dismissed
    with prejudice under Rule 12(b)(6) for failure to state an actionable claim of
    infringement, especially where the patent claims at issue require the combined
    action of several entities, and Plaintiff has not pled the existence of a single
    "mastermind" that exercised the necessary "control or direction" over unidentified
    vendors and Internet users allegedly involved in practicing the claim limitations.

## THE ASSERTED PATENTS

This motion pertains to two patents asserted against the Moving Defendants: the '189

Patent and the '099 Patent. The '099 Patent is a continuation of the '189 Patent, and both are

entitled "Method and Apparatus for Conducting Electronic Commerce Using Electronic

Tokens." SAC, Exs. A and B. The patents relate to electronic currency systems. According to

the patents, prior art electronic cash was issued by a central organization to a user, and the electronic cash was redeemable at various merchants. *See* '189 Patent, col. 2, lns. 39-67. A central bank was required to "convert between real currency and electronic currency" to complete a transaction with a merchant. *Id.* The asserted patents are directed to purported deficiencies in these prior art systems, including those described in the "numerous patents on electronic currency" that predate the asserted patents' filing date. *Id.* at col. 3, lns. 34-35. One notable characteristic of prior art systems that the asserted patents sought to overcome was the problem of having to rely on "a central organization, such as a bank." *Id.* at col. 3, lns. 44-55. Thus, the patents discuss giving the merchant/vendor "complete control over the sale and distribution of electronic currency or tokens that may be used to purchase products and services from that vendor." *Id.* at col. 4, lns. 1-4. Additionally, the patents discuss giving a user registered at a first vendor the ability to purchase goods or services from a second vendor "seamlessly, without requiring the same user to re-register with other vendors." *Id.* at col. 4, lns. 5-9.

The claims are directed to techniques involving (1) the issuance of tokens of a "first type" by a "first member vendor" to a "user"; (2) exchanging tokens of the first type for tokens of a "second type," issued by a "second member vendor"; (3) the purchase of products by the user from the second member vendor; and (4) transferring compensation from the first member vendor to the second member vendor. Therefore, the claims involve at least three entities: (1) the user; (2) the first vendor; and (3) the second vendor. The relevant independent claims are set out below.

The '189 Patent contains one independent claim,[2] which is a method claim reciting:

1.  A method of conducting electronic commerce, the method comprising:

opening a user account with **a first member vendor**;

issuing electronic tokens of a first type to **a user**, and adding the electronic tokens to a user account maintained by the first member vendor:

exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by **a second member vendor**;

**purchasing or renting products or services through the second member vendor** using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens the second type; and

transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type.

(emphasis added).

The '099 Patent contains two independent claims, and adds steps performed by an additional entity – the "mall service provider server."  Claim 1 recites:

1.  A method for conducting electronic commerce comprising:

providing a first web server **at a first vendor** that accepts electronic tokens of a first type;

providing a second web server **at a second vendor** accepts electronic tokens of a second type;

providing **a mall service provider server** that communicates with the first web server and the second web server to facilitate electronic commerce therebetween;

issuing a plurality of electronic tokens of the first type from the mall service provider server to the first web server, the electronic tokens adapted for use in electronic transactions for purchase or rental of products or services from the first web server or the second web server;

---

[2]   The remaining claims are dependent claims, and therefore cannot be infringed if claim 1 is not infringed. *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552, 1553 & n.9 (Fed. Cir. 1989).

issuing a subset of the plurality of tokens of the first type **to a user**;

maintaining a first database in the mall service provider server, the first database including account information for the first web server; and

for electronic transactions conducted at the second web server of the second vendor **using electronic tokens of the first type to purchase products or services**, transferring compensation from the first web server to the second web server of the second vendor in an amount equal to the value of the electronic tokens of the second type.

(emphasis added).

