**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ACTUS, LLC,** | |
|     **Plaintiff,** | |
| **v.** | **CASE NO. 2:09-CV-102-TJW** |
| **BANK OF AMERICA CORP.,** *et al.* | **JURY TRIAL DEMANDED** |
|     **Defendants.** | |

**ACTUS LLC'S RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS
COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER
<u>FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENT

I.     INTRODUCTION ................................................................................................. 1

II.    RESPONSE TO STATEMENT OF ISSUES .................................................... 2

III.   BACKGROUND FACTS ................................................................................. 4

IV.   LEGAL STANDARDS .................................................................................... 7

    A.    The Pleading Standard ......................................................................... 7

    B.    Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6) ............................ 7

    C.    Claim Construction ............................................................................. 8

V.    ARGUMENT ................................................................................................... 9

    A.    Actus' SAC Alleges That Each Defendant Infringes Each Claim Element. ........ 10

    B.    Actus Is Not Limited to Joint Infringement And, Even If It Were, Actus Properly Plead A Claim For Joint Infringement. ................. 11

         1.    System Claim 16 of the '099 Patent Does Not Require Separate Actors. 12

         2.    Defendant's Assertions Regarding the Method Claims Are Based On Their Own Private Constructions of the Claims Which Effectively Require The Court to Decide the Merits of the Case. ........................................... 13

         3.    Even if the Court Agrees With Defendants' Constructions, Actus Properly Pled Joint Infringement. .......................................................... 16

         4.    Defendants' Rely on Inapposite Case Law. ............................. 18

VI.   CONCLUSION ............................................................................................... 19

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009) ................................................. 7, 8, 16, 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 7, 8, 16, 17

*BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007)............................... 18

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)....................................... 7, 8

*Corning Glass Works v. Sumitomo Elec.*, 868 F.2d 1251 (Fed. Cir. 1989) ................................... 9

*Cross Medical Products v. Medtronic Sofamor Danek*, 424 F.3d 1293 (Fed. Cir. 2005) ............ 18

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995)....................................................... 8, 12, 13, 14

*Friday Group v. Ticketmaster,* No. 4:08-CV-01203, 2008 WL 5233078
     (E.D. Mo. Dec. 12,2008).................................................................................. 18, 19

*Global Patent Holdings, LLC v. Panthers BHRC, LLC,*
     586 F. Supp. 2d 1331 (S.D. Fl. 2008) ........................................................ 18, 19

*Golden Hour Data Sys., Inc. v. emsCharts Inc.,* No. 2:06-CV-381,
     2009 WL 943273 (E.D. Tex. April 3, 2009)............................................. 18, 19

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) ........................................................................ 8

*Markman v. Westview Instruments*, 52 F.3d 967 (Fed. Cir.) (en banc),
     *aff'd*, 517 U.S. 370 (1996) .................................................................................. 9

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) ................................................... 8

*McManus v. Fleetwood Enters.*, 320 F.3d 545, 551 (5th Cir. 2003) ....................................... 7, 16

*MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).............................. 18, 19

*Scanlan v. Texas A&M Univ.*, 343 F.3d 533 (5th Cir. 2003).......................................................... 8

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ....................................................................................... 8

*Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)......................................................................... 7, 16

*Tuchman v. DSC Comms.*, 14 F.3d 1061 (5th Cir. 1994) ............................................................. 7

*Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275 (5th Cir. 1990) ........................................ 7, 16

# RULES

Fed. R. Civ. P. 8 ......................................................................................................... 6, 13, 15, 19

Fed. R. Civ. P. 11 ............................................................................................................... 7

Fed. R. Civ. P. 12 ........................................................................................................... 7, 9

Local Patent 3-1 ................................................................................................................ 16

Local Patent Rule 3-2 ....................................................................................................... 16

Local Patent Rule 4 ............................................................................................................ 6

Plaintiff Actus, LLC ("Plaintiff" or "Actus") files the following Response to Defendants Bank of America Corporation ("Bank of America"), Capital One Financial Corporation ("Capital One"), Enable Holdings, Inc. ("Enable Holdings"), Green Dot Corp. ("Green Dot"), J. P. Morgan Chase & Co. ("JPMorgan"), MasterCard International Incorporated ("MasterCard"), Meta Financial Group, Inc. ("Meta"), M&T Bank Corp. ("M&T"), and Visa Inc. ("Visa") (collectively the "Defendants") Joint Motion to Dismiss Counts I and II of Actus' Second Amended Complaint for Patent Infringement pursuant to Rule 12(b)(6) (the "Motion").

