IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | C.A. NO. 2:09-cv-102 |
| BANK OF AMERICA CORP., et al. § | |
| § | |
| Defendants. § | |

**DEFENDANTS' REPLY TO ACTUS, LLC'S RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Defendants Capital One Financial Corporation ("Capital One"), Enable Holdings, Inc. ("Enable Holdings"), Green Dot Corp. ("Green Dot"), MasterCard International Incorporated ("MasterCard"), Meta Financial Group, Inc. ("Meta"), M&T Bank Corp. ("M&T"), and Visa Inc. ("Visa") (collectively the "Moving Defendants") file this Reply to Plaintiff Actus, LLC's ("Plaintiff" or "Actus") Response ("Response" or "Plf. Resp.") to Moving Defendants' Joint Motion to Dismiss Counts I and II of the Second Amended Complaint for Patent Infringement ("SAC") Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion" or "Df. Mot.").

## I. INTRODUCTION

Contrary to Actus' arguments in its Response, there is no need for the Court to construe any claim of U.S. Patent No. 7,328,189 ("the '189 patent") and U.S. Patent No. 7,249,099 ("the '099 patent") (collectively, the "patents in suit") in order to decide the Moving Defendants' Motion. The claim language of the patents in suit is abundantly clear in requiring the participation of multiple entities under separate control, without the need for construing individual words or phrases. Although, Actus alleges that it is "at least plausible" that operational divisions of the various Moving Defendants could satisfy the required claim

language, Actus cites no basis for such a conclusion. If Actus believed that a real claim interpretation issue exists on this point, it was incumbent upon Actus to show this issue to the Court. Actus has failed to do so, and nothing alleged in Counts I and II of the SAC overcomes this deficiency.

Further, Actus fails to allege any facts that would support a claim of direct infringement by any entity, either by Moving Defendants or any third party. Actus futilely points to conclusory allegations in the SAC, but cannot escape the Supreme Court's command in *Iqbal* and *Twombly* that to withstand a motion to dismiss, a complaint must allege more than "legal conclusions couched as . . . factual allegation[s]" and must provide "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The alleged factual allegations contained in the SAC that Actus identifies in this regard, however, are merely conclusory allegations stating that the Moving Defendants conduct their respective businesses "in a manner where" other parties might satisfy the claims. This is not legally sufficient to maintain an allegation of direct infringement.

Furthermore, although Actus asserts that it has alleged a theory of joint infringement, it has not alleged a plausible one, or any facts that could support a plausible theory. Actus' entire allegation as to the "direction or control" required for a case resting on joint infringement is that the Moving Defendants have been somehow able to "require" vendors and users to, among other things, purchase and rent various products and services. Yet, nowhere does the SAC allege any facts as to how the free will of these vendors and users were overcome to such a degree. Because Actus has no plausible theory of joint infringement it cannot maintain its allegations against the Moving Defendants based on their usurpation of their vendors' and customers' free will. *See Twombly*, 550 U.S. at 555.

In regard to the '099 patent in particular, Actus argues only server claim 16 in its Response, in effect admitting that it cannot state a claim for infringement of the method claims of that patent. *See* Plf. Resp. at p. 3-5, 9-13. Count II should therefore be dismissed against the Moving Defendants insofar as it alleges infringement of method claims 1-15 because Actus has failed to argue that there is any basis to maintain a claim of infringement against the Moving Defendants based on claims 1-15 of the '099 patent.

Finally, without a direct infringer, the Moving Defendants cannot indirectly infringe the patents in suit as well. *See*, *e.g.*, *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("[t]here can be no inducement or contributory infringement without an underlying act of direct infringement"). Even given a second chance to plead its case, Actus in its SAC has again failed to allege any facts sufficient to maintain a cause of action for patent infringement against the Moving Defendants, either under a direct, indirect, or joint infringement theory. The Court should therefore dismiss Counts I and II against the Moving Defendants.

## II. CLAIM CONSTRUCTION IS NOT NECESSARY

The Court does not need to construe the claim language of the patents in suit to decide the Moving Defendants' Motion. The claims clearly require the participation of multiple entities under separate control. For example, even a cursory review of independent claim 1 of the '189 patent shows that it requires the participation of three distinct entities: (1) a "user," (2) a "first vendor," and (3) a "second vendor." *See* SAC, Ex A at 34:58 – 35:8. Similarly, independent claim 1 of the '099 patent requires: (1) a "first vendor," (2) a "second vendor," (3) a "mall service provider server," and (4) a "user." *See* SAC, Ex B at 34:55 – 35:15. Finally, independent claim 16 of the '099 patent claims: (1) a "mall service provider" that "interface[s]" with a (2) "first web server of a first vendor," and (3) "second web server of a second vendor." *See id.* at 36:6-34.

