UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORP., et al.<br><br>Defendants. | C.A. NO. 2:09-CV-102-TJW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF ACTUS, LLC'S SURREPLY TO DEFENDANTS' JOINT MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

**I.  Introduction.**

Plaintiff Actus, LLC ("Actus") respectfully submits this Surreply to Defendants Capital One Financial Corporation, Enable Holdings, Inc., Green Dot Corp., MasterCard International Incorporated, Meta Financial Group, Inc., M&T Bank Corp., and Visa Inc. (collectively "Defendants") Joint Reply to Actus' Response to Defendants' Motion to Dismiss Counts I and II of Actus' Second Amended Complaint for Patent Infringement pursuant to Rule 12(b)(6) (the "Motion"). Because (1) Defendants conflate the standard of *pleading* patent infringement, on the one hand, with the strict standard of *proving* infringement, on the other; because (2) Defendants' arguments require premature, private claim construction; and because (3) other courts in this district have recently rejected identical arguments in cases with similar facts, Defendants' motion to dismiss must be denied.

## II. Defendants' Reply Simply Repeats Previous Arguments.

Defendants' Reply simply restates Defendants' previous arguments for dismissal—namely, that Actus cannot plead direct infringement because the patents-in-suit "require . . . the participation of multiple entities *under separate control*." Defendants' Reply to Actus' Response to Joint Motion to Dismiss (hereinafter "Reply"), pp. 1; 3; 4 (emphasis added); *cf.* Motion at pp. 1; 5; 11-13; 15. In particular, Defendants argue that they cannot fulfill "the role [sic] of the multiple entities" required by the claims-in-suit, viz.: a "user," a "first member vendor," and a "second member vendor." Reply at pp. 4-5; *cf.* Motion at pp. 5; 9-10.

As Actus illustrated in its Response to Defendants' Joint Motion to Dismiss (hereinafter "Response"), such an argument necessarily requires claim construction, as (1) it inserts claim limitations not present in the claims (e.g., "multiple entities *under separate control*"), (2) the parties dispute Defendants' private construction of the claims, and (3) the Court has not adopted Defendants' constructions. Response, pp. 13-16; 8-9. Actus' Response further illustrated in detail the theoretical underpinnings of why Defendants' arguments to dismiss must be denied, as Defendants' arguments conflate the standard of *proving* infringement at trial with the standard for *pleading* infringement prior to discovery, and thereby embody a premature attempt at summary judgment. *Id.* at pp. 1-3; 9-10; 13-17. Defendants fail to address the latter arguments in their Reply. *See* Reply, pp. 1-8.

## III. Defendants' Arguments Rejected by Other Courts in This District.

Defendants' argument for dismissal—i.e., that Defendants cannot infringe because they cannot serve as "multiple entities under *separate* control" as required under their premature, private claim construction—has been attempted by other parties in an effort to dismiss patent infringement actions under FED. R. CIV. P. 12(b)(6). Arguments of this type have been explicitly

rejected by other courts in this District. *OLA, LLC v. Builder Homesite, Inc., et. al.*, No. 2:08-CV-324-CE, 2009 WL 3190443 (E.D. Tex. Sept. 29, 2009), *mem.* (hereinafter "*OLA*") provides an example which comprehends parallel facts and parallel argument.

**A.** ***Defendants Argue that Direct Infringement is Overcome by Premature, Private Claim Constructions Requiring Multiple Entities Under Separate Control.***

The *OLA* patents-in-suit required "a customer," "a building contractor," and "a third-party website provider," and comprised steps of, *inter alia*, "the customer and building contractor entering into a contract," and providing first and second websites "by the third-party website provider." *See* U.S. Pat. No. 7,076,455, claim 1; *see also* Owens Corning's Motion to Dismiss, *OLA* Dkt. 119, pp. 3-4; *cf.* Reply at pp. 1; 3; 4-5; Motion at pp. 1; 5; 11-13; 15. The *OLA* defendants first argued—like the Defendants in the present matter—that plaintiff's pleading of *direct* infringement was insufficient and should be dismissed because the claims at issue:

> manifestly require action by multiple parties. The builder and customer must enter into a contract, the website provider must provide the websites and the customer must make selections. . . . As a matter of law, [defendants] cannot infringe the method claims because [they do] not and could not perform each of the steps of the claimed methods.

Owens Corning's Motion to Dismiss, *OLA* Dkt. 119, pp. 5, 3. The *OLA* defendants' first argument thus parallels Defendants' argument in the present matter—namely, that Actus cannot plead direct infringement because Defendants cannot fulfill "the role [sic] of the multiple entities . . . under separate control" as required by Defendants' private claim constructions of the claim terms a "user," a "first member vendor," and a "second member vendor." Reply at pp. 4-5; *see also id.* at 1; 3; *cf.* Motion at pp. 5; 9-13; 15 (N.B.: Defendants' additional limitations of "multiple entities under separate control" are not found in the actual language of the claims-at-suit).

