# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ACTUS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-102-TJW |
| | § | |
| BANK OF AMERICA CORP., et al | § | |
|     Defendant. | § | |
| | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants Capital One Financial Corporation ("Capital One"), Enable Holdings, Inc. ("Enable Holdings"), MasterCard International Incorporated ("MasterCard"), Meta Financial Group, Inc. ("Meta"), M&T Bank Corp. ("M&T"), and Visa Inc.'s ("Visa") (collectively "Defendants") Joint Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6).1 [Dkt. No. 188] The Court has considered the parties' arguments and applicable law and is of the opinion that Defendants' motion should be DENIED.

Plaintiff Actus, LLC filed this patent infringement lawsuit on April 9, 2009, asserting U.S. Patent Nos. 7,328,189 ("the '189 patent") and 7,249,099 ("the '099 patent") against Defendants. The '189 patent has one independent claim, reciting as follows:

> 1. A method of conducting electronic commerce, the method comprising:
>
> opening a user account with a first member vendor;
>
> issuing electronic tokens of a first type to a user, and adding the electronic tokens to a user account maintained by the first member vendor:

---

1 The motion was joined by a number of other defendants who have since been dismissed from the case.

> exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by a second member vendor;
>
> purchasing or renting products or services through the second member vendor using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens the second type; and
>
> transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type.

The '099 patent has two independent claims, the exemplary one of which recites:

> 1. A method for conducting electronic commerce comprising:
>
> providing a first web server at a first vendor that accepts electronic tokens of a first type;
>
> providing a second web server at a second vendor accepts electronic tokens of a second type;
>
> providing a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween;
>
> issuing a plurality of electronic tokens of the first type from the mall service provider server to the first web server, the electronic tokens adapted for use in electronic transactions for purchase or rental of products or services from the first web server or the second web server;
>
> issuing a subset of the plurality of tokens of the first type to a user;
>
> maintaining a first database in the mall service provider server, the first database including account information for the first web server; and
>
> for electronic transactions conducted at the second web server of the second vendor using electronic tokens of the first type to purchase products or services, transferring compensation from the first web server to the second web server of the second vendor in an amount equal to the value of the electronic tokens of the second type.

Defendants argue that Plaintiff cannot prove that a single actor performs all steps of the methods in the '189 and '099 patents and therefore the Plaintiffs claims of infringement should be dismissed.

When ruling on a motion to dismiss, the trial court reviews the pleadings to determine

whether the plaintiff has given the defendant notice of "grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

Relying on *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007), Defendant argues that Plaintiff's claims should be dismissed because Plaintiff fails to allege specifically any theories of joint infringement or any facts that would support joint infringement. *See BMC Resources*, 498 F.3d at 1380–81 (holding that where a method claim requires multiple actors, the plaintiff must prove that the defendant exercised direction or control over the other actors). Defendants' reading of *BMC Resources* is erroneous. In *BMC Resources*, the Court had before it claims that were construed and fully-developed infringement theories when it considered a *motion for summary judgment*. Here, on the other hand, the Court has before it a *motion to dismiss* and claims that have not yet been construed. The pending motion asks the Court to simultaneously adopt a construction that the claims can only be performed by multiple actors—before the completion of claim construction discovery and without the benefit of thorough claim construction briefing—and then impose an excessively conservative pleading requirement on those claims.

Defendants would have Plaintiff allege with specificity a theory of infringement for each

element of the asserted claims. The Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint. Defendant's motion to dismiss is premature and must be DENIED.

It is SO ORDERED.

SIGNED this 10th day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE