IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BLAZE MOBILE, INC.; § <br> CAPITAL ONE FINANCIAL CORP.; § <br> ENABLE HOLDINGS, INC.; § <br> JAVIEN DIGITAL PAYMENT § <br> SOLUTIONS, INC.; § <br> META FINANCIAL GROUP, INC.; § <br> M&T BANK CORP.; § <br> VISA, INC.; § <br> WESTERN UNION, FINANCIAL § <br> SERVICES, INC. § <br> Defendants. § <br> § | C.A. NO. 2:09-cv-102 |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**

Defendant, Meta Financial Group, Inc. ("Meta" or "Defendant") files this its Answer to Plaintiff, Actus, LLC's ("Plaintiff") Third Amended Complaint for Patent Infringement ("Complaint") and Counterclaim.

1. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

## **II.    THE PARTIES**

2. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 3 of the Complaint, and therefore denies the same.

4. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 5 of the Complaint, and therefore denies the same.

6. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. Meta admits the allegations contained paragraph 7.

8. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

### III. JURISDICTION AND VENUE

11. Meta admits that Plaintiff has brought an action alleging patent infringement, but denies there is any basis in law or fact for such allegations contained in paragraph 11 of the Complaint. Meta further admits that jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a). To the extent that paragraph 11 of the Complaint contains additional factual allegations, Meta denies them.

12. Meta admits that, to the extent Plaintiff has sufficiently alleged a patent infringement cause of action, venue could be proper in this Court under the provisions of 42 U.S.C. §§ 1391 and 1400(b). To the extent that paragraph 12 of the Complaint contains additional factual allegations, Meta denies them.

13. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

17. To the extent that paragraph 17 of the Complaint alleges that Meta is subject to personal jurisdiction in Texas, Meta admits that Meta is subject to personal jurisdiction in Texas.

To the extent that paragraph 17 of the Complaint contains additional factual allegations, Meta denies them.

18. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 18 of the Complaint, and therefore denies the same.

19. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

20. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 20 of the Complaint, and therefore denies the same.

## IV. COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,328,189

21. Meta admits that the cover sheet of United States Patent No. 7,328,189 ("the '189 patent) provides that it was issued on February 5, 2008, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 21 of the Complaint, and therefore denies the same.

22. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 22 of the Complaint, and therefore denies the same.

23. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 23 of the Complaint, and therefore denies the same.

24. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 24 of the Complaint, and therefore denies the same.

25. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

26. Meta denies the allegations in paragraph 26 of the Complaint regarding Meta.

27. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 27 of the Complaint, and therefore denies the same.

28. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 28 of the Complaint, and therefore denies the same.

29. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 29 of the Complaint, and therefore denies the same.

## V. COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,249,099

30. Meta admits that the cover sheet of United States Patent No. 7,249,099 ("the '099 patent) provides that it was issued on July 24, 2007, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." After reasonable

investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 30 of the Complaint, and therefore denies the same.

31. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 31 of the Complaint, and therefore denies the same.

32. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 32 of the Complaint, and therefore denies the same.

33. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 33 of the Complaint, and therefore denies the same.

34. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 34 of the Complaint, and therefore denies the same.

35. Meta denies the allegations in paragraph 35 of the Complaint regarding Meta.

36. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 36 of the Complaint, and therefore denies the same.

37. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 37 of the Complaint, and therefore denies the same.

38. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 38 of the Complaint, and therefore denies the same.

### VI.   COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 7,177,838

39. Meta admits that the cover sheet of United States Patent No. 7,177,838 ("the '838 patent) provides that it was issued on February 13, 2007, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 39 of the Complaint, and therefore denies the same.

40. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 40 of the Complaint, and therefore denies the same.

41. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 41 of the Complaint, and therefore denies the same.

### VII.   COUNT IV
### INFRINGEMENT OF U.S. PATENT NO. 7,376,621

42. Meta admits that the cover sheet of United States Patent No. 7,376,621 ("the '621 patent) provides that it was issued on May 20, 2008, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 42 of the Complaint, and therefore denies the same.

43. After reasonable investigation, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 43 of the Complaint, and therefore denies the same.

## VIII. PRAYER FOR RELIEF

44. Paragraphs (1) thru (15) of the Prayer for Relief of the Complaint are a request for relief, which do not require an admission or denial. In any event, Meta denies that Plaintiff is entitled to recover and/or receive any of the relief sought in paragraphs (1) thru (15) against, and as it relates to, Meta. To the extent that paragraphs (1) thru (15) contain factual allegations, Meta denies them. To the extent that paragraphs (1) thru (15) contain the request for relief with respect to the remaining defendants, Meta is without sufficient information or knowledge to form a belief as to the truth or falsehood of the request for relief with respect to the remaining defendants, and therefore denies the same.

