**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ACTUS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BLAZE MOBILE, INC.; <br> CAPITAL ONE FINANCIAL CORP.; <br> ENABLE HOLDINGS, INC.; <br> JAVIEN DIGITAL PAYMENT <br>     SOLUTIONS, INC.; <br> META FINANCIAL GROUP, INC.; <br> M&T BANK CORP.; <br> VISA, INC.; <br> WESTERN UNION FINANCIAL <br>     SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 2:09-cv-102-TJW <br><br> JURY TRIAL DEMANDED |

**DEFENDANT WESTERN UNION FINANCIAL SERVICES, INC.'S
ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Western Union Financial Services, Inc. ("Western Union") submits the following Answer and Counterclaim to the Third Amended Complaint for Patent Infringement filed by Actus, LLC ("Actus").

1. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the allegations.

**PARTIES**

2. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the allegations.

3. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies the allegations.

4. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies the allegations.

5. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies the allegations.

6. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the allegations.

7. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the allegations.

8. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the allegations.

9. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies the allegations.

10. Western Union admits the allegations contained in paragraph 10.

## JURISDICTION AND VENUE

11. Western Union admits that Plaintiff has brought an action arising under the patent laws of the United States, and jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a). Western Union denies any remaining allegations in paragraph 11.

12. Western Union admits that venue may be proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400(b) if Plaintiff has sufficiently alleged a patent infringement cause of action. Western Union denies any remaining allegations in paragraph 12.

13. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the allegations.

14. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the allegations.

15. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies the allegations.

16. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the allegations.

17. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies the allegations.

18. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the allegations.

19. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the allegations.

20. Western Union admits it is subject to personal jurisdiction in Texas for the purposes of this particular case and only in view of the facts and allegations of this particular case. Western Union denies any remaining allegations in paragraph 20.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,328,189

21. Western Union admits that United States Patent No. 7,328,189 ("the '189 patent) recites on its face that it was issued on February 5, 2008, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." Western Union lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 21 and therefore denies the allegations.

22. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies the allegations.

23. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies the allegations.

24. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies the allegations.

25. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies the allegations.

26. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies the allegations.

27. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies the allegations.

28. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies the allegations.

29. Western Union denies the allegations contained in paragraph 29.

## **COUNT II**

## **ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,249,099**

30. Western Union admits that United States Patent No. 7,249,099 ("the '099 patent) recites on its face that it was issued on July 24, 2007, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." Western Union lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 30 and therefore denies the allegations.

31. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the allegations.

32. Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the allegations.

33.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the allegations.

34.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies the allegations.

35.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies the allegations.

36.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the allegations.

37.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies the allegations.

38.     Western Union denies the allegations contained in paragraph 38.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,177,838

39.     Western Union admits that United States Patent No. 7,177,838 ("the '838 patent) recites on its face that it was issued on February 13, 2007, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  Western Union lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 39 and therefore denies the allegations.

40.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the allegations.

5

41.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the allegations.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,376,621

42.     Western Union admits that United States Patent No. 7,376,621 ("the '621 patent) recites on its face that it was issued on May 20, 2008, and is titled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  Western Union lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 42 and therefore denies the allegations.

43.     Western Union lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies the allegations.

## RESPONSE TO PRAYER FOR RELIEF

Paragraphs 1-15 of the Complaint's Prayer for Relief are a request for relief and, as such, do not require an admission or denial.  Nevertheless, Western Union denies that Actus is entitled to the requested relief with respect to Western Union.  Western Union lacks knowledge or information sufficient to form a belief as to whether Actus is entitled to the request relief with respect to the other defendants.  Western Union denies the remaining allegations, if any, contained in paragraphs 1-15 of the Complaint's Prayer for Relief.

## DEFENSES

In addition to the defenses alleged herein, Western Union reserves the right to allege additional defenses as they become known during the course of discovery.

## FIRST DEFENSE
### (Noninfringement)

44. Western Union has not infringed and does not infringe either directly, contributorily, or by inducement any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

45. Western Union has not infringed and does not infringe either directly, contributorily, or by inducement any valid and enforceable claim of the '099 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

46. The claims of the '189 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

47. The claims of the '099 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE
### (Estoppel/Laches/Waiver)

48. One or more of Actus' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

## FOURTH DEFENSE
### (Lack of Joinder)

49. One or more of Actus' claims is barred, in whole or in part, by its failure to join one or more necessary and/or indispensable parties.

