**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ACTUS, LLC, | ) | Civil Action No. 2:09-CV-102-TJW |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| (1) BLAZE MOBILE, INC.; | ) | **ANSWER AND COUNTERCLAIMS OF** |
| (2) CAPITAL ONE FINANCIAL CORP.; | ) | **M&T BANK CORP. IN REPLY TO** |
| (3) ENABLE HOLDINGS, INC.; | ) | **THIRD AMENDED COMPLAINT FOR** |
| (4) JAVIEN DIGITAL PAYMENT | ) | **PATENT INFRINGEMENT** |
| SOLUTIONS, INC.; | ) | |
| (5) META FINANCIAL GROUP, INC.; | ) | Hon. T. John Ward |
| (6) M&T BANK CORP.; | ) | |
| (7) VISA, INC.; | ) | |
| (8) WESTERN UNION, FINANCIAL | ) | |
| SERVICES, INC.; | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Defendant M&T Bank Corp. ("M&T"), for its answer to the Third Amended Complaint for Patent Infringement filed by Actus, LLC ("Actus") and for its counterclaims against Actus, admits, denies, and alleges as follows:

1.    M&T admits that the Third Amended Complaint purports to be an action for patent infringement.

## PARTIES

2.    M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 and, on that basis, denies said allegations.

3.    M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 and, on that basis, denies said allegations.

4.    M&T is without knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 4 and, on that basis, denies said allegations.

5.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 and, on that basis, denies said allegations.

6.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 and, on that basis, denies said allegations.

7.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 and, on that basis, denies said allegations.

8.      M&T admits that it is a corporation organized and existing under the laws of New York, with its principal place of business at One M&T Plaza, Buffalo, New York, 14203. Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 8.

9.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 and, on that basis, denies said allegations.

10.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 and, on that basis, denies said allegations.

## JURISDICTION AND VENUE

11.     M&T admits that the Third Amended Complaint purports to be an action arising under the patent laws of the United States Title 35 of the United States Code.  M&T further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).  Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 11.

12.     M&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Third Amended Complaint as they pertain to the other Defendants, and, on that basis, denies the same.  Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 12.

13.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 and, on that basis, denies said allegations.

14.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 and, on that basis, denies said allegations.

15.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and, on that basis, denies said allegations.

16.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 and, on that basis, denies said allegations.

17.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 and, on that basis, denies said allegations.

18.     M&T admits that it is subject to this Court's specific and general personal jurisdiction.  Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 18.

19.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 and, on that basis, denies said allegations.

20.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 and, on that basis, denies said allegations.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,328,189

21.     M&T admits that U.S. Patent No. 7,328,189 ("the '189 Patent"), entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens," states on its face that it issued on February 5, 2008.  M&T admits that what appears to be a copy of the '189 Patent was attached as Exhibit A to the Third Amended Complaint.  Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 21.

22.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 and, on that basis, denies said allegations.

23.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 and, on that basis, denies said allegations.

24.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 and, on that basis, denies said allegations.

25.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 and, on that basis, denies said allegations.

26.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 and, on that basis, denies said allegations.

27.     M&T admits that a subsidiary of M&T named Manufacturers & Traders Trust Co., which does business as M&T Bank, issues and/or has issued in the past cards under the names Prepaid Visa RushCard, Baby Phat Prepaid Visa RushCard, and Hilary Duff Visa Gift Card.  M&T denies the remaining allegations of Paragraph 27.

28.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 and, on that basis, denies said allegations.

29.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 and, on that basis, denies said allegations.

<u>COUNT II</u>

<u>INFRINGEMENT OF U.S. PATENT NO. 7,249,099</u>

30.     M&T admits that U.S. Patent No. 7,249,099 ("the '099 Patent"), entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens," states on its face that it issued on July 24, 2007.  M&T admits that what appears to be a copy of the '099 Patent was attached as Exhibit B to the Third Amended Complaint.  Except as expressly

admitted herein, M&T denies the remaining allegations of Paragraph 30.

31.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 and, on that basis, denies said allegations.

32.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 and, on that basis, denies said allegations.

33.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 and, on that basis, denies said allegations.

34.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 and, on that basis, denies said allegations.

35.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 and, on that basis, denies said allegations.

