IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC<br><br>                     Plaintiff,<br><br>v.<br><br>BLAZE MOBILE, INC.;<br>CAPITAL ONE FINANCIAL CORP.;<br>ENABLE HOLDINGS, INC.;<br>JAVIEN DIGITAL PAYMENT<br>SOLUTIONS, INC.;<br>META FINANCIAL GROUP, INC.;<br>M&T BANK CORP.;<br>VISA, INC.;<br>WESTERN UNION, FINANCIAL<br>SERVICES, INC.<br><br>                     Defendants. | Civil Action No: 2:09-cv-102 (TJW)<br><br>**ENABLE HOLDINGS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Defendant Enable Holdings, Inc. ("Enable"), for its Answer and Counterclaims to Plaintiff Actus, LLC's Third Amended Complaint (the "Complaint"), states and alleges as follows:

In answering the Complaint, Enable denies each and every allegation of the Complaint, and each paragraph therein, not herein specifically and expressly admitted.

1. Enable admits that Actus brought this action for patent infringement against the Defendants listed in paragraph 1.

## PARTIES

2. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.

3. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4.

5. Regarding the allegations in paragraph 5, Enable denies that its principal place of business is at 8725 W. Higgins Road, Suite 900, Chicago, Illinois 60631.  Enable's principal place of business is 1140 W. Thorndale Avenue, Itasca, Illinois 60143.  Enable admits the remaining allegations in paragraph 5.

6. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.

7. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.

8. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.

9. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.

14. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15. Regarding the allegations in paragraph 15, Enable admits that it is subject to personal jurisdiction in Texas. To the extent that paragraph 15 of the Complaint contains additional factual allegations, Enable denies them.

16. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

18. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18.

19. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,328,189

21. Regarding the allegations in paragraph 21, Enable admits that the U.S. Patent No. 7,328,189 (the "'189 patent") issued on February 5, 2008. Enable is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21.

22. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22.

23. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23.

24. Enable denies the allegations in paragraph 24.

25. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.

26. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.

27. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27.

28. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28.

29. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,249,099

30. Regarding the allegations in paragraph 30, Enable admits that U.S. Patent No. 7,249,099 (the "'099 patent") issued on July 24, 2007.  Enable is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 30.

31. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31.

32. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32.

33. Enable denies the allegations in paragraph 33.

34. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34.

35. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35.

36. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36.

37. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37.

38. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,177,838

39. Regarding the allegations in paragraph 39, Enable admits that U.S. Patent No. 7,177,838 (the "'838 patent") issued on February 13, 2007. Enable is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 39.

40. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40.

41. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,376,621

42. Regarding the allegations in paragraph 42, Enable admits that U.S. Patent No. 7,376,621 (the "'621 patent") issued on May 20, 2008. Enable is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 42.

43. Enable is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43.

## SEPARATE DEFENSES

44. Enable has not infringed and does not infringe directly, jointly, contributorily or by inducement any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

45. Enable has not infringed and does not infringe directly, jointly, contributorily or by inducement any valid and enforceable claim of the '099 patent, either literally or under the doctrine of equivalents.

46. One or more claims of the '189 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including without limitation, §§ 101, 102, 103 or 112.

47. One or more claims of the '099 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including without limitation, §§ 101, 102, 103 or 112.

48. One or more of Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, or waiver.

## COUNTERCLAIMS

For its Counterclaims, Enable alleges as follows:

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Actus and venue is proper in this Court because this is the Court in which Actus initiated this action.

## FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,328,189

3. Enable incorporates by reference each and every allegation contained in the

preceding paragraphs of Enable's Counterclaims.

4. In its Complaint, Actus alleges that Enable infringes the '189 patent. Enable has not infringed and does not infringe directly, jointly, contributorily or by inducement any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

5. An actual and justiciable controversy exists between Actus and Enable as evidenced by Actus' filing of the Complaint alleging infringement of the '189 patent by Enable.

## SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,249,099

6. Enable incorporates by reference each and every allegation contained in the preceding paragraphs of Enable's Counterclaims.

7. In its Complaint, Actus alleges that Enable infringes the '099 patent. Enable has not infringed and does not infringe directly, jointly, contributorily or by inducement any valid and enforceable claim of the '099 patent, either literally or under the doctrine of equivalents.

8. An actual and justiciable controversy exists between Actus and Enable as evidenced by Actus' filing of the Complaint alleging infringement of the '099 patent by Enable.

## THIRD COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,328,189

9. Enable incorporates by reference each and every allegation contained in the preceding paragraphs of Enable's Counterclaims.

10. By its allegations of infringement, Actus has asserted that the claims of the '189 patent are valid.

11. One or more of the claims of the '189 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including without limitation, §§ 101, 102, 103 or

112.

    12.    An actual and justiciable controversy exists between Actus and Enable as evidenced by Actus' filing of the Complaint alleging infringement of the '189 patent by Enable.

## FOURTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,249,099

    13.    Enable incorporates by reference each and every allegation contained in the preceding paragraphs of Enable's Counterclaims.

    14.    By its allegations of infringement, Actus has asserted that the claims of the '099 patent are valid.

    15.    One or more of the claims of the '099 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including without limitation, §§ 101, 102, 103 or 112.

    16.    An actual and justiciable controversy exists between Actus and Enable as evidenced by Actus' filing of the Complaint alleging infringement of the '099 patent by Enable.

## PRAYER FOR RELIEF

WHEREFORE, Enable prays for an order entering judgment as follows:

    A.    Dismissing Plaintiff's Complaint in its entirety, with prejudice;

    B.    Declaring that Enable has not infringed directly, jointly or indirectly by way of inducing or contributing to infringement of any valid or enforceable claim of the '189 patent;

    C.    Declaring that Enable has not infringed directly, jointly or indirectly by way of inducing or contributing to infringement of any valid or enforceable claim of the '099 patent;

D. Declaring each claim of the '189 patent to be invalid;

E. Declaring each claim of the '099 patent to be invalid;

F. Awarding Enable its costs in this matter;

G. Awarding Enable its attorney's fees pursuant to 35 U.S.C. § 285; and

H. Awarding such other and further relief as the Court deems proper and just.

## JURY TRIAL DEMANDED

Enable hereby demands a trial by jury on all issues so triable.

Dated: March 8, 2010

By: /s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

Lora Mitchell Friedemann
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

**ATTORNEYS FOR ENABLE HOLDINGS, INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 8th day of March, 2010.

/s/ Eric H. Findlay
Eric H. Findlay