Claim 16 of the '099 Patent is an independent claim directed to a server operated by a "mall service provider." The claim expressly requires a network interface that communicates with "a first web server of a first vendor and a second web server of a second vendor." But the claim goes further and expressly recites characteristics of those web servers (*i.e.*, that the first web server of a first vendor accepts electronic tokens of a first type, and the second web server of the second vendor accepts tokens of a second type), and therefore requires a first web server of a first vendor and a second web server of a second vendor. Accordingly, claim 16 raises similar joint infringement issues as are raised in claim 1. *See Cross*, 424 F.3d at 1311; *Golden Hour*, 2009 WL 943273, at *2-3 (applying the joint infringement doctrine to a system claim).

## ARGUMENT

### I.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8 requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule obligates plaintiffs to provide sufficient detail to establish the "grounds" for relief. *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at

1949.  A district court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.  Accordingly, to survive a motion to dismiss on the pleadings, the complaint must allege "enough facts to state a claim to relief that is ***plausible*** on its face."  *Id.* at 570 (emphasis added).  As discussed below, Actus has failed to meet that standard in its Second Amended Complaint, and dismissal is therefore proper.

In order to state a claim for patent infringement, the patentee must allege that the accused infringer has practiced ***every*** element of at least one claim of the asserted patent.  *See BMC Resources*, 498 F.3d at 1380 ("Infringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention.").  To allege direct infringement of a method claim, the plaintiff must allege that the accused defendant performs each and every step of the claimed method.  *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993).  To allege direct infringement of a system claim, the plaintiff must allege that the accused defendant formed the completed system.  *See BMC Resources*, 498 F.3d at 1380.  Thus, regardless of the type of patent claim at issue, in order to state an actionable claim, the plaintiff must state that "some party amongst the accused actors has committed the entire act of direct infringement."  *Id.* at 1379.

This standard can cause "difficulty" to a patentee where, as here, the patents recite that "different parties perform different acts within one claim."  *Id.* at 1381 (referring to such patent claims as "ill-conceived").  It is sometimes possible to bring such a claim, but only where the plaintiff plausibly alleges that a single "mastermind" defendant exercised "control or direction" over the other participants involved in carrying out the claimed invention such that the mastermind can be found vicariously liable for the conduct of the other entities.  *MuniAuction, Inc.*, 532 F.3d at 1329-30; *Golden Hour*, 2009 WL 943273, at *3 ("to prove joint infringement,

the patent holder must prove that 'one party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.* the mastermind'"); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 827-40 (S.D. Tex. 2008) ("for liability to attach, the 'mastermind' must so control the third party in its performance of the infringing steps that the third party does so as the defendant's agent"). The Second Amended Complaint does not, and therefore cannot state a plausible claim under this test.

## II. COUNT I OF THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE MOVING DEFENDANTS BECAUSE IT FAILS TO ALLEGE A PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION

### A. There Is No Allegation That Each Defendant Practices All Of The Claim Limitations

Actus makes similar allegations against each of the Moving Defendants, alleging that each Defendant infringes by "marketing, distributing, using, selling, or offering to sell" various cards or payment card offerings. *See, e.g.*, SAC ¶¶ 46 (Capital One), 52 (MasterCard).[3] Nowhere in Count I, however, is there any allegation that each Defendant simultaneously plays the role of the three entities recited in the claims of the '189 Patent (*i.e.*, the user, the first vendor, and the second vendor). For example, Actus does not – and indeed cannot – allege that each Defendant performs the step of "purchasing or renting products or services through the second member vendor." '189 Patent, claim 1. Indeed, Actus alleges that it is a user, not each Defendant, that allegedly performs this step. *See, e.g.*, SAC ¶ 46 ("the users to purchase or rent products or services only through second member vendors"). Actus likewise states that a second member vendor, not each Defendant, allegedly "issue[s] the electronic tokens of the second type." *See, e.g.*, *id*. Thus, the factual allegations as to each of the Moving Defendants in Count I

---

[3]    The Moving Defendants deny any allegation that they issue, sell, or are otherwise involved in the distribution of the accused products. However, for the limited purpose of this motion to dismiss under Rule 12, the Moving Defendants have assumed those allegations are true.

of the Second Amended Complaint are facially insufficient to state a claim for direct

infringement of the '189 Patent. *See BMC Resources*, 498 F.3d at 1379.