## I.    INTRODUCTION

Defendants' Motion asks the Court to adopt Defendants' own private resolution of issues of fact and law, and prematurely decide the merits of the case.  The Motion is fatally flawed in two respects: first, that Actus' only "plausible" theory of recovery must be one of joint infringement; and second, that Plaintiffs have not pled joint infringement.

Defendants' first err in asserting their own self-serving constructions of the claims to require the actions of three separate entities: a first vendor, a second vendor and a user. Defendants' "do-it-yourself," claim constructions usurp the Court's role as sole interpreter of patent claims, distort the patent claims' literal language and ignore a host of alternative constructions which may be adopted as the Court's construction.  Not only are Defendants' private claim constructions offered prematurely, but they are also offered without support.  The Motion then subjects Plaintiff's Second Amended Complaint ("SAC") to a repetitive and circular series of plausibility arguments stemming from Defendants' own erroneous claim construction. Assuming their own constructions, Defendants claim that there is no way they can perform the actions of all three entities.  Contrary to Defendants' belief, the claims do not require the actions of three separate entities.  Claim interpretation is the province of the Court and should not be usurped by a party, especially in the context of a Rule 12(b)(6) motion to dismiss on the

pleadings.  Moreover, Defendants focus only on the first claim of each patent asserted against them and give short shrift to other claims; claims that undercut the premise of their motion. Specifically, Defendants gloss over claim 16 of United States Patent No. 7,249,099 ("the '099 Patent"), which recites *a server operated by a single entity*, and does not include the first vendor, second vendor and user elements present in the method claims of the two asserted patents.  (*see*, *infra*, Sec. V, Subsection A.).  Even if the Court agrees with Defendants at this early stage and without the benefit of the claim construction process that the method claims require the actions of entities other than the Defendants, Defendants' Motion still fails as each Defendant is capable of directly infringing claim 16 of the '099 patent via operation of just one of their servers.

Contrary to Defendants' second premise, even if the Court agrees with Defendants that Actus' only theory of infringement is a theory of joint infringement, Actus has properly plead a theory of joint infringement.  Defendants conflate the standard for *pleading* a cause of action under FED. R. CIV. P. 8 with the more stringent standard for *proving* a cause of action. Defendants' Motion prematurely asks the Court to rule on the *merits* of Actus' infringement claim by both requiring the Court to adopt their claim constructions and then rule on the merits of the infringement claims.  Counts I and II of Plaintiff's SAC properly state claims upon which relief may be granted and allege specific facts in support thereof, thereby fulfilling the pleading standard of FED. R. CIV. P. 8.  At the pleading stage, nothing more is required.  For the reasons previewed above and discussed below, Actus respectfully requests that the Court deny Defendants' Motion.

## II.    RESPONSE TO STATEMENT OF ISSUES

In its statement of issues under Local Court Rule 7(a)(1), Defendants allege that their Motion raises only two issues to be decided by the court: (1) whether Count I against Defendants should be dismissed with prejudice under Rule 12(b)(6) for failure to state "an actionable claim

2

for infringement", and (2) whether Count II against Defendants should be dismissed with prejudice under Rule 12(b)(6) for failure to state "an actionable claim for infringement".  In truth, Defendants' Motion is request for summary judgment based upon Defendants' own claim constructions and an equivocation of the more stringent standard for proving the *merits* of a claim with the standard for merely *pleading* a claim.

Though deceivingly titled, the "first issue" that Defendants' Motion actually addresses is *not* whether Count I states a claim upon which relief can be granted.  Instead, the first issue the Motion addresses is whether Defendants *will ultimately prevail against the infringement allegations of Count I.*  While the *merits* of infringement are rightly considered at trial or in a motion for summary judgment, such arguments are misplaced in a motion to dismiss—which considers merely the *sufficiency of Plaintiff's pleading* of infringement.  Defendants' conflation of the requirements for merely pleading a claim on the one hand, and proving the merits of that claim on the other, permeates the Motion.  Despite Defendants' premature arguments regarding the merits of infringement, Count I of Plaintiff's SAC properly pleads a claim of patent infringement.