Based on their plain language, all claims of the patents in suit therefore require the participation of multiple entities under separate control, including at least two vendors and either a user, a mall service provider, or both. Actus provides no basis for disputing that conclusion. Indeed, Actus can only resort to vague statements that despite the clear import of the claims, it is "conceivable" that different "operational divisions" could satisfy the various elements.[1] *See* Plf. Resp. at p. 15.

The claim language specifically identifies multiple entities that are required to practice the methods or constitute the apparatus claimed by the patents in suit. Indeed, it would be readily understood by one skilled in the art, or by a judge or even by a lay juror, that the claims plainly require the participation of different entities. *See Phillips v. AWH Corp*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*) (claim terms that can be readily understood by one skilled in the art, a judge or a lay juror do not need construction). Therefore, the Court does not need to construe any claim element to rule on this Motion to Dismiss.

### III. ACTUS HAS NOT ADEQUATELY PLEAD A CLAIM OF PATENT INFRINGEMENT

Actus' arguments to avoid the obvious implication of its claims requiring the participation of multiple entities are nonsensical. *See* Plf. Resp. at p. 3-7, 9-11. As discussed in detail below, Actus has failed to plead facts that sufficiently allege a cause of action for either direct or indirect patent infringement under Counts I and II of the SAC.

**A. Actus Has Failed to Allege a Plausible Cause of Action of Direct Infringement of the Claims of the '189 Patent**

As explained in the Moving Defendants' Motion, Actus fails to allege that each Defendant directly infringes by simultaneously playing the role of the multiple entities required

---

[1] Even a proper pre-suit Rule 11 investigation requires Actus to have more than just a general belief of plausibility.

by the claims of the '189 patent. *See* Motion at 9-10. For example, claim 1 of the '189 patent recites the steps of "opening a user account with a first member vendor" and "purchasing or renting products or services through the second member vendor." Actus argues that the SAC is sufficient because it alleges that "each Defendants' infringing activities are conducted '***in a manner where*** a user account is opened with a first vendor'" and that the Defendants "***provide*** purchasing or renting of goods or services through the second member vendor."[2] *See* Plf. Resp. at pp. 14, 16 (emphasis added). Direct infringement of a method claim requires, however, that the accused infringer actually perform all of the recited steps, not merely that it conduct its business "in a manner where" some group of actors might perform all the steps." *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("infringement occurs when a party performs all of the steps of the process"). The allegations in Count I therefore fail to state a claim of direct infringement.

Moreover, Actus' assertions that the Moving Defendants directly infringe are entirely implausible and insufficient to withstand a motion to dismiss. Actus argues, for instance – without citing any factual support in the SAC – that it is "***conceivable*** that operational divisions of a single enterprise could fulfill both the role of a second member vendor and a user." *See* Plf. Resp. at p. 15 (emphasis added). As the Supreme Court has explained, however, a complaint must include factual allegations that "plausibly establish" an entitlement to relief. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-51 (2009); *Twombly*, 550 U.S. at 555, 570 (factual allegations "must be enough to raise a right to relief above the speculative level"). It is simply not plausible to claim that the Moving Defendants act as both a second member vendor and a

---

[2] Indeed, Actus contradicts itself by arguing in its Response that the Moving Defendants "provide purchasing or renting of goods or services," *see* Plf. Resp. at 16, while at the same time alleging in the SAC that it is the users, not the Moving Defendants, that "purchase or rent products or services." *See, e.g.*, SAC ¶ 46.

user by purchasing products or services through themselves, and Actus has advanced no basis for concluding that the language of the claims could be construed in a manner so different from their ordinary meaning.[3]

Actus' joint infringement allegations are equally implausible. Actus alleges that each of the Moving Defendants "exercises direction and control over the users and vendors of its products and services in *requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products and services only through the second member vendor*." Plf. Resp. at p. 5 (emphasis added). But just as Actus does not state how the Moving Defendants can be both a user and a vendor simultaneously, Actus fails to explain how the Moving Defendants are plausibly able to override the free will of their vendors and users and "require" them to, for example, "purchase or rent products and services.". *See* Motion at 10-13. A pleading that offers only a "formulaic recitation of elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancements'" is insufficient to withstand a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. Actus has done exactly that with its cursory allegations that the Moving Defendants "exercise[] direction and control" over vendors and users.[4] Actus has thus failed to plead a claim of direct infringement of the '189 patent, and this Motion should be granted regarding Count I.