**B.**  *Defendants Argue that Terse Pleadings of Joint Infringement Are Insufficient.*

Second, the *OLA* defendants also argued—like Defendants in the present matter—that the *OLA* plaintiff's pleading of *joint* patent infringement was insufficient.  In particular, the *OLA* defendants argued that a complaint alleging merely that "Alternatively, [defendants] are jointly liable for infringement of claims 1, 19, 30 and/or other claims of the '455 patent and claims 1, 19, 26 and/or other claims of the '533 patent," is insufficient to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) because "it is unsupported by any facts of specific conduct by the Supplier Defendants."  *See*, *e.g.*, Hearth & Home Technologies, Inc., et. al.'s Joint Motion to Dismiss, *OLA* Dkt. 67, p. 10.

The foregoing parallels Defendants' argument against the sufficiency of Actus' pleading of joint infringement in the present matter.  Regarding Actus' Second Amended Complaint's allegation of joint infringement, which states that:

> Alternatively, upon information and belief, [Defendants] exercise direction and control over the users and vendors of [their] products and services in requiring the second member vendor to issue the electronic tokens of the second type and the users to purchase or rent products or services only through second member vendors such that [they] are vicariously liable for the actions of the second vendors and users,

Defendants here complain that Actus' "single new sentence," provides insufficient "factual content" to properly plead joint infringement.  Motion, p. 10; *see also* Reply, pp. 6; 8.

**C.**  *Defendants' Rely on Parallel Abuse of Case Law.*

Third, the *OLA* defendants supported their arguments with case law identical to that used by Defendants in the present matter.  The *OLA* defendants relied—like Defendants in the present matter—upon *Bell Atlantic v. Twombly*, 500 U.S. 544, 127 S. Ct. 1955 (2007) (hereinafter "*Twombly*") as the standard for considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  Hearth & Home Technologies, Inc., et. al.'s Joint Motion to Dismiss, *OLA* Dkt. 67, pp.

4

2; 6-9; Honeywell Int'l.'s Motion to Dismiss, *OLA* Dkt. 115, p. 4; *cf.* Reply, pp. 2, 5; Motion, pp. 2-4; 7-8; 10-11.

The *OLA* defendants—like Defendants in the present matter—also relied on *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) (hereinafter "*BMC*") for the proposition that "[f]or process patent or method patent claims, infringement occurs when a party performs all of the steps of the process." Owens Corning's Motion to Dismiss, *OLA* Dkt. 119, pp. 4, 7; *cf.* Reply, pp. 5; 7-8; Motion, pp. 1-2; 8; 10; 12-14. Like Defendants in the present matter, the *OLA* defendants argued further that based on *BMC* and the "plain meaning" of the claims-at-suit, they could not perform steps performed by a customer, a builder, and a third-party website provider—so direct infringement was impossible. *Id.* The *OLA* defendants also relied—like Defendants in the present matter—on *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) (hereinafter "*Muniauction*") for the proposition that "where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e. the 'mastermind'." Owens Corning's Motion to Dismiss, *OLA* Dkt. 119, p. 5; *cf.* Motion, pp. 2; 8-9; 12. Like Defendants in the present matter, the *OLA* defendants similarly argued that based on *Muniauction*, they could not exert the requisite control over the claimed process—and therefore joint infringement was impossible. *Id.*

### D.     **OLA*'s Rejection of Foregoing Dismissal Arguments.*

Sitting in the Eastern District of Texas, *OLA* explicitly considered the reasoning of those motions to dismiss noted above, including *OLA* Dkts. 67, 119, and 115. *See OLA*, at *1. *OLA* acknowledged *Twombly* as the standard for considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *OLA*, at *2. However, *OLA* emphasized—as Actus did in its previous

5

Response—that FED. R. CIV. P. 8(a)(2) merely requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* *OLA* clarified that *Twombly* held "a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Twombly* at 555). *OLA* further emphasized that the "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim," (*id.* (citing Jones v. Greninger, 188 F.3d 322 324 (5th Cir. 1999)), and that "in the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted (*id.* (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)).

*OLA* summarized the *OLA* defendants' direct infringement argument thus: "that OLA[, Inc.'s] claim limitations require a 'builder,' 'building contractor,' and 'third party website provider,' which the movants are not, so they cannot infringe." *Id.* at *3. *OLA* then ruled: "*These claim terms have not yet been construed, so the court will defer addressing the movants' argument*." *Id.* *OLA* concluded that, for purposes of both direct infringement (as alleged in Dkt. 119) and joint infringement (as alleged by Docs. 67, 119, and 115), "The complaint is sufficient to state a claim under 35 U.S.C. § 271, and the motion [sic] to dismiss the patent infringement claim is denied." *Id.*, at *3.