## IX. JURY DEMAND

45. Plaintiff's request for a jury trial pursuant to Fed. R. Civ. P. 38 does not require an admission or denial. Meta also demands a jury trial pursuant to Fed. R. Civ. P. 38.

## X. AFFIRMATIVE DEFENSES

46. Meta has not and does not (i) literally infringe, (ii) infringe under the doctrine of equivalents, (iii) contributorily infringe, or (iv) induce infringement of the '189 patent.

47. The claims of the '189 patent are invalid and unenforceable under the patent laws, including the provisions of 35 U.S.C. §§ 101, 102, 103, and 112, particularly when those claims are sought to be interpreted to cover the business activities of Meta.

48. Upon information and belief, the patent owner did not mark articles covered by the claims of the '189 patent in accordance with 35 U.S.C. § 287.

49. Meta has not and does not (i) literally infringe, (ii) infringe under the doctrine of equivalents, (iii) contributorily infringe, or (iv) induce infringement of the '099 patent.

50. The claims of the '099 patent are invalid and unenforceable under the patent laws, including the provisions of 35 U.S.C. §§ 101, 102, 103, and 112, particularly when those claims are sought to be interpreted to cover the business activities of Meta.

51. Upon information and belief, the patent owner did not mark articles covered by the claims of the '099 patent in accordance with 35 U.S.C. § 287.

52. Plaintiff's claims are barred by the equitable doctrine of laches.

53. Plaintiff's claims are barred by the equitable doctrine of estoppel.

54. On information and belief, Plaintiff's claims are barred by patent misuse.

55. Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

56. Some or all of the Defendants have been improperly joined in a single action, and Meta asserts its right to a separate trial.

## XI. COUNTERCLAIM

For its Counterclaim, Meta alleges as follows:

### I. Declaration of Patent Non-Infringement, Invalidity and Unenforceability

1. This counterclaim arises under 28 U.S.C. §§ 2201 and 2202, and this Court has jurisdiction under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). There is an actual justiciable controversy between Meta and Plaintiff concerning the alleged infringement, validity, scope and enforceability of United States Patent No. 7,328,189. Jurisdiction is also conferred upon this Court in that this counterclaim arises out of the same transaction that is the subject matter of the Complaint.

2. Venue is proper in this Court under Title 28, U.S.C. §1391 (b) and (c), in that the claims arose within this Judicial District.

3. Plaintiff claims to be the exclusive licensee of the '189 patent, including the right to sue and recover damages for infringement.

4. Plaintiff has asserted that activities of Meta in the United States directly and indirectly infringe the '189 patent.

5. On information and belief, the '189 patent is invalid and void under the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, as set forth specifically in the affirmative defenses of the Original Answer to Plaintiff's Complaint to which this counterclaim is appended.

6. Plaintiff has, in bad faith, knowingly undertaken to enforce the '189 patent against defendants, including Meta, while knowing that the '189 patent is invalid.

7. Meta has not infringed and is not infringing any claim of the '189 patent.

8. Plaintiff has, in bad faith, knowingly undertaken to enforce the '189 patent against the defendants, including Meta, while knowing that the '189 patent is not infringed.

9. Therefore, because of the foregoing, there exists an actual controversy between the parties as to the validity, enforceability, and infringement of the '189 patent to which Meta requests a declaratory judgment in its favor.

10. Based upon the foregoing conduct of Plaintiff, this is an exceptional case under 35 U.S.C. § 285.

11. As a result of Plaintiff's conduct and 28 U.S.C. § 2202, Meta is entitled to recover attorneys' fees.

**PRAYER**

WHEREFORE, Defendant, Meta, Inc. prays that:

a. Plaintiff's Complaint be dismissed in its entirety, with prejudice;

b. A holding of non-infringement of the '189 and '099 patents be entered relating to Meta;

c. United States Patent No. 7,328,189 be declared invalid;

d. United States Patent No. 7,249,099 be declared invalid;

e. The Court find this to be an exceptional case; and

f. Plaintiff be ordered to pay attorneys fees and costs to Meta and any such additional amount that appears reasonable to the Court.

Dated: February 22, 2010

           Respectfully submitted,

           BRACEWELL & GIULIANI LLP

           By: ___/s/ John H. Barr, Jr._____
               John H. Barr, Jr.
               Attorney-in-Charge
               State Bar No. 00783605
           711 Louisiana, Suite 2300
           Houston, Texas 77002
           (713) 223-2300 - Telephone
           (713) 221-1212 – Facsimile

           ATTORNEY FOR DEFENDANT
           META FINANCIAL GROUP, INC.

Of counsel:

Phillip L. Sampson
State Bar No. 00788344
Christopher A. Shield
State Bar No. 24046833
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(713) 221-1212 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic court filing pursuant to the Federal Rules of Civil Procedure on the 22nd day of February, 2010.

                                          */s/ John H. Barr, Jr.*
                                          John H. Barr, Jr.