## FIFTH DEFENSE
### (Limitation on Remedies)

50. Upon information and belief, Actus is precluded under 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '189 patent that occurred prior to Plaintiff providing Western Union with actual and specific notice of alleged infringement.

51. Upon information and belief, Actus is precluded under 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '099 patent that occurred prior to Plaintiff providing Western Union with actual and specific notice of alleged infringement.

52. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## SIXTH DEFENSE
### (Standing)

53. Upon information and belief, Plaintiff lacks standing to bring a cause of action for patent infringement as to the asserted patents.

## COUNTERCLAIMS

For its counterclaim against Actus, Western Union alleges as follows:

## PARTIES

1. Counterclaimant Western Union Financial Services, Inc. ("Western Union") is a Colorado corporation with its principal place of business at 12500 Belford Ave., Englewood, CO 80112.

2. Upon information and belief, counterclaim-defendant Actus is a Texas limited liability company with its principal place of business at 201 W. Houston, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Actus and venue is proper in this Court because this is the Court in which Actus instituted this action. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FIRST COUNTERCLAIM
### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,328,189

5. Western Union incorporates by reference each and every allegation contained in the preceding paragraphs.

6. In its Complaint, Actus alleges that Western Union infringes the '189 patent. Western Union has not infringed and does not infringe either directly, contributorily, or by inducement any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

7. An actual and justiciable controversy requiring declaratory relief exists between Actus and Western Union as evidenced by Actus' filing of the Complaint alleging infringement of the '189 patent by Western Union.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,249,099)

8. Western Union incorporates by reference each and every allegation contained in the preceding paragraphs.

9. In its Complaint, Actus alleges that Western Union infringes the '099 patent. Western Union has not infringed and does not infringe either directly, contributorily, or by inducement any valid and enforceable claim of the '099 patent, either literally or under the doctrine of equivalents.

10. An actual and justiciable controversy requiring declaratory relief exists between Actus and Western Union as evidenced by Actus' filing of the Complaint alleging infringement of the '099 patent by Western Union.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,328,189)

11. Western Union incorporates by reference each and every allegation contained in the preceding paragraphs.

12. By its allegations of infringement, Actus has asserted that the '189 patent is valid.

13. The claims of the '189 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

14. An actual and justiciable controversy requiring declaratory relief exists between Actus and Western Union as evidenced by Actus' filing of the Complaint alleging infringement of the '189 patent by Western Union.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,249,099)

15. Western Union incorporates by reference each and every allegation contained in the preceding paragraphs.

16. By its allegations of infringement, Actus has asserted that the '099 patent is valid.

17. The claims of the '099 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

18. An actual and justiciable controversy requiring declaratory relief exists between Actus and Western Union as evidenced by Actus' filing of the Complaint alleging infringement of the '099 patent by Western Union.

## PRAYER FOR RELIEF

WHEREFORE, Western Union prays for an order entering judgment as follows:

A. Denying all claims for relief set forth in the Complaint and entering judgment in favor of Western Union and against Actus on all claims;

B. Declaring that Western Union has not infringed and is not infringing directly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '189 patent;

C. Declaring that Western Union has not infringed and is not infringing directly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '099 patent;

D. Declaring each claim of the '189 patent to be invalid;

E. Declaring each claim of the '099 patent to be invalid;

F. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

G. Awarding Western Union its attorneys' fees and costs in this matter;

H. Awarding such other and further relief as the Court deems proper and just.

## JURY TRIAL DEMANDED

Western Union hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATE: March 5, 2010 | By: */s/ Robert Christopher Bunt* <br> Robert Christopher Bunt <br> State Bar No. 00787165 <br> Parker, Bunt & Ainsworth, PC <br> 100 East Ferguson, Suite 1114 <br> Tyler, Texas 75702 <br> (903) 531-3535 <br> (903) 533-9687 (fax) <br> rcbunt@pbatyler.com |
|  | ATTORNEYS FOR DEFENDANT <br> WESTERN UNION FINANCIAL <br> SERVICES, INC. |
| OF COUNSEL: |  |

David E. Sipiora (Lead Attorney)
   CO Bar No. 29759
Scott L. McMillan
   CO Bar No. 40596
TOWNSEND AND TOWNSEND AND CREW LLP
1400 Wewatta St., Suite 600
Denver, CO 80202
(303) 571-4000
(303) 571-4321 (fax)
desipiora@townsend.com
slmcmillan@townsend.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing pursuant to Local Rule CV-5(d) via email or facsimile transmission, or by first class mail this 5th day of March, 2010.

/s/ Robert Christopher Bunt
ROBERT CHRISTOPHER BUNT

62481915 v1