36.     M&T admits that a subsidiary of M&T named Manufacturers & Traders Trust Co., which does business as M&T Bank, issues and/or has issued in the past cards under the names Prepaid Visa RushCard, Baby Phat Prepaid Visa RushCard, and Hilary Duff Visa Gift Card.  M&T denies the remaining allegations of Paragraph 36.

37.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 and, on that basis, denies said allegations.

38.     M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 and, on that basis, denies said allegations.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,177,838

39.     M&T admits that U.S. Patent No. 7,177,838 ("the '838 Patent"), entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens,"

states on its face that it issued on February 13, 2007.  M&T admits that what appears to be a copy of the '838 Patent was attached as Exhibit C to the Third Amended Complaint.  Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 39.

40.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 and, on that basis, denies said allegations.

41.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 and, on that basis, denies said allegations.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,376,621

42.      M&T admits that U.S. Patent No. 7,376,621 ("the '621 Patent"), entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens," states on its face that it issued on May 20, 2008.  M&T admits that what appears to be a copy of the '621 Patent was attached as Exhibit D to the Third Amended Complaint.  Except as expressly admitted herein, M&T denies the remaining allegations of Paragraph 42.

43.      M&T is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 and, on that basis, denies said allegations.

## RESPONSE TO ACTUS'S PRAYER FOR RELIEF

44.      M&T states that Actus's prayer for relief does not require a response.

45.      M&T denies each and every allegation of the Third Amended Complaint not heretofore admitted, alleged, or denied and further denies that Actus is entitled to any relief whatsoever from M&T on the basis of any of the purported claims for relief contained in the Third Amended Complaint.

## RESPONSE TO ACTUS'S JURY DEMAND

46.     M&T does not object to a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

47.     In addition to its responses to Actus's allegations above, M&T asserts the following defenses.  By alleging said matters, M&T does not thereby concede or admit that it bears the burden of proof on any matter or element related to any of the defenses asserted. Furthermore, M&T reserves the right to assert such additional defenses as may be warranted as this action progresses.

## AS AND FOR ITS AFFIRMATIVE AND OTHER DEFENSES HEREIN, M&T ALLEGES AS FOLLOWS:

## FIRST DEFENSE

48.     With respect to each and every purported claim for relief alleged in the Third Amended Complaint, M&T alleges that Actus's claims are barred because M&T has not infringed either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid claim of the '189 or '099 Patents.

## SECOND DEFENSE

49.     With respect to each and every purported claim for relief alleged in the Third Amended Complaint, M&T alleges that Actus's claims are barred, in whole or in part, because the claims of the '189 and '099 Patents are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

## THIRD DEFENSE

50.     With respect to each and every purported claim for relief alleged in the Third Amended Complaint, M&T alleges that Actus is estopped from maintaining claims of patent

infringement of the '189 and '099 Patents that would cover M&T's activity.

**FOURTH DEFENSE**

51.     Upon information and belief, M&T alleges that Actus has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorneys' fees and is not entitled to any such increased damages or attorneys' fees.

**FIFTH DEFENSE**

52.     Upon information and belief, M&T alleges that Actus's claim for injunctive relief is barred due to, *inter alia*, the fact that Actus has an adequate remedy at law and has not shown, and will be unable to show, irreparable harm.

**SIXTH DEFENSE**

53.     With respect to each and every purported claim for relief alleged in the Third Amended Complaint, M&T alleges that Actus's claims and demands for relief are barred by 28 U.S.C. § 1498(a) to the extent that the products accused of infringing the '189 and '099 Patents have been used or manufactured by or for the United States.

**SEVENTH DEFENSE**

54.     M&T reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or equity, that may be available now or that may become available in the future based upon any discovery or further investigation.  These additional defenses may include, but are not limited to, defenses related to validity and enforceability.

**COUNTERCLAIMS OF M&T AGAINST ACTUS**

M&T, for its counterclaims herein, alleges as follows:

## FACTS

55.     M&T is a corporation organized and existing under the laws of New York, with its principal place of business at One M&T Plaza, Buffalo, New York, 14203.

56.     Actus has alleged that it is a Texas limited liability company with its principal place of business at 201 W. Houston, Marshall, Texas 75670.

57.     This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq*.  M&T requests a judicial declaration that (1) it does not infringe any valid claim of the '189 Patent; (2) it does not infringe any valid claim of the '099 Patent; (3) the '189 Patent is invalid; and (4) the '099 Patent is invalid.