### B. The Single Sentence Added To Count I For Each Defendant Is Insufficient To State A Claim Of Joint Infringement

Recognizing the pleading deficiencies in Count I of the First Amended Complaint, which

made no allegations at all regarding joint infringement, Actus has now added one sentence

stating an "alternative" theory for each Defendant. Actus alleges, as to each Defendant:

> Alternatively, upon information and belief, Defendant [] *exercises direction and control over the users and vendors of its products and services* in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors *such that it is vicariously liable for the actions of the second vendors and users*.

*See, e.g.* SAC ¶¶ 44-58 (emphasis added).

The single new sentence, however, is nothing more than the mere "formulaic recitation of

the elements of a cause of action" that the Supreme Court has deemed insufficient under Rule 8.

*See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 550. As *Iqbal* held, such "naked assertions

devoid of further factual enhancement" do not suffice. 129 S. Ct. at 1949 (internal quotations

omitted). Actus was required to assert sufficient factual content to allow the Court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But nowhere

in Count I does Actus allege facts that could satisfy this standard. For example, there are no

facts alleged from which the Court could reasonably infer that each Defendant is an alleged

"mastermind," that each Defendant directs and controls users and vendors, or that Defendants

could be vicariously liable for the actions of those users and vendors.[4] In such circumstances,

---

[4] The Second Amended Complaint fails to provide any information as to what users and vendors of what products and services are allegedly being controlled by the Moving Defendants. Courts have dismissed claims in analogous circumstances where a plaintiff alleges indirect infringement but fails to identify the alleged direct infringer. *See, e.g.*, *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360, 2009 WL 1974602,

continued …

the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. This is especially true in this case where Actus knew about the deficiencies in its First Amended Complaint, yet still failed to plead any facts supporting its infringement claim. *See* Docket Nos. 58, 77, 101, 104, 114, 128, 142 (motions to dismiss). Count I therefore fails to state a claim of joint infringement. *See Friday Group*, 2008 WL 5233078, at *3-4 (dismissing a complaint for failure to meet the pleading standard of *Twombly* based on mere assertions of direction and control).

Further, "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949 (emphasis added). As noted above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Actus's allegations, particularly with respect to actions allegedly performed by "users," do not permit a reasonable inference of joint infringement. Claim 1 of the '189 Patent requires a user to perform the step of "purchasing or renting products or services through the second member vendor using the electronic tokens of the second type," but Actus's only allegation for this element is that each Defendant "exercises direction and control over the users . . . in requiring . . . the users to purchase or rent products or services only through second member vendors." *See, e.g.*, SAC ¶¶ 46, 52.

It is implausible to suggest that an individual user is directed or controlled by the Moving Defendants to purchase anything. A user purchasing an item online makes an independent purchasing decision. It is not plausible to believe (in the absence of any allegations of fact to the

---

at *1 (N.D. Cal. July 8, 2009) ("To the extent KTI seeks dismissal of AATI's claims of inducement and contributory infringement on the ground AATI has failed to allege direct infringement of a third party, the motion will be granted.").

contrary) that the Moving Defendants require the consumer to purchase certain products or services, at certain merchants, and at certain times. Those Defendants, therefore, cannot be vicariously liable[5] for the independent actions of the user. *See MuniAuction*, 532 F.3d at 1329-30 (no joint infringement where the defendant could not control the individual bidder); *BMC Resources*, 498 F.3d at 1376-77, 1380; *Golden Hour*, 2009 WL 943273, at *4 ("Making information available to the other party, prompting the other party, instructing the other party, or facilitating or arranging for the other party's involvement in the alleged infringement is not sufficient to find control or direction.") (citations and quotations omitted).