Defendants' treatment of the "second issue" is similarly flawed: the Motion argues that Plaintiff cannot possibly prevail on the *merits* of Count II.  Then, Defendants' Motion equivocates by arguing that a failure to show likelihood of prevailing on the *merits* implies that the Actus has not properly *pled* a claim in the first instance.  Again, in spite of Defendants' premature arguments regarding claim construction and the merits of Actus' infringement allegations, Count II properly pleads claims for patent infringement and their factual bases.

## III.    BACKGROUND FACTS

Actus is the exclusive licensee of U.S. Patent No. 7,328,189 ("the '189 Patent"), which discloses and claims methods for conducting electronic commerce.  The '189 Patent comprises thirteen claims, one of which is independent.  Independent claim 1 of the '189 Patent requires:

> A method of conducting electronic commerce, the method comprising:
>
>> opening a user account with a first member vendor;
>>
>> issuing electronic tokens of a first type to a user, and adding the electronic tokens to a user account maintained by the first member vendor;
>>
>> exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by a second member vendor;
>>
>> purchasing or renting products or services through the second member vendor using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens of the second type; and
>>
>> transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type.

*Exhibit A* ('189 Patent).

Actus filed its Second Amended Complaint ("SAC") on August 17, 2009, alleging that each of the Defendants "has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement" the '189 Patent.  *See* SAC, Dkt. 174 at ¶¶ 44, 46, 47, 49, 51-54, 56.  In those very same paragraphs of the SAC, Plaintiff alleges as fact that each of the Defendants are:

> "making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the

4

first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type";

and that each of the Defendants furthermore:

"exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users."

Actus is also the exclusive licensee of U.S. Patent No. 7,249,099 ("the '099 Patent"), which discloses and claims both systems and methods for conducting electronic commerce. The '099 Patent includes thirty-two claims, of which two claims – claims 1 and 16 – are independent. Independent claim 16 of the '099 Patent requires:

A server operated by a mall service provider comprising:

a network interface through which the server communicates with a first web server of a first vendor and a second web server of a second vendor, wherein the first web server accepts electronic tokens of a first type and the second web server accepts electronic tokens of a second type;

a database;

a memory;

a processor that executes software stored in the memory, the software including one or more programmed routines, the programmed routines comprising:

a routine for issuing a plurality of electronic tokens of a first type from the mall service provider server to the first web

server, the electronic tokens adapted for use in electronic transactions for purchase or rental of products or services from the first web server or the second web server;

a routine for issuing a subset of the plurality of tokens of the first type to a user; a first database routine for updating records relating to the electronic tokens issued to the first web server;

and a routine for transferring compensation from the first web server to the second web server of the second vendor in an amount equal to the value of the electronic tokens of the second type, for electronic transactions conducted at the second web server of the second vendor.

*Exhibit B* ('099 Patent).

Actus alleges in the SAC that each of the Defendants "has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement" the '099 Patent. *See* Dkt. 174 at ¶¶ 60, 62, 63, 65, 67-70, 73. Again, in those very same paragraphs, the plaintiff alleges as fact that each Defendant is:

"making, using, selling and offering to sell products and/or services" that provide "a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type."

*Id.*

Actus respectfully notes that, as of the date of filing of this Response, the Court has yet to issue its construction of any of the claims of the patents-in-suit. Nor have the parties exchanged any of the disclosures required by P.R. 4 ("Claim Construction Proceedings").

## IV. LEGAL STANDARDS

### A. The Pleading Standard

A complaint must contain "a short and plain statement" of the claim. FED. R. CIV. P. 8(a); *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002); *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). Each averment must be simple, concise and direct. FED. R. CIV. P. 8(e)(1). The pleading standard under Rule 8 *does not require detailed factual allegations*, but does require more than an unadorned accusation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). If no specific provision imposes a heightened pleading requirement, the "short and plain" requirement of Rule 8(a) applies. *See Swierkiewicz*, 534 U.S. at 513.