---

[3] In any event, while its brief states this putatively "conceivable" theory, Actus nowhere pleads that theory in its SAC. Thus, even were that theory plausible – and it is not given the plain language of the claims – it would not save the SAC from dismissal

[4] As explained in the Moving Defendants' Motion, other courts have granted motions to dismiss in similar circumstances. *See* Motion at 10-13, 15 (citing cases). Notably, Actus makes no effort to distinguish these cases on their facts or argue why they should not apply here, other than to say they are from other jurisdictions. *See* Plf. Resp. at pp. 18-19. These cases applied the Supreme Court's recent guidance on Rule 8 pleading to patent claims, however, and, contrary to Actus' arguments, there is no reason why the Court should not follow their reasoning here. *See, e.g.*, *Desenberg v. Google, Inc.*, No. 09-Civ-10121, 2009 WL 2337122, at 6 (S.D.N.Y. July 30, 2009); *Friday Group v. Ticketmaster*, No. 08-CV-01203, 2008 WL 5233078, at *3-4 (E.D. Mo.

### B. Actus Has Failed to Allege a Plausible Cause of Action of Direct Infringement of the Claims of the '099 Patent

As to the '099 patent, Actus' arguments are also without merit. First, Actus only argues apparatus claim 16 of the '099 patent, in effect acknowledging that it cannot maintain a claim for infringement of claim 1, the independent method claim, of the '099 patent.[5] *See* Plf. Resp. at p. 3-5, 9-13.

As to server claim 16, Actus merely argues that the claim requires a mall service provider and, therefore, the claims of infringement of the '099 patent should not be dismissed. *See* Plf. Resp. at p. 5-7, 11-13. Its arguments, however, fail to address at least the required claim elements of:

- a network interface through which the server communicates a ***first web server of a first vendor*** and a ***second web server of a second vendor***;
- the first web server accepts ***electronic tokens of a first type***;
- the second web server accepts ***electronic tokens of a second type***; and
- a routine for issuing a subset of the plurality of tokens of the first type to a ***user***.

*See* SAC, Ex. B at 36:6-34 (emphasis added). Indeed, claim 16 requires that the "mall service provider" be in contact with two different vendor web servers, who must accept two different kinds of electronic tokens, and also involves a user. *Id.* The apparatus of claim 16 thus includes not only a server operated by a mall service provider, but also a first web server of a first vendor and a second web server of a second vendor. Actus fails to allege a plausible set of facts as to how any Moving Defendant makes, uses, or sells a system that satisfies claim 16, or how each Defendant is a "mastermind" that directs and controls others. *See BMC Res.*, 498 F.3d at 1380-

---

Dec. 12, 2008); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008);

[5] The Court should therefore dismiss Count II of the SAC insofar as it alleges infringement of method claims 1-15 by the Moving Defendants.

81. Therefore, Actus has failed to plead a claim of direct infringement of the '099 patent, and this Motion should be granted regarding Count II. *See Iqbal*, 129 S. Ct. at 1949.

    **C.    Actus Failed to Adequately Plead a Cause of Action Based on Indirect Infringement**

In addition to failing to plead a cause of action of direct infringement, either by the Moving Defendants or a third party, Actus ignores the legal requirements of indirect infringement. Indeed, Actus improperly asserts that Moving Defendants either directly or indirectly infringe the patents in suit with merely a conclusory statement. *See* Plf. Resp. at p. 6, 10; *Iqbal*, 129 S. Ct. at 1949. Actus, however, ignores the legal requirements of indirect infringement, and merely concludes that the Moving Defendants either directly or indirectly infringe the patents in suit. *See* SAC; *Iqbal*, 129 S. Ct. at 1949. As demonstrated above, the SAC contains no legally sufficient pleading of direct infringement, which is required to support a claim of indirect infringement. *See, e.g., Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."); *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) (for a district court to find that a defendant has induced infringement of a patent claim by another, the threshold requirement is finding that there is a direct infringer). Because Actus has not sufficiently pleaded facts to support an allegation that there is a direct infringer, the Moving Defendants as a matter of law cannot indirectly infringe the patents in suit. *See Linear Tech.*, 379 F.3d at 1326. Therefore, the Court should grant this Motion to the extent that Actus alleges indirect infringement as well.

    **IV.    CONCLUSION**

Actus' implausible and conclusory allegations in Counts I and II of the Second Amended Complaint are insufficient to state a claim against the Moving Defendants for infringement of the

'189 and '099 patents.  For the reasons set forth above, the Court should dismiss Counts I and II of the Second Amended Complaint insofar as they allege infringement by the Moving Defendants.

Respectfully submitted this  18th day of  November  , 2009.