### E. *The Court Should Follow* **OLA.**

*OLA*'s facts and the arguments made by the *OLA* defendants for dismissal are remarkably similar to the present facts and the arguments made by Defendants' pending motion to dismiss. As in *OLA*, Defendants in the present matter attempt to dismiss properly plead allegations of *direct* infringement by *prematurely construing the claims* in such a way as to make direct infringement impossible. As in *OLA*, Defendants in the present matter attempt to dismiss allegations of *joint* infringement by arguing that a complaint's terse statement under Rule 8(a)(2)

6

is insufficient because it does not *prove* that Defendants infringe. As in *OLA*, Defendants in the present matter wrest *Twombly*, *BMC*, and *Muniauction* to support their theories for dismissal. As *OLA* emphasized, "*the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.*" *OLA*, at *2. This Court should similarly refuse to dismiss the present patent infringement action due to Defendants' premature, private claim constructions and conflation of the standard for *proving* patent infringement with the standard for merely *pleading* it.

## IV. Ancillary Issues Raised by Defendants' Reply

Actus wishes to briefly set the record straight with regard to several ancillary issues raised by Defendant's Reply. First, Defendants allege that Actus' Response "makes no effort to distinguish [case law relied upon by Defendants] on their facts or argue why they should not apply here, other than to say they are from other jurisdictions." Reply, p. 6, n. 4. Nothing could be further from the truth: Actus' Response carefully detailed how such case law was (1) unrelated to the pleading standard as it related instead to *proving infringement* at trial or on appeal and/or (2) persuasive authority only, as it originated in other circuits. Response, pp. 18-19. If this were not enough, Actus now proffers *OLA* as contemporary case law from this very district—case law which, unlike that cited by Defendants, comprises facts and party argument practically identical to that presented in the instant matter. *See*, *supra*, Sec. III.

Second, Defendants' argue that "Actus only argues apparatus claim 16 of the '099 Patent, in effect acknowledging that it cannot maintain a claim for infringement of claim 1, the independent method claim, of the '099 patent." It is true that Actus' Response noted claim 16 of the '099 Patent is an apparatus claim and, as such, is not susceptible to Defendants' arguments regarding alleged "multiple entities under separate control." *See* Response, pp. 12-13. But

is insufficient because it does not *prove* that Defendants infringe. As in *OLA*, Defendants in the present matter wrest *Twombly*, *BMC*, and *Muniauction* to support their theories for dismissal. As *OLA* emphasized, "*the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.*" *OLA*, at *2. This Court should similarly refuse to dismiss the present patent infringement action due to Defendants' premature, private claim constructions and conflation of the standard for *proving* patent infringement with the standard for merely *pleading* it.

## IV. Ancillary Issues Raised by Defendants' Reply

Actus wishes to briefly set the record straight with regard to several ancillary issues raised by Defendant's Reply. First, Defendants allege that Actus' Response "makes no effort to distinguish [case law relied upon by Defendants] on their facts or argue why they should not apply here, other than to say they are from other jurisdictions." Reply, p. 6, n. 4. Nothing could be further from the truth: Actus' Response carefully detailed how such case law was (1) unrelated to the pleading standard as it related instead to *proving infringement* at trial or on appeal and/or (2) persuasive authority only, as it originated in other circuits. Response, pp. 18-19. If this were not enough, Actus now proffers *OLA* as contemporary case law from this very district—case law which, unlike that cited by Defendants, comprises facts and party argument practically identical to that presented in the instant matter. *See*, *supra*, Sec. III.

Second, Defendants' argue that "Actus only argues apparatus claim 16 of the '099 Patent, in effect acknowledging that it cannot maintain a claim for infringement of claim 1, the independent method claim, of the '099 patent." It is true that Actus' Response noted claim 16 of the '099 Patent is an apparatus claim and, as such, is not susceptible to Defendants' arguments regarding alleged "multiple entities under separate control." *See* Response, pp. 12-13. But

Defendants wrongly infer that Actus' argument regarding claim 16 of the '099 Patent implies that Actus' Second Amended Complaint cannot sustain other claims of the '099 and '189 patents: Indeed, the rest of Actus' Response was directed to Defendants' arguments that they could not perform method steps which Defendants attribute via premature, private claim construction to "multiple entities under separate control." In other words, the rest of Actus' Response was directed to claims other than claim 16 of the '099 Patent. *See* Response, pp. 1-12; 13-20. Actus thus maintains a claim for infringement on the claims of '189 and '099 Patents.

**V.     Conclusion**

For the foregoing reasons, Plaintiff Actus, LLC, respectfully requests that the Court deny Defendants' motion to dismiss. In the alternative, if the Court is persuaded by any portion of Defendants' Motion, Actus respectfully requests leave to amend its complaint in accordance with the Court's findings. *Friday Group v. Ticketmaster,* No. 4:08-CV-01203, 2008 WL 5233078, *14 (E.D. Mo. Dec. 12, 2008) (granting plaintiff leave to amend complaint).

| | |
|---|---|
| November 30, 2009 | Respectfully Submitted,<br><br>**ACTUS, LLC**<br><br>By: /s/ William E. Davis, III<br>William E. Davis III<br>Texas State Bar No. 24047416<br><br>**The Davis Firm, PC**<br>111 West Tyler Street<br>Longview, Texas 75601<br>Phone: 903-230-9090<br>Fax: 903-230-9661<br>**ATTORNEY FOR PLAINTIFF**<br>**ACTUS, LLC** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email, on this the 30th day of November, 2009.

/s/ William E. Davis, III
William E. Davis, III