58.     Subject to M&T's affirmative defenses and denials, this Court has jurisdiction over the subject matter of this controversy and jurisdiction over the parties under 28 U.S.C. §§ 1331, 1338(a), and 1367.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).  Venue is appropriate because Actus has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

59.     Actus has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNTERCLAIM I

### (Declaratory Judgment of Non-Infringement of the '189 Patent)

60.     M&T incorporates what is set out in paragraphs 55-59 as if fully set forth herein.

61.     Actus purports to be the exclusive licensee of U.S. Patent No. 7,328,189 ("the '189 Patent").

62.     There is an immediate and justiciable controversy between M&T and Actus over

the infringement of the '189 Patent.

63.     M&T is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid claim of the '189 Patent.

64.     M&T is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid claim of the '189 Patent.

65.     Actus has also filed this action without a good faith basis for believing that M&T infringes, making this an exceptional case.  Consequently, Actus is liable for any and all attorneys' fees, expenses, and costs incurred by M&T in connection with this baseless action by Actus.

## COUNTERCLAIM II

### (Declaratory Judgment of Non-Infringement of the '099 Patent)

66.     M&T incorporates what is set out in paragraphs 55-59 as if fully set forth herein.

67.     Actus purports to be the exclusive licensee of U.S. Patent No. 7,249,099 ("the '099 Patent").

68.     There is an immediate and justiciable controversy between M&T and Actus over the infringement of the '099 Patent.

69.     M&T is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid claim of the '099 Patent.

70.     M&T is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid claim of the '099 Patent.

71.     Actus has also filed this action without a good faith basis for believing that M&T infringes, making this an exceptional case.  Consequently, Actus is liable for any and all

attorneys' fees, expenses, and costs incurred by M&T in connection with this baseless action by Actus.

## COUNTERCLAIM III

### (Declaratory Judgment of Invalidity of the '189 Patent)

72.     M&T incorporates what is set out in paragraphs 55-59 as if fully set forth herein.

73.     There is an immediate and justiciable controversy between M&T and Actus over the validity of the '189 Patent.

74.     The claims of the '189 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

75.     M&T is entitled to a declaratory judgment that the claims of the '189 Patent are invalid.

## COUNTERCLAIM IV

### (Declaratory Judgment of Invalidity of the '099 Patent)

76.     M&T incorporates what is set out in paragraphs 55-59 as if fully set forth herein.

77.     There is an immediate and justiciable controversy between M&T and Actus over the validity of the '099 Patent.

78.     The claims of the '099 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

79.     M&T is entitled to a declaratory judgment that the claims of the '099 Patent are invalid.

## **RELIEF**

**WHEREFORE**, M&T prays for judgment as follows:

That Actus's Third Amended Complaint be dismissed in its entirety with prejudice and that Actus take nothing;

For a declaration of non-infringement by M&T and invalidity with respect to the claims of the '189 Patent;

For a declaration of non-infringement by M&T and invalidity with respect to the claims of the '099 Patent;

That, pursuant to 35 U.S.C. § 285, Rule 11 of the Federal Rules of Civil Procedure, and/or other applicable laws, the Court find that Actus's conduct in commencing and pursuing this action renders this an exceptional case and that M&T be awarded its attorneys' fees, expenses, and costs incurred in connection with this action; and

For such other, further, or different relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, M&T hereby demands a trial by jury on all issues so triable.

March 8, 2010                                LYNN TILLOTSON PINKER & COX, LLP

                                             ARNOLD & PORTER LLP


                               By:   /s/ Michael P. Lynn
                                      Michael P. Lynn
                                     Texas Bar No. 12738500
                                     LYNN TILLOTSON PINKER & COX, LLP
                                     2100 Ross Avenue, Suite 2700
                                     Dallas, Texas 75201
                                     Telephone:  (214) 981-3800
                                     Facsimile:  (214) 981-3839
                                     E-mail:  mlynn@lynnllp.com

                                     Joseph A. Micallef (Admitted *pro hac vice*)
                                     ARNOLD & PORTER LLP
                                     555 Twelfth Street, N.W.
                                     Washington, D.C.  20004-1206
                                     Telephone: (202) 942-5000
                                     Facsimile: (202) 942-5999
                                     E-mail: joseph.micallef@aporter.com

                                     ATTORNEYS FOR DEFENDANT M&T
                                     BANK CORP.

13

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email or process server.

/s/ *Michael P. Lynn*