Indeed, other courts have recognized as much and granted motions to dismiss in similar situations where the claims at issue required the actions of an independent user. In *Global Patent Holdings*, for example, the court granted the defendant's motion to dismiss with prejudice where the claims at issue required initial action by a computer user visiting a website, over which the defendant had no control:

> Plaintiff has, in no way, alleged that remote users are contractually bound to visit the website, it has not alleged that the remote users are Defendant's agents who visit the website within the scope of their agency relationship nor has it alleged any facts which would render Defendant otherwise vicariously liable for the acts of the remote user. Using Plaintiff's analogy, Defendant may give home users the keys to the truck, but home users have no obligation to use those keys to start the truck and drive away.

586 F. Supp. 2d at 1335. Similarly, in *Desenberg v. Google, Inc.*, No. 09-Civ-10121, 2009 WL 2337122, at *6 (S.D.N.Y. July 30, 2009), the magistrate judge recommended dismissal where the claims at issue had steps to be performed by a "user" and "provider," and the plaintiff could not "realistically allege" that the defendant Google controlled individual users. *See also Friday*

---

[5] Even if vicarious liability was not required to prove joint infringement, Actus fails to plead any more than conclusory allegations that are implausible on their face. Simply alleging "direction and control" is not enough to state a claim of joint infringement under *Twombly* and *Iqbal*, particularly where such an allegation is implausible under the circumstances.

*Group*, 2008 WL 5233078, at \*3-4.  Actus likewise cannot realistically allege that the Moving

Defendants control the purchasing decisions of individual users.[6]  Thus, Actus has not alleged

any ***plausible*** claim for joint infringement of the '189 Patent either.[7]

### C. There Can Be No Indirect Infringement Because There Is No Direct Infringer

Theories of indirect infringement, including contributory infringement and inducement,

"require[], as a predicate, a finding that some party amongst the accused actors has committed

the entire act of direct infringement."  *BMC Resources*, 498 F.3d at 1379; *Acco Brands, Inc. v.*

*ABA Locks Mfg. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) ("[i]n order to prevail on an

inducement claim, the patentee must establish first that there has been direct infringement")

(quotations omitted).  As demonstrated above, Actus's allegations fail to establish any act of

direct infringement of the '189 Patent claims.  Count I therefore also fails to state a claim for

indirect infringement.  *See Global Patent Holdings*, 586 F. Supp. 2d at 1335 (dismissing

complaint where no single entity was alleged to perform all steps of the method, or direct and

control others performing missing steps, as neither direct nor indirect infringement could exist).

Accordingly, Count I fails to sufficiently plead a claim for relief as to direct, indirect, or

joint infringement, and it should be dismissed as to the Moving Defendants pursuant to Fed. R.

Civ. P. 12(b)(6).

---

[6] The allegations that the Moving Defendants also direct and control vendors such that they can be vicariously liable for the vendors' actions are equally deficient.  The claims of the '189 Patent require "electronic tokens of the second type being issued by a second member vendor," and Count I again simply mirrors the language of the claims by stating that each Defendant "exercises direction and control over the . . . vendors . . . in requiring the second member vendor to issue the electronic tokens of the second type."  *See, e.g.*, SAC ¶¶ 46, 52.  There are no factual allegations, however, as to how the Moving Defendants control vendors, or even who the alleged vendors are.  Count I therefore fails to state a claim of joint infringement for this reason as well.

[7] Because there is no plausible theory that the Moving Defendants each direct or control the purchasing decisions of individual users, for example, the defects in Actus's infringement allegations cannot be cured and Count I should be dismissed with prejudice.  *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (dismissing complaint with prejudice where any amendment would be futile in view of plaintiff's theory).