A pleading may be based on information and belief. FED. R. CIV. P. 11(b). A complaint in this form is appropriate when the matters are within the knowledge of the defendant. *See Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

A plaintiff is *not required to correctly specify a legal theory*, so long as the plaintiff alleges facts upon which relief may be granted. *See McManus v. Fleetwood Enters.*, 320 F.3d 545, 551 (5th Cir. 2003) (emphasis added). A complaint is not inadequate simply because an element of its claim is omitted, so long as the element may be fairly inferred from the pleading as a whole. *See Walker*, 904 F.2d at 277.

### B. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To

survive a motion to dismiss, a complaint must contain sufficient factual matter which, *when accepted as true*, states a claim for relief that is plausible on its face.  *See Twombly* 550 U.S. at 570; *Iqbal* 129 S. Ct. at 1949.  A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly* 550 U.S. at 556; *Iqbal* 129 S. Ct. at 1949.  "The plausibility standard is *not* akin to a '*probability requirement*,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (emphasis added).

Thus, in ruling upon a Rule 12(b)(6) motion, the Court cannot decide disputed fact issues.  The court may grant a motion under Rule 12(b)(6) only if it can determine with certainty that the plaintiff cannot prove facts that would allow the relief sought in the complaint.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

A motion to dismiss for failure to state a claim *admits the facts alleged in the complaint*, but challenges the plaintiff's right to any relief base on those facts.  *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (emphasis added).  *The issue is not whether the plaintiff will ultimately prevail*, *but whether the plaintiff can offer evidence to support its claims*.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  As a result, a court must draw all inferences in favor of the plaintiff.  *See Collins*, 224 F.3d at 498.

### C.    Claim Construction

In deciding whether a method or a device infringes a patent claim, two inquiries are involved.  First, the scope of the claim must be determined by the Court.  Then – and only then – the accused product is analyzed for infringement with reference to the properly-construed claim.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).  The claims of a patent define

the metes and bounds of the exclusive right that the patent confers on the patentee. *Corning Glass Works v. Sumitomo Elec.*, 868 F.2d 1251, 1256 (Fed. Cir. 1989).

Claim construction is a matter of law exclusively for the court to decide. *Markman v. Westview Instruments*, 52 F.3d 967, 976 (Fed. Cir.) (en banc), aff'd, 116 S. Ct. 1384, 1393 (1996). "The Federal Circuit [has] stated that the 'purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed."'" *Epicrealm Licensing, LP v. Autoflex Leasing, Inc.*, Slip Copy, 2008 WL 5784214 (E.D. Tex. 2008) (*internal citations omitted*). In other words, "Courts construe claim terms in order to assign a fixed, unambiguous, legally operative meaning to the claim." *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1377 (Fed. Cir. 2005) (*internal citations omitted*). Claim construction differing from that proffered by the court is therefore irrelevant. *Markman*, 52 F.3d. 967. Ultimately, a court must construe claims according to the standard of what the words of a claim would have meant to one skilled in the art at the time of invention. *Kustom Signals v. Applied Concepts, Inc.*, 264 F.3d 1326, 1331 (Fed. Cir. 2001).

## V.   ARGUMENT

Throughout their Motion, Defendants repeatedly proffer the following syllogism:

> (1) Actus' only possible theory of infringement must be one of joint infringement;

> (2) Actus has failed to plead joint infringement;

> (3) Therefore, Actus complaint must be dismissed.

Defendants force this flawed argument through two faulty premises. In the first, Defendants privately construe the terms of select claims, avoid analysis of other claims, and then analyze *infringement* of the claims based on their own private constructions. In the second,

Defendants incorrectly assert that Actus has failed to properly plead joint infringement.[1]  Once these two square pegs have been forced into their respective round holes, Defendants easily conclude that dismissal is appropriate.  Defendants' Motion is a thinly veiled attempt at equivocation: an effort to get the Court to rule on the *merits* of Actus' cause of action before material issues of both fact and law (e.g., claim construction) have been adjudicated, and to call such a ruling on the merits a failure to plead a cause of action.  As shown below, dismissal under Rule 12(b)(6) is therefore improper, and Defendants' Motion must be denied.