> Respectfully submitted,
>
> BRACEWELL & GIULIANI LLP
>
>
> By:     /s/ John H. Barr, Jr._____
>    John H. Barr, Jr.
>    Attorney-in-Charge
>    State Bar No. 00783605
> 711 Louisiana, Suite 2300
> Houston, Texas 77002
> (713) 223-2300 - Telephone
> (713) 221-1212 – Facsimile
>
> ATTORNEY FOR DEFENDANT
> META FINANCIAL GROUP, INC.

Of counsel:

Phillip L. Sampson
State Bar No. 00788344
Christopher A. Shield
State Bar No. 24046833
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(713) 221-1212 - Facsimile

> **J. Rodney Gilstrap**
> SMITH & GILSTRAP
> P.O. Drawer A
> Marshall, Texas 75671
> Telephone: (903) 938-8321
> Facsimile: (903) 938-8331
> E-mail:  gilstrap1957@yahoo.com
>
> **Brian M. Buroker** (admitted pro hac vice)
> **Justin T. Arbes** (admitted pro hac vice)

HUNTON & WILLIAMS LLP
1900 K Street NW
Washington, DC 20006
Telephone: (202) 955-1894
Facsimile: (202) 778-2201
E-mail:  bburoker@hunton.com
E-mail:  jarbes@hunton.com

**Attorneys for Defendant Capital One Financial Corporation**


**Eric Hugh Findlay**
**Roger Brian Craft**
FINDLAY CRAFT
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
E-mail:  efindlay@findlaycraft.com
E-mail: bcraft@findlaycraft.com

**Lora Mitchell Friedemann** (Admitted pro hac vice)
FREDRIKSON & BYRON PA
200 South Sixth Street, Suite 4000
Minneapolis, MN 55042
Telephone: (612) 492-7185
Facsimile: (612) 492-7077
E-mail: lfriedemann@fredlaw.com

**Attorneys for Defendant Enable Holdings, Inc.**


**Earl Glenn Thames, Jr.**
POTTER MINTON
P.O. Box 359
Tyler, Texas 75710
Telephone: (903) 597-8311
Facsimile: 903) 593-0846
E-mail: glennthames@potterminton.com

**Attorneys for Defendant Green Dot Corp.**

**Michael E. Jones**
POTTER MINTON PC
P.O. Box 359
Tyler, Texas 75710
Telephone: (903) 597-8311
Facsimile: 903) 593-0846
E-mail: mikejones@potterminton.com

**David P. Gersch** (admitted pro hac vice)
**Joseph A. Micallef** (admitted pro hac vice)
**Matthew N. Bathon** (admitted pro hac vice)
**Scott M. Border** (admitted pro hac vice)
ARNOLD & PORTER – Wash DC
555 Twelfth Street, NW
Washington, DC 20004-1202
Telephone: (202) 942-5541
Facsimile: (202) 942-5999
E-mail: david.gersch@aporter.com
E-mail: joseph.micallef@aporter.com
E-mail: matthew.bathon@aporter.com
E-mail: scott.border@aporter.com

**Attorneys for Defendant M&T Bank Corp.**


**Eric Wolf Pinker**
**Mark Edward Turk**
**Michael P. Lynn**
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839
E-mail: epinker@lynnllp.com
E-mail: mturk@lynnllp.com
E-mail: mlynn@lynnllp.com

**David P. Gersch** (admitted pro hac vice)
**Joseph A. Micallef** (admitted pro hac vice)
**Matthew N. Bathon** (admitted pro hac vice)
**Scott M. Border** (admitted pro hac vice)
ARNOLD & PORTER – Wash DC
555 Twelfth Street, NW
Washington, DC 20004-1202
Telephone: (202) 942-5541
Facsimile: (202) 942-5999

E-mail: david.gersch@aporter.com
E-mail: joseph.micallef@aporter.com
E-mail: matthew.bathon@aporter.com
E-mail: scott.border@aporter.com

**Attorneys for Defendant Visa, Inc.**


**Sidney Calvin Capshaw, III**
**Elizabeth L. DeRieux**
**Daymon Jeffrey Rambin**
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601-5157
Telephone: (903) 233-4830
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**Robert C. Scheinfeld** (admitted pro hac vice)
**Eliot D. Williams** (admitted pro hac vice)
**Eric Faragi** (admitted pro hac vice)
BAKER BOTTS – New York
30 Rockefeller Plaza, 44th Floor
New York, NY 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
E-mail: robert.scheinfeld@bakerbotts.com
E-mail: eliot.williams@bakerbotts.com
E-mail: eric.faragi@bakerbotts.com

**Attorneys for Defendant MasterCard International Incorporated**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record electronically pursuant to the Federal Rules of Civil Procedure on the 18th day of November, 2009.


                                       */s/ John H. Barr, Jr.*
                                       John H. Barr, Jr.