III.  **COUNT II OF THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE MOVING DEFENDANTS BECAUSE IT FAILS TO ALLEGE A PLAUSIBLE PATENT INFRINGEMENT CAUSE OF ACTION**

Count II of the Second Amended Complaint accuses the Moving Defendants of both directly and indirectly infringing the '099 Patent.  *See, e.g.*, SAC ¶¶ 62, 68.  The allegations in Count II, however, suffer from the same deficiencies as Count I and should be dismissed for failure to state a claim of either direct or indirect infringement.

A.  **There Is No Allegation That Each Defendant Practices All Of The Claim Limitations**

Like the '189 Patent, the claims of the '099 Patent require the participation of multiple parties (*i.e.*, a user, a first vendor, a second vendor, and a mall service provider server).  Actus does not, however, make any allegation that each Defendant simultaneously plays each of these roles.  For instance, as to claim 1 of the '099 Patent, the Second Amended Complaint does not describe how each Defendant could plausibly be directly practicing the steps of:  providing a first web server at a first vendor, providing a second web server at a second vendor, providing a mall service provider server in communication with the first and second web servers for performing electronic commerce, ***and*** using electronic tokens to purchase or rent products or services.  *See, e.g., id.*  Claim 16 similarly requires "a first web server of a first vendor and a second web server of a second vendor" and also requires interaction between a user and three different servers.  The Second Amended Complaint fails to describe how each Defendant's alleged activities could encompass two different vendors and such interactions between a user and three different servers.   The factual allegations in Count II therefore fail to state a claim of direct infringement, and Actus is left with only a joint infringement theory.  *See, e.g., id.*; *BMC Resources*, 498 F.3d at 1380 (relying on *Cross*, 424 F.3d at 1311, and describing it as a case "rejecting patentee's

efforts to combine the acts of surgeons with those of a medical device manufacturer to find direct infringement of an apparatus claim").

### B. Count II Includes No Allegations Of Joint Infringement

As the claims of the '099 Patent unambiguously require the combined activity of multiple entities (*i.e.*, a user, a first vendor, a second vendor, and a mall service provider), the only theory of infringement that Actus could possibly assert in this case is a theory of joint infringement.

To properly allege a joint infringement claim, Count II of the Second Amended Complaint must "allege facts identifying which single party practices each and every step, or alternatively which single party is the 'mastermind' that directs or controls the performance of each and every step of the claimed method." *Friday Group*, 2008 WL 5233078, at *3. Absent such an allegation, the Count "fails to state a claim for direct infringement" and should be dismissed. *Id.*; *see Global Patent Holdings*, 586 F. Supp. 2d at 1335 (dismissing amended complaint with prejudice where plaintiff failed to allege that a third party performed the claimed steps "by virtue of a contractual obligation or other relationship that gives rise to vicarious liability").

Count II of the Second Amended Complaint fails to include ***any*** allegation that each Defendant is a "mastermind" exercising control or direction over other participants in the claimed invention, such as users and vendors. Count II simply parrots the language of claim 1 of the '099 Patent. *See, e.g.*, SAC ¶¶ 62, 68. Therefore, like the patent holders in *Friday Group* and *Global Patent Holdings*, Actus has failed to allege a plausible claim for joint infringement of the '099 Patent.. *See Global Patent Holdings*, 586 F. Supp. 2d at 1335; *Friday Group*, 2008 WL 5233078, at *3-4.

## C. There Can Be No Indirect Infringement Because There Is No Direct Infringer

As with Count I, *see supra* Section I.C, Count II of the Second Amended Complaint fails to state a claim for indirect infringement against the Moving Defendants because of the absence of any sufficiently alleged direct infringement. Accordingly, because it fails to allege direct, indirect, or joint infringement, Count II should be dismissed as to the Moving Defendants pursuant to Fed. R. Civ. P. 12(b)(6). *See Global Patent Holdings*, 586 F. Supp. 2d at 1335.

## CONCLUSION

The conclusory and implausible allegations in Count I of the Second Amended Complaint are insufficient to state a claim against the Moving Defendants for infringement of the '189 Patent. Count II likewise fails to state an actionable claim of patent infringement because Actus has failed to plead any plausible joint infringement theory as to the '099 Patent.