## A.  Actus' SAC Alleges That Each Defendant Infringes Each Claim Element.

As an initial matter, Defendants assert that Actus' SAC contains no allegations that each Defendant practices each element of the claims.  Motion, Dkt. 188 at p. 9, ¶ 2; Dkt. 188 at p. 14, ¶2.  To the contrary, even a cursory review of the SAC reveals that this is nakedly false.  Counts I and II properly state claims for direct and indirect patent infringement, and clearly alleges that each Defendant performs the steps of the method claims and satisfy the elements of the system claims.  The SAC alleges that each Defendant practices the claimed elements of the '099 Patent:

> [Each Defendant] . . . has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services" that provide "<u>a mall service provider server</u> that <u>communicates with the first web server and the second web server</u> to facilitate electronic commerce therebetween.  A <u>plurality of electronic tokens of the first type issue from the mall service provider server to the first web server</u> – wherein the electronic <u>tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server</u>.  The infringing products and services <u>issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server</u>.  The database comprises account information for the first web

<hr />

[1]  Implicit in this argument are alleged doubts regarding whether Actus will ultimately prevail on *proving infringement*.  *See* Motion, Dkt. 188 at p. 2, ¶1; pp. 9-10.

server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. <u>Compensation is transferred from the first web server to the second web server</u> in an amount equal to the value associated <u>with the electronic tokens of the second type</u>."

*See* Dkt. 174 at ¶¶ 60, 62, 63, 65, 67-70, 73 (emphasis added). Likewise, the SAC alleges that each Defendant practices each element of the '189 Patent:

[Each Defendant} . . . has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell <u>products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor</u>. The infringing products or services <u>issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account</u>. The infringing products or services <u>exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor.</u> The infringing products or services <u>provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type.</u> The infringing products or services <u>transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type</u>.

Dkt. 174 at ¶¶ 46, 47, 49, 51-54, 56 (emphasis added). Consequently, Defendants' assertion that Actus has not alleged that each Defendant satisfies the elements of the claims is incorrect.

**B.      Actus Is Not Limited to Joint Infringement And, Even If It Were, Actus Properly Plead A Claim For Joint Infringement.**

After dismissing Actus' allegations of undivided infringement (Defendant's baldly assert that Actus "cannot – allege that each Defendant performs the steps" of the claims), Defendants next assert that joint infringement is the only theory allowed by the claims and that Actus has failed to plead joint infringement. *Id.* Defendants are incorrect for at least the following three

reasons: First, Defendants fail to fully address claim 16 of the '099 Patent, which is a system claim. Second, Defendants' contention that they cannot perform the steps of the method claims presumptively requires the Court to adopt Defendants' claim constructions. Third, even if the Court agrees with Defendant's claim interpretations at this early stage and without the benefit of Markman Proceedings, Actus has properly pled joint infringement.

### 1. System Claim 16 of the '099 Patent Does Not Require Separate Actors.

As an initial matter, even if the Court agrees with Defendants' position regarding the method claims, Defendant's motion fails because claim 16 of the '099 Patent is a system claim capable of being performed by each Defendant individually. Focusing their arguments only on the first claims of the '189 and '099 patents, the method claims, Defendant's assert that all claims "unambiguously require the combined activity of multiple entities," and therefore Actus' only viable cause of action is one of joint infringement. Dkt. 188 at p. 15, ¶2. Defendants, however, gloss over claim 16 of the '099 Patent (*See* Dkt. 188, p. 14, ¶2; *compare* Dkt. 188, p. 6, ¶2 *with* p. 7, ¶2), which recites *a server operated by a single entity*. Defendants appear to recognize this fact and admit that "claim 16 is directed to a server operated by a mall service provider." Dkt. 188 at p. 7, ¶2. Count II clearly alleges as fact that each Defendant has been or now is making, using or selling "a mall service provider server." *See* Dkt. 174 at ¶¶ 60, 62, 63, 65, 67-70, 73. By virtue of filing the Motion for dismissal under FED. R. CIV. P. 12(b)(6), Defendants are deemed to have admitted for purposes of its Motion the factual allegations of the SAC. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).[2] In Defendants' own words,

---

[2] Defendants' Motion appears to contend that the system claim phrase "a first web server of a first vendor and a second web server of a second vendor" is somehow performed by a separate entity. Dkt. 188 at p. 14, ¶2. The entire claim phrase is "a network interface through which *the server* communicates with a first web server of a first vendor and a second web server of a second vendor . . . ." '099 Patent, Claim 16, ll. 8-10. Contrary to Defendants' contention, the claim describes actions performed by the Defendant's servers.

independent claim 16 is directed to a structure (a server) operated by an entity (a mall service provider).[3] On this basis alone, Defendants' Motion fails.