For these, and other reasons set forth above, the court should dismiss Counts I and II of the Second Amended Complaint insofar as they allege infringement by the Moving Defendants.[8]

---

[8] As Counts I and II are the only Counts asserted against Bank of America, Capital One, Enable Holdings, Green Dot, JPMorgan, MasterCard, Meta, M&T, and Visa, the Second Amended Complaint should be dismissed in its entirety against these Defendants.

September 8, 2009

Respectfully submitted,

/s/ J. Rodney Gilstrap
J. Rodney Gilstrap
State Bar No. 07964200

SMITH & GILSTRAP
P.O. Drawer A
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 938-8331
E-mail:  gilstrap1957@yahoo.com

Brian M. Buroker (admitted pro hac vice)
Justin T. Arbes (admitted pro hac vice)

HUNTON & WILLIAMS LLP
1900 K Street NW
Washington, DC 20006
Telephone: (202) 955-1894
Facsimile: (202) 778-2201
E-mail:  bburoker@hunton.com
E-mail:  jarbes@hunton.com

**Attorneys for Defendant Capital One Financial Corporation**

/s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478

CAPSHAW DERIEUX, LLP
1127 Judson Rd., Suite 220
Longview, TX 75601
P O Box 3999, Longview, TX 75606
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail:  ccapshaw@capshawlaw.com
E-mail:  ederieux@capshawlaw.com
E-mail:  jrambin@capshawlaw.com

*Of Counsel:*

Robert C. Scheinfeld
robert.scheinfeld@bakerbotts.com
Eliot D. Williams
eliot.williams@bakerbotts.com
Eric J. Faragi
eric.faragi@bakerbotts.com

BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
212/408-2500
212/408-2501 Facsimile

**Attorneys for Defendant
MasterCard International Incorporated**

/s/ David G. Wille
David G. Wille
  Texas State Bar No. 00785250
  Email: david.wille@bakerbotts.com
Samir A. Bhavsar
  Texas State Bar No. 00798065
  Email: samir.bhavsar@bakerbotts.com
Christopher S. Storm
  Texas State Bar No. 24066154
  Email: chris.storm@bakerbotts.com

BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953–6500
Facsimile: (214) 661–4791

**Attorneys for Defendant Bank of America Corporation**


/s/ John H. Barr, Jr.
John H. Barr, Jr.
Attorney-in-Charge
State Bar No. 00783605
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 Telephone
(713) 221-1212 Facsimile

*Of counsel:*

Phillip L. Sampson
State Bar No. 00788344
Christopher A. Shield
State Bar No. 24046833
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(713) 221-1212 - Facsimile

**Attorneys for Defendant Meta Financial Group, Inc.**


/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX  75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

Lora Mitchell Friedemann
Joshua R. Williams
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

**Attorneys for Defendant Enable Holdings, Inc.**


/s /Michael E. Jones
Michael E. Jones
State Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com

**Attorneys for Defendant M&T Bank Corp.**

/s/ E. Glenn Thames, Jr.
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**Attorneys for Defendant Green Dot
Corporation**

/s/ Joseph A. Micallef
Joseph A. Micallef (admitted Pro Hac Vice)
David P. Gersch (admitted Pro Hac Vice)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel. (202) 942-5721
Fax (202) 942-5999
Joseph.Micallef@aporter.com
David.Gersch@aporter.com

Michael P. Lynn
LYNN TILLOTSON PINKER & COX LLP
2100 Ross Avenue
Suite 2700
Dallas, TX 75201
Tel. (214) 981-3801
Fax (214) 981-3829
Email: mlynn@lynnllp.com

**Attorneys for Defendant Visa Inc.**

/s/ Trey Yarbrough
Trey Yarbrough
Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
(903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

**Attorneys for Defendant JP Morgan
Chase & Co.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of September, 2009.

/s/ J. Rodney Gilstrap
J. Rodney Gilstrap