> **2. Defendant's Assertions Regarding the Method Claims Are Based On Their Own Private Constructions of the Claims Which Effectively Require The Court to Decide the Merits of the Case.**

Here, Defendants equivocate. Although styled as a motion to dismiss under FED. R. CIV. P. 12(b)(6), Defendants effectively ask this Court, first, to adopt their own interpretation of the claims and, second, to rule on the merits of Actus' infringement claims. Dkt. 188 at pp. 1, 4, 7, 9, 10, and 14. Defendants mistakenly construe all the claims of the patents-in-suit to "require the combined activity of multiple entities." *Id.* at p. 1, ¶ 3 ('189 and '099 Patents); pp. 4-7 ('189 and '099 Patents); p. 9, ¶ 2 ('189 Patent); p. 15, ¶ 1 ('099 Patent). Defendants then argue that Actus has failed to show a *likelihood of prevailing on the merits of joint infringement*, the only theory of infringement allowed by Defendants' spuriously narrow, private claim constructions. *Id.* at pp. 9-11; *see in particular* p. 10, ¶ 3. Finally, Defendants argue that because Actus has failed to show a likelihood of prevailing on the merits of joint infringement, Actus *fails to state a claim upon which relief may be granted. Id.*

Contrary to the Defendants' assertions, the actual claim language of the Patents is not limited to the combined actions of three independent parties. For example, Claim 1 of the '189 Patent requires "(a) method of conducting electronic commerce." Count I clearly alleges as fact that each Defendant has been or now is "making, using, selling and offering to sell products and/or services for conducting electronic commerce." *See* Dkt. 174 at ¶¶ 44, 46, 47, 49, 51-54, 56. By virtue of filing the Motion for dismissal under FED. R. CIV. P. 12(b)(6), Defendants necessarily admit Count I's foregoing allegation as fact. *See Crowe* at 203.

---

[3] Defendants appear troubled that Count II of Actus' SAC "includes no allegations of joint infringement." Dkt. 188 at p. 15. Actus has not separately provided language explicitly supporting a theory of joint infringement in Count II precisely because a single server operated by a single entity is capable of infringing claim 16 of the '099 Patent.

Claim 1 of the '189 Patent further comprises the step of "opening a user account with a first member vendor." Count I explicitly alleges as fact that each Defendants' infringing activities are conducted "in a manner where a user account is opened with a first vendor." Dkt. 174 at ¶¶ 44, 46, 47, 49, 51-54, 56. Again, by filing the Motion for dismissal under FED. R. CIV. P. 12(b)(6), Defendants necessarily admit this allegation as fact. *See Crowe* at 203. Claim 1 of the '189 patent further requires the steps of:

> "issuing electronic tokens of a first type to a user, and adding the electronic tokens to a user account maintained by the first member vendor;
>
> exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by a second member vendor;
>
> purchasing or renting products or services through the second member vendor using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens of the second type; and
>
> transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type."

Count I clearly alleges as fact that each Defendants' infringing activities:

> "issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account"; "exchange the electronic tokens in the user account for electronic tokens of a second type"; provide "purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type"; and "transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type"

(Dkt. 174 at ¶¶ 44, 46, 47, 49, 51-54, 56). Because it is a 12(b)(6) motion for dismissal, the Motion effectively admits all the foregoing allegations as fact. *See Crowe* at 203.

Until the Court has issued proper claim constructions—after full and proper consideration during a *Markman* hearing—there is no basis to require (as Defendants do) that two or more of the "roles" described in the claim be fulfilled by multiple, separate enterprises. *See Markman*, 52 F.3d at 976; *Epicrealm*, 2008 WL 5784214 (E.D. Tex. 2008); *Chimie*, 402 F.3d at 1377. For example, it is at least plausible that operational divisions of a single entity fulfill both the role of a first member vendor and a second member vendor. It is also conceivable that operational divisions of a single enterprise could fulfill both the role of a second member vendor and a user. Defendants' claim construction is not only premature, usurping, and unfounded, but Defendants' interpretation that the claims require three independent parties is also improperly narrow. Because Defendants' Motion is premised upon its own self-serving construction of the claims, Defendants' Motion must be denied.

The Motion again relies upon its erroneous claim construction, requiring that all claims of the '189 Patent "involve at least three entities" to dispute the sufficiency of the joint infringement allegation in Count I. Dkt. 188 at p. 5, ¶2; p. 9, ¶2. Based upon their own, private claim construction, Defendants argue that Count I fails to properly plead that Defendants' methods infringe claim 1 of the '189 Patent by: "purchasing or renting products or services through the second member vendor using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens of the second type."

Contrary to the Motion's assertions, Count I includes language sufficient to plead that each Defendants' accused products and/or services cause the "purchasing or renting products or services through the second member vendor using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens of the second type." Specifically, Count I alleges that each moving defendant's products or services:

provide purchasing or renting of goods or services through the
second member vendor utilizing the electronic tokens of the
second type. Prices for the goods or services are listed in relation
to the electronic tokens of the second type.

Dkt. 174 at ¶¶ 44, 46, 47, 49, 51-54, 56. Upon information and belief, and as pled in its SAC,

Actus believes that Defendants individually perform the recited steps. Consequently, the method

claims do not require the actions of three separate entities and Defendant's motion should be

denied.

> **3.    Even if the Court Agrees With Defendants' Constructions, Actus
> Properly Pled Joint Infringement.**

Even if the Court agrees at this early, pre-Markman stage that Defendants' have

accurately construed the claims, the SAC further includes language sufficient to put each

Defendant on notice of its alternative joint infringement theory:

> [Each Defendant] exercises direction and control over the users
> and vendors of its products and services in requiring the second
> member vendor to issue the electronic tokens of the second type
> and the users to purchase or rent products or services only through
> second member vendors such that it is vicariously liable for the
> actions of the second vendors and users.

*Id*. The foregoing factual allegations meet the standard for pleading under FED. R. CIV. P. 8. As

noted previously, Actus' pleading burden is merely to make a "short and plain statement" of its

allegations. *See* FED. R. CIV. P. 8(a); *Swierkiewicz* at 512; *Walker* at 277; Fed. R. Civ. P 8(e)(1).

Neither *Twombly* nor *Iqbal* change this standard; indeed, both explicitly state that "the pleading

standard [FED. R. CIV. P.] 8 announces does *not* require '*detailed factual allegations*.'" *Iqbal*,

129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (emphasis added). Furthermore, Actus is

*not required to provide an exhaustive, element-by-element listing of all legal theories of*

*infringement in its complaint*, as Defendants' Motion seems to suggest. *See McManus*, 320 F.3d

at 551. To survive Defendants' Motion to Dismiss, Actus' SAC need merely contain sufficient

factual matter which, *when accepted as true*, shows a plausible claim that Defendants are liable for the misconduct. *See Twombly* 550 U.S. at 556; *Iqbal* 129 S. Ct. at 1949. Actus has done so.

Defendants' Motion rejects proper 12(b)(6) analysis by shifting away from the foregoing principles and incorrectly evaluating Actus' SAC under the principle that a "claim based on joint infringement requires *proof* that a single 'mastermind' defendant exercised such 'control or direction' over the other participants that the mastermind can be found vicariously liable for the conduct of the other entities." Dkt. 188 at p. 2, ¶ 1; p. 12, ¶ 1 through p. 13, ¶ 1. Although the foregoing may be an accurate statement of the requirements for *proving* joint infringement, it is not the standard for *pleading* a claim for joint infringement. This transposition of the more stringent standard for proving joint infringement with the standard for merely pleading joint infringement constitutes a flagrant attempt at equivocation: Defendants would have the Court rule for 12(b)(6) dismissal based not on the standard for *pleading*, but instead based on the *probability of prevailing on the merits* of joint infringement under extra-judicial claim constructions.

Moreover, even if the Motion had correctly cited the pleading standard, and even if the Motion had properly construed the claims-in-suit—neither of which it has done—Actus still pled facts sufficient under the FED. R. CIV. P. 8 pleading standard to allege that each Defendant is a "mastermind" that directs and controls the actions of both the second vendor and the user under a joint infringement theory. Count I specifically alleges that each Defendant's "infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type," and that each Defendant "exercises direction and control over the users and vendors of its products and services in requiring the second member vendor to issue the electronic tokens of the second type and the

users to purchase or rent products or services only through second member vendors such that it is vicariously liable for the actions of the second vendors and users." *Id.* Defendants' Motion must therefore be denied.

### 4. Defendants' Rely on Inapposite Case Law.

Defendants' Motion relies on case law inapposite to the principles for which the case law is cited. First, Defendants' Motion cites *MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) (on appeal, reversed-in-part and vacated-in-part) and *Golden Hour Data Sys., Inc. v. emsCharts Inc.,* No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009) (granting judgment as a matter of law after trial) for the proposition that a "claim based on joint infringement requires proof that a single 'mastermind' defendant exercised such 'control or direction' over the other participants that the mastermind can be found vicariously liable for the conduct of the other entities." Importantly, both *MuniAuction* and *Golden Hour* apply this joint infringement standard to *proving the merits* of a patent infringement claim—*not* to a proper consideration of pleading sufficiency under FED. R. CIV. P. 12(b)(6). *Id.*

Second, the cases Defendants rely on do not require a plaintiff to do more than make a "short and plaint statement" of the claim. In fact, with the exception of *Friday Group* and *Global Patent Holdings*, the cases cited in the Motion are not cases where the Court dismissed a complaint under Rule 12(b)(6), much less dismissed the plaintiff's complaint with prejudice. Instead, they are cases deciding the *merits* of a joint infringement claim on motions for summary judgment or judgment as a matter of law:

- *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) (on appeal, affirming grant of summary judgment);

- *Cross Medical Products v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (on appeal, affirming-in-part and reversing-in-part district court's finding of infringement);

- *MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) (on appeal, reversing judgment of patent infringement);

- *Golden Hour Data Sys., Inc. v. emsCharts Inc.,* No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009) (granting judgment as a matter of law post-trial).

Third, even if one could construe *Friday Group v. Ticketmaster,* No. 4:08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) and *Global Patent Holdings, LLC v. Panthers BHRC, LLC,* 586 F. Supp. 2d 1331 (S.D. Fl. 2008) as creating strict pleading requirements for a joint infringement claim (as Defendants suggest), those cases are not binding on this court as they issue from the Eastern District of Missouri and the Southern District of Florida, respectively.

Whether or not Defendants ultimately prevail against Actus' direct undivided infringement claims after discovery and claim construction is not the proper domain of a Rule 12(b)(6) motion.  The issue that Defendants' Motion purports to place before this court is whether Actus has failed to state a claim upon which relief may be granted.  As illustrated above, the SAC properly states a claim upon which relief may be granted under the FED. R. CIV. P. 8 pleading standard for both undivided and joint infringement theories.  Defendants' Motion conflates the proper assertion of a claim and the subsequent burden of proving the merits of that claim.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff Actus, LLC, respectfully requests that the Court deny Defendants' motion to dismiss.  In the alternative, if the Court is persuaded by any portion of Defendants' Motion, Actus respectfully requests leave to amend its complaint in accordance with the Court's findings. *Friday Group v. Ticketmaster,* No. 4:08-CV-01203, 2008 WL 5233078, *14 (E.D. Mo. Dec. 12, 2008) (granting plaintiff leave to amend complaint); *accord Global*

*Patent Holdings, LLC v. Panthers BHRC, LLC,* 586 F. Supp. 2d 1331 (S.D. Fl. 2008) (plaintiff admitting at oral argument that a grant of leave to amend would be futile).


Dated: October 14, 2009     Respectfully Submitted,

**ACTUS, LLC**

By: /s/ William E. "Bo" Davis, III
William E. "Bo" Davis III
Texas State Bar No. 24047416

**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Phone: 903-230-9090
Fax: 903-230-9661

**ATTORNEY FOR PLAINTIFF
ACTUS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email.

/s/ William E. Davis, III
William E. Davis, III
